UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

CASE NO.

ERIC A. KNAPP, On behalf of himself and all others similarly situated,

    Plaintiff,

v.

VGW HOLDINGS LIMITED, VGW MALTA LIMITED, VGW LUCKYLAND INC., VGW GP LIMITED, FIDELITY NATIONAL INFORMATION SERVICES, INC., a Florida Corporation, and WORLDPAY, INC., a Delaware Corporation,

    Defendants.
_____/

**NOTICE OF REMOVAL**

    Defendants VGW Holdings Ltd., VGW Malta Ltd., VGW Luckyland Inc., and VGW GP Ltd. (collectively, the "VGW Group"), with the consent of all other Defendants (Fidelity National Information Services, Inc. and Worldpay, Inc.), pursuant to 28 U.S.C. §§ 1332(d)(2), 1441, 1446, and 1453, specially appear for the purpose of this removal and, preserving all defenses, hereby remove this civil action to the United States District Court for the Middle District of Florida from the Circuit Court of the Eighteenth Judicial Circuit, in and for Seminole County, Florida.

    In support of this Notice of Removal, the VGW Group states as follows:

## I.  OVERVIEW

1. On December 1, 2023, Plaintiff Eric A. Knapp ("Plaintiff") filed this putative class action suit in the Circuit Court of the Eighteenth Judicial Circuit in and for Seminole County, Florida, Case No. 2023CA004075.

2. The VGW Group specializes in the development and publication of online casino-themed social games, including *Luckyland Slots*, *Chumba Casino*, and *Global Poker* (the "Games"). *See* Declaration of Michael Thunder in Support of Removal, dated February 27, 2024 ("Thunder Decl.") ¶ 2.

3. Plaintiff alleges that the VGW Group's Games violate Florida law. Compl. ¶¶ 97-142. Plaintiff seeks to recover, on behalf of himself and a putative class of Florida residents, all amounts that he and all other Florida residents have spent on the Games (*id*. ¶ 100) during the "applicable limitations period" (*id*. ¶ 89 at p. 43).[1]

4. Plaintiff claims that he and the putative class members are entitled to this relief under Chapter 849 of the Florida Statutes (*id*. ¶¶ 97-116) and the Florida Deceptive and Unfair Trade Practices Act, Fla. Stat. § 501.201, *et seq*. (*id*. ¶¶ 117-129). Fla. Stat. § 95.11(3) establishes a four-year statute of limitations period for actions of this nature. Therefore, the "applicable limitations period," as pled by Plaintiff, would be December 1, 2019, to December 1, 2023 (the "Relevant Time Period").

5. Pursuant to § 1446(a), attached is a copy of all process, pleadings, and orders filed in the state court case to date. The VGW Group received copies of the

---

[1] Plaintiff repeats numbers of his paragraphs in the complaint. Where necessary, the VGW Group identifies the page number in which a cited paragraph number, already used elsewhere in the complaint, appears.

summons and complaint on January 29, 2024, at which time they agreed to waive service. No responsive pleadings have been filed in the state court.

6. This removal is timely because the VGW Group filed this notice within 30 days of their receipt of the complaint. *See* 28 U.S.C. § 1446(b)(1).

7. The VGW Group, by counsel, specially appears for the purpose of this removal and reserves all defenses, including, but not limited to, lack of personal jurisdiction. *See Kostelac v. Allianz Global Corp. & Specialty AG,* 517 F. App'x 670, 674 n.6 (11th Cir. 2013) ("The removal of an action from state to federal court does not waive any Rule 12(b) defenses[.]"); *see also* Fed. R. Civ. P. 12(b)(2).

8. A copy of this Notice of Removal will be filed with the Circuit Court of Seminole County and provided to all adverse parties pursuant to 28 U.S.C. § 1446(d).

## II.   JURISDICTION AND VENUE

9. This Court has subject matter jurisdiction over this action pursuant to the Class Action Fairness Act ("CAFA"), 28 U.S.C. § 1332(d)(2). *See infra* ¶¶ 11-15.

10. For purposes of this removal, venue is proper in the Middle District of Florida, Orlando Division, because the state court action was filed in the Circuit Court of Seminole County, Florida. Thus, this Court is "the district court of the United States for the district and division embracing the place where such action is pending." 28 U.S.C. § 1441(a). However, the VGW Group reserves the right to seek dismissal of this action based on the forum selection clauses in their respective terms of service. *See Kostelac,* 517 F. App'x 670, 674 n.6 (11th Cir. 2013) ("The removal of an action from state to federal court does not waive any Rule 12(b) defenses, including seeking a Rule 12(b)(3) dismissal based on a forum-selection clause.").

## III. REMOVAL IS PROPER UNDER THE CAFA

11. Removal of this case is proper under 28 U.S.C. § 1453(b) and 28 U.S.C. § 1332(d)(2). Together, these statutes allow for the removal of any (1) "class action" where (2) minimal diversity exists, (3) there are at least 100 putative class members, and (4) "the matter in controversy exceeds the sum or value of $5,000,000, exclusive of interest and costs." 28 U.S.C. §§ 1332(d)(2), (d)(5). All these requirements are met here.

12. *First*, this action is pled as a putative class action. *See* Compl. ¶¶ 89-96.

13. *Second*, the CAFA's minimal diversity requirement is satisfied. Plaintiff and every member of the putative class is a Florida citizen. *See* Compl. ¶¶ 11, 89 (at p. 43). Defendant VGW Luckyland, Inc. is a Delaware corporation with its principal place of business in Delaware and VGW Malta is a Maltese limited company with its principal place of business in the Republic of Malta. *See* Thunder Decl. ¶¶ 3-4. Therefore, minimal diversity is satisfied under both 28 U.S.C. § 1332(d)(2)(A) and § 1332(d)(2)(C).

14. *Third*, there are at least 100 players in Florida who made a purchase in the VGW Group's Games during the Relevant Time Period. Thunder Decl. ¶ 9(a).

15. *Fourth*, the total amount spent by Florida users of the Games during the Relevant Time Period exceeds $5,000,000. Thunder Decl. ¶ 9(b).

## VI. CONCLUSION

16. Based on the foregoing, removal of this action is proper under 28 U.S.C. §§ 1332(d)(2), 1441, 1446, and 1453. By removing this action to this Court, the VGW

Group reserves and does not waive any defenses, objections, or motions available to them under state or federal law, including any defenses under Fed. R. Civ. P. 12.

WHEREFORE, the VGW Group, with the consent of Defendants Fidelity National Information Services, Inc. and Worldpay, Inc., hereby removes this action from the Circuit Court of Seminole County, Florida, to the United States District Court for the Middle District of Florida, Orlando Division. This Notice has been served on all counsel of record as stated in the attached Certificate of Service.

Dated: February 28, 2024                    Respectfully submitted,

*/s/ T. Todd Pittenger*
T. Todd Pittenger – Lead Counsel
Florida Bar No. 768936
todd.pittenger@gray-robinson.com
Kelly J. H. Garcia
Florida Bar No. 0694851
kelly.garcia@gray-robinson.com
GRAYROBINSON, P.A.
301 East Pine Street, Suite 1400
Orlando, Florida 32801
Tel. (407) 843-8880
Fax. (407) 244-5690

*Attorneys for VGW Holdings Ltd., VGW Malta Ltd., VGW Luckyland Inc., and VGW GP Ltd.*

## **CERTIFICATE OF SERVICE**

I hereby certify that on this 28th day of February 2024, the foregoing document was served on counsel of record for Plaintiff Eric A. Knapp, listed below, via email:

Dennis Wells
Webb & Wells, P.A.
P.O. Box 915432
Longwood, Florida 32779
Tel: (407) 865-5600
Florida Bar No.: 368504
Email: denniswells2@icloud.com

                                                                      */s/ T. Todd Pittenger*
                                                                       T. Todd Pittenger