UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

CASE NO. 6:24-cv-00413-CEM-DCI

ERIC A. KNAPP, On behalf of himself and all
others similarly situated,

      Plaintiff,

v.

VGW HOLDINGS LIMITED, VGW
MALTA LIMITED, VGW LUCKYLAND INC.,
VGW GP LIMITED, FIDELITY NATIONAL
INFORMATION SERVICES, INC., a Florida
Corporation, and WORLDPAY, INC., a Delaware
Corporation,

      Defendants.

_____/

**MOTION TO TRANSFER, IN PART, AND OTHERWISE
<u>DISMISS THE COMPLAINT AS TO THE VGW DEFENDANTS</u>**

Defendants VGW Holdings Ltd. ("VGW Holdings"), VGW Malta Ltd. ("VGW Malta"), VGW Luckyland Inc. ("VGW Luckyland"), and VGW GP Ltd. ("VGW GP") (collectively, "Defendants"), hereby move to (1) transfer the claims against VGW Luckyland to the United States District Court for the District of Delaware, pursuant to 28 U.S.C. § 1404(a); (2) dismiss the claims against VGW Malta and VGW GP pursuant to the doctrine of *forum non conveniens*; and, for the same reasons, (3) transfer and dismiss the claims against VGW Holdings, which are derivative of the claims against VGW Luckyland, VGW Malta, and VGW GP. Alternatively, Defendants move to dismiss the putative class claims and Count I of the complaint pursuant to Rule 12(b)(6).

## **PRELIMINARY STATEMENT**

This is the **seventh** lawsuit that Plaintiff's counsel has filed against Defendants in less than a year, and the second in this District alone. In each case, the plaintiff has speciously claimed that Defendants' online casino-themed social video games are illegal gambling, and that the plaintiff is entitled to recover all money spent by players of the games in a particular state. Some cases have been brought by companies that were formed for the purpose of bringing the lawsuits; others have been brought by players as putative class actions, in violation of the mandatory arbitration agreements and class action waivers in Defendants' terms of service ("Terms"). None have succeeded thus far. In fact, Plaintiff's counsel withdrew the first class action he brought in this District on behalf of an anonymous player, *Doe v. VGW Malta Ltd.*, No. 6:23-cv-01360-WWB-DCI, after Magistrate Judge Irick ordered the plaintiff to identify himself.

Plaintiff's counsel is now back with this case, which is materially identical to *Doe*. The only difference is that this Plaintiff identified himself and claims to have opted out of the arbitration agreements. Regardless of Plaintiff's opt-out of arbitration, he is bound by all other provisions of the Terms, including the mandatory forum selection clauses and class action waivers. As a result, this action cannot proceed in this Court.

**First**, Plaintiff expressly agreed that, if he opted out of arbitration, he would litigate his claims against VGW Luckyland **exclusively in Delaware** and would litigate his claims against VGW Malta and VGW GP **exclusively in Malta**. Plaintiff is bound by the Terms' mandatory forum selection clauses under long-settled Supreme Court and Eleventh Circuit precedent. Indeed, the forum selection clauses are presumptively valid, and Plaintiff cannot meet his heavy burden of showing that "public-interest factors **overwhelmingly** disfavor" holding him to his binding forum selection agreements. *Atl.*

*Marine Constr. Co. v. U.S. Dist. Ct. for the W. Dist. of Tex.*, 571 U.S. 49, 67 (2013) (emphasis added). The Court should therefore transfer the claims against VGW Luckyland to the District of Delaware, pursuant to 28 U.S.C. § 1404(a), and dismiss the claims against VGW Malta and VGW GP pursuant to the doctrine of *forum non conveniens. Id.* at 59-60. And because the claims against VGW Holdings—the ultimate parent company of VGW Luckyland, VGW Malta, and VGW GP—are entirely derivative of the claims against VGW Luckyland, VGW Malta, and VGW GP, the claims against VGW Holdings should be transferred to Delaware or dismissed for the same reasons.

**Second**, even if the Court were to disregard the Terms' mandatory forum selection clauses, Plaintiff's putative class claims should be dismissed because Plaintiff "EXPRESSLY AND UNCONDITIONALLY WAIVED" his right to bring a class action lawsuit against Defendants. Courts in this Circuit routinely enforce class action waivers in litigation and dismiss putative class claims at the pleading stage under Rule 12(b)(6).

**Finally**, if the Court for whatever reason declines to enforce the mandatory forum selection clauses in the Terms, Count I of the complaint—which asserts a purported claim under Chapter 849 of the Florida Statutes—should be dismissed with prejudice pursuant to Rule 12(b)(6) because there is ***no private right of action under Chapter 849***. *See Crawley v. Clear Channel Outdoor, Inc.*, No. 8:10-cv-01238-T-EAK-MAP, 2011 WL 748162, at *2-3 (M.D. Fla. Feb. 24, 2011) ("There fails to exist a statute within Chapter 849 that creates a cause of action and authorizes a particular suit.").

## FACTUAL BACKGROUND

### I.    The Parties

Defendants specialize in the development and publication of free-to-play online casino-themed social games on platforms called *Luckyland Slots*, *Chumba Casino*, and *Global Poker*. *See* Declaration of Michael Thunder in Support of Defendants' Motion to Transfer, In Part, and Dismiss the Complaint ("Thunder Decl.") ¶ 2.[1]

VGW Luckyland owns and operates the *Luckyland Slots* games, which are accessible to users online at www.luckylandslots.com. *Id.* ¶ 3. VGW Luckyland is a Delaware corporation with its principal place of business in Delaware. *Id.*

VGW Malta owns and operates the *Chumba Casino* games, which are accessible to users online at www.chumbacasino.com. *Id.* ¶ 4. VGW Malta is a Maltese limited company with its principal place of business in the Republic of Malta. *Id.*

VGW GP owns and operates the *Global Poker* games, which are accessible to users online at www.globalpoker.com. *Id.* ¶ 5. VGW GP is a Maltese limited company with its principal place of business in the Republic of Malta. *Id.*

VGW Holdings is an Australian limited company headquartered in Australia (*id.* ¶ 2), and is the ultimate parent company of VGW Luckyland, VGW Malta, and VGW GP (*id.* ¶ 6). VGW Holdings does not own or operate any of the games. *Id.* ¶ 6.

Plaintiff is a Florida resident who alleges that he registered accounts with, played, and spent $1,000 on *Luckyland Slots*, *Chumba Casino*, and *Global Poker* between November 17 and 29, 2023. *See* Compl. ¶ 12. Plaintiff alleges that the games are illegal gambling under Florida law. *Id.* ¶¶ 97-116. The games are not gambling, but

---

[1] The Court may consider evidence outside the pleadings, including declarations, in ruling on this motion. *See J.C. Renfroe & Sons, Inc. v. Renfroe Japan Co.*, 515 F. Supp. 2d 1258, 1266 n.6 (M.D. Fla. 2007) ("Courts routinely consider affidavits submitted by the parties in connection with motions to dismiss for *forum non conveniens.*"); *N. Am. Elite Ins. Co. v. Stewart & Stevenson FDDA LLC*, No. 22-CV-21705-RAR, 2023 WL 3863993, at *1 n.2 (S.D. Fla. June 7, 2023) ("A court may consider affidavits when ruling on a motion to transfer venue under section 1404(a).").

that issue is not relevant to this motion. Plaintiff purports to bring claims on behalf of himself and a class of all other Florida residents who made purchases playing *Luckyland Slots*, *Chumba Casino*, and *Global Poker* in the last four years. *Id.* ¶¶ 89-96.

## II. To Play the Games, Users Must Agree to Defendants' Terms, Which Include Arbitration Agreements (Subject to Opt-Out), Mandatory Forum Selection Clauses, and Express and Unconditional Class Action Waivers

Before a user can play any of Defendants' games, Defendants require the user to register an account. *See* Thunder Decl. ¶ 7. As part of the account registration process, a user must affirmatively accept and agree to the Luckyland Slots Terms of Service (the "Luckyland Terms"), the Chumba Casino Terms and Conditions (the "Chumba Terms"), or the Global Poker Terms and Conditions (the "Global Poker Terms") (collectively, the Terms), as applicable. *Id.* Users cannot register or play any of the games unless they affirmatively accept and agree to the Terms. *Id.* ¶ 8, 10-17.

Defendants do not understand Plaintiff to dispute that he agreed to the Terms. In fact, Plaintiff concedes that he accepted and agreed to the Terms but alleges that he opted out of the arbitration clause "in accordance with the Terms." Compl. ¶ 13. Plaintiff purports to attach copies of his opt-out emails to Defendants, in which he invoked his right to opt out of arbitration under Section 23.3 of the Terms. *Id.*, Ex. A. In any event, Plaintiff cannot dispute that he agreed to the Terms. Plaintiff could not have played or made purchases in any of the *Luckyland Slots*, *Chumba Casino*, or *Global Poker* games unless he registered an account on each of those platforms and affirmatively clicked a check box or circle confirming that he agreed to the Terms. *See* Thunder Decl. ¶¶ 8-17.

The Terms are identical in all material respects, except as noted below with respect to the forum designated in the forum selection clauses. *See infra* at 7. The Terms include a clear and conspicuous warning at the very top that states:

> These Terms [] form a binding legal agreement between you and us and apply to your use of any of our Games or our Platform in any way, through any electronic device (web,

mobile, tablet or any other device).

> PLEASE NOTE THAT THESE TERMS [] INCLUDE A PROVISION WAIVING THE RIGHT TO PURSUE ANY CLASS, GROUP OR REPRESENTATIVE CLAIM AND REQUIRING YOU TO PURSUE PAST, PENDING, AND FUTURE DISPUTES BETWEEN YOU AND US THROUGH INDIVIDUAL ARBITRATION UNLESS YOU OPT OUT WITHIN THE SPECIFIED TIME FRAME [30 DAYS FROM ACCEPTANCE OF THE TERMS]. SEE CLAUSE 23 FOR MORE INFORMATION.

Thunder Decl., Exs. A-C at 1.[2]

Section 23 of the Terms, titled "**DISPUTE RESOLUTION AND AGREEMENT TO ARBITRATE ON AN INDIVIDUAL BASIS**," includes an express class action waiver. Thunder Decl., Exs. A-C § 23. The class action waiver appears in its own standalone Section 23.7, titled "**Class Action and Collective Arbitration Waiver**," which states:

> TO THE MAXIMUM EXTENT PERMITTED BY APPLICABLE LAW, NEITHER YOU NOR VGW GROUP SHALL BE ENTITLED: TO CONSOLIDATE, JOIN OR COORDINATE DISPUTES BY OR AGAINST OTHER INDIVIDUALS OR ENTITIES; TO PARTICIPATE IN ANY GROUP, CLASS, COLLECTIVE OR MASS ARBITRATION OR LITIGATION; TO ARBITRATE OR LITIGATE ANY DISPUTE IN A REPRESENTATIVE CAPACITY, INCLUDING AS A REPRESENTATIVE MEMBER OF A CLASS; TO ARBITRATE OR LITIGATE ANY DISPUTE IN A PRIVATE ATTORNEY GENERAL CAPACITY; OR OTHERWISE TO SEEK TO RECOVER LOSSES OR DAMAGES (WHETHER FOR YOURSELF OR OTHERS) INCURRED BY A THIRD PARTY. IN CONNECTION WITH ANY DISPUTE (AS DEFINED ABOVE), ANY AND ALL SUCH RIGHTS ARE HEREBY EXPRESSLY AND UNCONDITIONALLY WAIVED.

*Id.* § 23.7.

The Terms also contain exclusive forum selection and choice of law clauses, in a separate standalone section titled "**Applicable Law and Jurisdiction**." The Luckyland Terms provide that disputes not subject to arbitration shall be governed by Delaware

---

[2] Capitalization and bold emphases in original unless otherwise noted.

law and "will be submitted exclusively to the courts in the State of Delaware":

> 24.14.    These Terms of Service, your use of the Platform and our entire relationship will be governed and interpreted in accordance with the laws of the State of Delaware in the United States, without regard for its choice of conflict of law principles.

> 24.17.    Subject to clause 23, the parties agree that any dispute, controversy or claim arising out of or in connection with these Terms of Service, or the breach, termination or invalidity of these Terms of Service, will be submitted exclusively to the courts in the State of Delaware in the United States, and you and we consent to the venue and personal jurisdiction of those courts.

*Id.*, Ex. A. The Chumba Terms and Global Poker Terms likewise provide that claims not subject to arbitration shall be governed by Delaware law, but they require such claims to be "submitted exclusively to the courts in Malta." *Id.*, Exs. B-C §§ 24.14, 24.17.[3]

## ARGUMENT

**I.    The Court Should Transfer the Claims Against VGW Luckyland to the District of Delaware Pursuant to § 1404(a) and Dismiss the Claims Against VGW Malta and VGW GP on the Ground of *Forum Non Conveniens***

Where the parties' contract contains a forum selection clause pointing to another federal district court, a motion to transfer under 28 U.S.C. § 1404(a)[4] is the "appropriate provision to enforce the forum-selection clause." *Atl. Marine*, 571 U.S. at 62. On the

---

[3] The forum selection clauses are mandatory because they state that disputes "will be submitted ***exclusively*** to the courts in" Delaware (for VGW Luckyland) and Malta (for VGW Malta and VGW GP). *Id.*, Exs. A-C § 24.17 (emphasis added); *see also Global Satellite Commc'n Co. v. Starmill U.K. Ltd.*, 378 F.3d 1269, 1272 (11th Cir. 2004) ("A permissive clause authorizes jurisdiction in a designated forum but does not prohibit litigation elsewhere. A mandatory clause, in contrast, 'dictates an exclusive forum for litigation under the contract.'") (citation omitted).

[4] 28 U.S.C. § 1404(a) ("For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought or to any district or division to which all parties have consented.").

other hand, "the appropriate way to enforce a forum-selection clause pointing to a . . . foreign forum is" a motion to dismiss pursuant to "the doctrine of *forum non conveniens.*" *Id.* at 60. In either case, the analysis is the same. *Id.* at 61 & n.8.

When a motion to transfer or dismiss is based on a valid forum selection clause, courts must employ a modified § 1404(a) analysis in which (1) "the plaintiff's choice of forum merits no weight"; (2) "private interest" factors under § 1404(a) are not considered, and instead are deemed "to weigh entirely in favor of the preselected forum"; and (3) only "public-interest factors" are considered, which, as a "practical result," means "forum-selection clauses should control except in unusual cases." *Id.* at 63-64. Indeed, "an enforceable forum-selection clause carries near-determinative weight" on a motion to transfer or to dismiss for *forum non conveniens. GDG Acquisitions, LLC v. Govt. of Belize*, 749 F.3d 1024, 1028 (11th Cir. 2014).

Here, the Court should transfer the claims against VGW Luckyland to Delaware and dismiss the claims against VGW Malta and VGW GP. The parties agreed that claims by and against VGW Luckyland may **only** be brought in "the courts in the State of Delaware," and claims by and against VGW Malta and VGW GP may **only** be brought in "the courts in Malta." *See supra* at 7. These mandatory forum selection clauses are valid and enforceable, Plaintiff's claims are within their scope, and Plaintiff cannot meet his heavy burden of establishing that transfer or dismissal is unwarranted.

### A.    The Forum Selection Clauses are Valid and Enforceable

"Forum-selection clauses are presumptively valid and enforceable unless the plaintiff makes a 'strong showing' that enforcement would be unfair or unreasonable under the circumstances." *Krenkel v. Kerzner Int'l Hotels Ltd.*, 579 F.3d 1279, 1281 (11th Cir. 2009). Whether to enforce a forum selection clause is determined by federal

law, not state law. *P & S Bus. Machs., Inc. v. Canon USA, Inc.*, 331 F.3d 804, 807 (11th Cir. 2003). "A forum-selection clause will be invalidated when: (1) its formation was induced by fraud or overreaching; (2) the plaintiff would be deprived of its day in court because of inconvenience or unfairness; (3) the chosen law would deprive the plaintiff of a remedy; or (4) enforcement of the clause would contravene public policy." *Krenkel*, 579 F.3d at 1281. "The party attempting to invalidate a forum-selection clause has a heavy burden of proof." *Xena Invs., Ltd. v. Magnum Fund Mgmt. Ltd.*, 726 F.3d 1278, 1284 (11th Cir. 2013) (citation omitted). Plaintiff cannot meet his heavy burden.

***First***, Plaintiff does not allege that he was fraudulently induced into agreeing to the forum selection clauses. Plaintiff may baldly assert in opposition to this motion—as his counsel did in *Doe*—that he was fraudulently induced into agreeing to the Terms (he was not), but that is not a challenge to the forum selection clauses specifically. *See Rucker v. Oasis Legal Fin., L.L.C.*, 632 F.3d 1231, 1236 (11th Cir. 2011) ("[F]or a forum selection clause to be invalidated on the basis of the first factor, fraud or overreaching, a plaintiff must specifically allege that the clause was included in the contract at issue because of fraud. The plaintiffs have never made this allegation here. For that reason, the first factor does not support non-enforcement of the forum selection clause."); *see also Carrigg v. Gen. R.V. Ctr., Inc.*, No. 3:18-cv-654-J-34PDB, 2018 WL 5904447, at *7 (M.D. Fla. Nov. 9, 2018) ("Allegations that the underlying contract was fraudulently induced do not render the forum selection clause unenforceable . . . . Instead, for a party to escape a forum selection clause on the grounds of fraud, he or she must show that the inclusion of the clause in the contract was the product of fraud or coercion.").

The forum selection clauses were also clearly noticed to Plaintiff in a separate standalone section of the Terms (§ 24.17), which independently defeats any claim of fraudulent inducement. *See Krenkel*, 579 F.3d at 1281 (no fraudulent inducement of Bahamian forum selection clause in standard form agreement where clause "was set apart in a separate paragraph, was in legible type in the same font and type size as the surrounding paragraphs, and began with the words 'I agree'"); *see also Aviation One of Fla., Inc. v. Airborne Ins. Consultants (PTY), Ltd.*, 722 F. App'x 870, 884 (11th Cir. 2018) (affirming this Court's enforcement of terms' English forum selection clause, including because there was no fraud or overreaching where "[t]he language of the clause was plain and gave [plaintiff] sufficient notice that he was agreeing to litigate in the English courts any disputes that might arise from the [parties' relationship].").

***Second***, to the extent Plaintiff argues that litigating in Delaware and Malta would effectively deprive him of his day in court because it would somehow be unfair or inconvenient, that argument is foreclosed by *Atlantic Marine*, which bars consideration of such "private interest" factors here. *See Atl. Marine*, 571 U.S. at 64 ("When parties agree to a forum-selection clause, they waive the right to challenge the preselected forum as inconvenient or less convenient for themselves or their witnesses, or for their pursuit of the litigation."); *see also Messmer v. Thor Motor Coach, Inc.*, No. 3:16-cv-1510-J-JBT, 2017 WL 933138, at *3 (M.D. Fla. Feb. 28, 2017) (rejecting plaintiffs' argument that "'trial in the contractual forum, Indiana, will be so gravely difficult and inconvenient that they will for all practical purposes be deprived of their day in court,'" including because "it appears that *Atlantic Marine* precludes this argument").

But even if the Court could "consider these factors after *Atlantic Marine*, '[t]he financial difficulty that a party might have in litigating in the selected forum is not a sufficient ground by itself for refusal to enforce a valid forum selection clause.'" *Aviation One*, 722 F. App'x at 884 (quoting *Rucker*, 632 F.3d at 1237). That Plaintiff agreed to litigate against VGW Luckyland in Delaware and against VGW Malta and VGW GP in Malta is of no moment. *See Arnold v. Everglades Coll., Inc.*, No. 4:20cv247-MW/MAF, 2020 WL 12188682, at *3 (N.D. Fla. Nov. 15, 2020) (rejecting argument that "enforcing the forum-selection clause will result in extreme hardship because of the cost of litigating two separate lawsuits in two different regions" because "financial hardship alone is insufficient to invalidate a forum-selection clause"). Moreover, Plaintiff would not be required to travel to Malta to prosecute his claims. *See* Declaration of Antoine Cremona ("Cremona Decl.") ¶ 20-21[5]; *see also Turner v. Costa Crociere S.p.A.*, 9 F.4th 1341, 1346 (11th Cir. 2021) (plaintiff would not be deprived of his day in court because he could pursue claims in an Italian court without having to personally appear). Plaintiff agreed to litigate exclusively in Delaware and Malta when he accepted the Terms, and he cannot now be heard to complain that litigating in those jurisdictions would be inconvenient. *See Rucker*, 632 F.3d at 1237 ("[A]ny inconvenience the plaintiffs would suffer by being forced to litigate in Illinois was foreseeable at the time of contracting.").

---

[5] Mr. Cremona is a Maltese lawyer who has been practicing in Malta for over 20 years and regularly represents clients in Malta's courts. This Court can and should consider Mr. Cremona's declaration as to Malta's judicial procedure and the adequacy of Malta's courts to hear Plaintiff's claims against VGW Malta and VGW GP. *See, e.g., Satz v. McDonnell Douglas Corp.*, 244 F.3d 1279, 1282-83 (11th Cir. 2001) (affidavit by Argentine professor that Argentina would be an adequate alternative forum provided adequate support in the record for that determination); *Proyectos Orchimex de Costa Rica, S.A. v. E.I. du Pont de Nemours & Co.*, 896 F. Supp. 1197, 1201 (M.D. Fla. 1995) (considering affidavits submitted by Costa Rican lawyers concerning Costa Rican law).

***Third***, enforcing the forum selection clauses will not deprive Plaintiff of a remedy, as he is free to pursue his claims in Delaware and Malta. The Terms all contain the same Delaware choice of law clause. Thus, regardless of whether this action is litigated in Florida or in Delaware and Malta, the court must apply Delaware law. *See Rucker*, 632 F.3d at 1237 (enforcing Illinois forum selection clause would not deprive plaintiff of a remedy because contract contained Alabama choice of law clause, and, therefore, "[r]egardless of whether this action is litigated in a courthouse in Illinois or Alabama, the court will apply Alabama law."); *see also* Cremona Decl. ¶ 18 (Malta courts can apply Delaware law). "In other words, the remedy will be determined under the same set of rules no matter where this case is heard." *Rucker*, 632 F.3d at 1237.

Plaintiff does not and cannot show that he would be deprived of a remedy under Delaware law, which the parties agreed exclusively applies regardless of venue. Plaintiff has asserted claims for, among other things, violation of the Florida Deceptive and Unfair Trade Practices Act ("FDUTPA"), civil conspiracy, and violation of Chapter 849 of the Florida Statutes (for which there is no private right of action (*see infra* at 21-22)). *See* Compl. ¶¶ 97-129, 143-155. Delaware likewise has a Deceptive Trade Practices Act, 6 *Del. C.* § 2532, and recognizes claims for civil conspiracy, *Allied Capital Corp. v. GC-Sun Holdings, L.P.*, 910 A.2d 1020, 1036 (Del. Ch. 2006).

Even if "the causes of action and remedies" under Delaware law "are different and may be less favorable to" Plaintiff than under Florida law (and Plaintiff has not shown that they are), Plaintiff "would not be entirely precluded from bringing" his claims, in some form or another, in a Delaware or Malta court under Delaware law. *Woods v. Christensen Shipyards, Ltd.*, No. 04-61432-CIV, 2005 WL 5654643, at *10

(S.D. Fla. Sept. 23, 2005). The Eleventh Circuit has held that it will not invalidate forum selection clauses "simply because the remedies available in the contractually chosen forum are less favorable than those available in the" court in which the plaintiff sued. *Lipcon v. Underwriters at Lloyd's, London*, 148 F.3d 1285, 1297 (11th Cir. 1998). "Instead, [courts should] declare unenforceable choice clauses only when the remedies available in the chosen forum are so inadequate that enforcement would be fundamentally unfair." *Id.* A forum is considered adequate if it "provides for litigation of the subject matter of the dispute and potentially offers redress for plaintiffs' injuries." *King v. Cessna Aircraft Co.*, 562 F.3d 1374, 1382 (11th Cir. 2009). That is plainly the case here, as the Delaware court and Malta court will apply Delaware law, which provides a remedy if Plaintiff can prove his claims. Thus, Delaware law "is not fundamentally unfair and will not deprive Plaintiff[] of a remedy, and therefore does not make the forum selection clause[s] unenforceable." *Woods*, 2005 WL 5654643, at *10.

**Finally**, Plaintiff does not allege that enforcement of the forum selection clauses would violate Florida public policy. Because "[p]ublic policy is an amorphous concept," the Eleventh Circuit has held that "the delicate and undefined power of courts to declare a contract void as contravening public policy should be exercised with great caution, and only in cases free from substantial doubt." *Davis v. Oasis Legal Fin. Operating Co.*, 936 F.3d 1174, 1178 (11th Cir. 2019). Plaintiff may argue—as his counsel did in *Doe*—that the Terms are void gambling contracts under Florida law, and therefore the forum selection clauses are void as against public policy. But "[a] forum selection clause is viewed as a separate contract that is severable from the agreement in which it is contained," and therefore Plaintiff cannot avoid the forum selection

clauses by arguing that the Terms are "void as illegal gambling contracts." *Rucker*, 632 F.3d at 1238. To the extent Plaintiff relies on *Davis*, that case is distinguishable because, there, the forum selection clause attempted to force Georgia borrowers to litigate against their payday lenders exclusively in Illinois, in violation of a Georgia statute that ***expressly prohibited*** payday lenders from using "forum selection clauses contained in payday loan documents in order to avoid the courts of the State of Georgia." 936 F.3d at 1179. There is no similar Florida statute applicable here that expressly bars operators of online video games from designating other jurisdictions as the exclusive venue for disputes with their customers who choose to play the games.

**B.    Plaintiff's Claims Are Covered by the Forum Selection Clauses**

Plaintiff and VGW Luckyland agreed in the Luckyland Terms that "***any dispute, controversy or claim arising out of or in connection with these Terms*** [], or the breach, termination or invalidity of these Terms [], will be submitted exclusively to the courts in the State of Delaware." Thunder Decl., Ex. A § 24.17 (emphasis added). Plaintiff, VGW Malta, and VGW GP likewise agreed in the Chumba and Global Poker Terms that "***any dispute, controversy or claim arising out of or in connection with these Terms*** [], or the breach, termination or invalidity of these Terms [], will be submitted exclusively to the courts in Malta." *Id.*, Exs. B-C § 24.17 (emphasis added).

Courts in the Eleventh Circuit have repeatedly held that a forum selection clause covering all claims "arising out of" or "in connection with" an agreement is sufficiently broad "to encompass contract, tort and statutory claims arising directly or indirectly from the business relationship evidenced by the contract." *Blue Ocean Corals, LLC v. Phoenix Kiosk, Inc.*, No. 14-CIV-61550, 2014 WL 4681006, at *8 (S.D. Fla. Sept. 19, 2014) (statutory tort claims, including FDUTPA claim, were within the scope of forum

selection clause in terms of service that covered "any action arising out of or relating to [these terms]"); *see also Stewart Org., Inc. v. Ricoh Corp.*, 810 F.2d 1066, 1070 (11th Cir. 1987) ("The contract refers to any 'case or controversy arising under or in connection with this Agreement.' This includes all causes of action arising directly or indirectly from the business relationship evidenced by the contract."); *Vernon v. Stabach*, No. 13-62378-CIV, 2014 WL 1806861, at *4-5 (S.D. Fla. May 7, 2014) (statutory and tort claims were within scope of forum selection clause covering "[a]ny suit . . . arising out of or in connection with" agreements because "the wrongs underlying each of [plaintiffs'] claims would not exist but for the relationship established by the customer agreements"); *Davis v. Avvo, Inc.*, No. 8:10-cv-2352-T-27TBM, 2011 WL 4063282, at *5 (M.D. Fla. Sept. 13, 2011) (rejecting argument that FDUTPA claims were outside scope of terms' forum selection clause, "which applies to 'any action at law or in equity arising out of or relating to the Site or these Site Terms,'" because "all of [plaintiff's] claims relate to the operation and content of [defendant's] website").

Here, Plaintiff's claims are within the scope of the forum selection clauses because they "arise out of" and are "in connection with the[] Terms," including the alleged "invalidity of the[] Terms." Plaintiff alleges that Defendants' games are illegal gambling and that he and everyone else in Florida who spent money playing the games is entitled to a refund because the Terms are "contracts for gambling transactions [and] are void and of no effect" under Florida law. Compl. ¶ 99. Moreover, Plaintiff's claims all concern the operation and content of Plaintiff's games, access to which is governed by the Terms, and Plaintiff's claims all "aris[e] directly or indirectly from the business relationship evidenced by the [Terms]." *Blue Ocean Corals*, 2014 WL 4681006, at *8.

Indeed, "the [alleged] wrongs underlying each of [Plaintiff's] claims would not exist but for the relationship established by the [Terms]." *Vernon*, 2014 WL 1806861, at *5.

**C.    Plaintiff Cannot Show that Public Interest Factors Overwhelmingly Disfavor Enforcement of the Mandatory Forum Selection Clauses**

Finally, the public interest factors under § 1404(a)—which are the ***only*** factors the Court may consider—are "[1] the administrative difficulties flowing from court congestion; [2] the local interest in having localized controversies decided at home; and [3] the interest in having the trial of a diversity case in a forum that is at home with the law." *Atl. Marine*, 571 U.S. at 581 n.6; *see also Pappas v. Kerzner Int'l Bah. Ltd.*, 585 F. App'x 962, 967 (11th Cir. 2014). "As the party acting in violation of the forum-selection clause," Plaintiff bears "the burden of showing that public-interest factors overwhelmingly disfavor a transfer." *Atl. Marine*, 571 U.S. at 67. He cannot do so.

***First***, "the Middle District of Florida is one of the busiest districts in the United States, and therefore, it is unlikely that Plaintiff would face any more congestion in [Delaware or Malta] than [he] does here." *Aviation One of Fla., Inc. v. Clyde & Co., LLP*, 6:13-cv-1243-Orl-41DAB, 2016 WL 4494459, at *6 (M.D. Fla. Aug. 26, 2016) (Mendoza, J.); *see also* Cremona Decl. ¶ 19 (civil cases "are dealt with quite efficiently" in Malta's courts). In fact, "[t]he Orlando Division of the Middle District of Florida is currently operating in a Judicial Emergency due to a judicial vacancy and the number of cases in the division," and therefore "civil cases, and especially newly filed civil cases, will be the Court's lowest priority unless emergency issues are presented." ECF No. 8. This is a civil case that was removed to this Court on February 28, 2024, and it presents no emergency issues. Thus, the first public interest factor favors Defendants.

**Second**, this case is not a localized controversy that must be litigated in Florida. The events at issue—Plaintiff's purchases of virtual coins while playing Defendants' online games—all "occurred online, which would suggest that no particular access to evidence is located in Florida." *Bachstein v. Discord, Inc.*, 424 F. Supp. 3d 1154, 1160 (M.D. Fla. 2019) (Mendoza, J.). Moreover, none of the Defendants has any ties to Florida: VGW Luckyland is a Delaware company with its principal place of business in Delaware; VGW Malta and VGW GP are Maltese companies headquartered in Malta; and VGW Holdings is an Australian company headquartered in Australia. *See Hindi v. BirdEye, Inc.*, No. 19-cv-61201-BLOOM/Valle, 2019 WL 4091425, at *9 (S.D. Fla. Aug. 29, 2019) (consumer class action was "not a localized controversy" where, *inter alia*, defendant was a Delaware company headquartered in California and the terms of service contained exclusive California choice-of-law clause); *Clyde & Co.,* 2016 WL 4494459, at *6 (M.D. Fla. Aug. 26, 2016) ("[T]he subject-matter of this dispute is an international business transaction with minimal ties to Florida. It is not a localized controversy.") (Mendoza, J.). Thus, the second public interest factor favors Defendants.

**Third**, the federal court in Delaware—which is the exclusive forum for claims against VGW Luckyland—will be more familiar with Delaware law than this Court. *See Bachstein*, 424 F. Supp. 3d at 1160 (transferring to California because, *inter alia*, "California courts will also be more familiar with California law governing the state law claims in this case"); *see also United States v. Cincinnati Ins. Co.*, No. 6:20-cv-2360-CEM-GJK, 2022 WL 1801193, at *5 (M.D. Fla. Mar. 25, 2022) (transferring to Virginia where choice-of-law clause provided for Virginia law). And "[t]here is no reason to think the [Maltese] courts will be unable to discern and fairly apply" Delaware law. *Don't Look*

*Media LLC v. Fly Victor Ltd.*, 999 F.3d 1284, 1299 (11th Cir. 2021). In fact, Maltese courts often deal with cases governed by the laws of other countries, including U.S. state law, and are perfectly capable of applying Delaware law. *See* Cremona Decl. ¶ 18. Thus, the third factor also favors Defendants. At a minimum, this factor favors transfer for VGW Luckyland and is neutral as to dismissal of VGW Malta and VGW GP.

Because Plaintiff cannot show that the public interest factors under § 1404(a) "***overwhelmingly*** disfavor" transfer and dismissal, the Court should transfer the claims against VGW Luckyland to Delaware and dismiss the claims against VGW Malta and VGW GP on the ground of *forum non conveniens. Atl. Marine*, 571 U.S. at 67.[6]

## II.    Alternatively, Plaintiff's Putative Class Action Claims Must Be Dismissed

Even if the Court were to disregard the Terms' mandatory forum selection clauses, the Court should dismiss Plaintiff's putative class action claims pursuant to Rule 12(b)(6) because Plaintiff expressly and unconditionally waived his purported right to bring a class action. *See DeLuca v. Royal Caribbean Cruises, Ltd.*, 244 F. Supp. 3d 1342, 1345 (S.D. Fla. 2017) ("The enforceability of a procedural device, like a class action waiver, should be resolved at this stage of the litigation by way of a motion to dismiss."); *see also Román v. Spirit Airlines, Inc.*, 482 F. Supp. 3d 1304, 1315 (S.D.

---

[6] Plaintiff also has asserted identical derivative claims against VGW Holdings. There are no independent claims against VGW Holdings. Therefore, the Court should transfer the claims against VGW Holdings to Delaware to the extent they are derivative of the claims against VGW Luckyland, and dismiss the claims against VGW Holdings to the extent they are derivative of the claims against VGW Malta and VGW GP. *See Rosemont Hotels, Inc. v. Barton Malow Co.*, No. 6:23-cv-1073-CEM-RMN, 2024 WL 416499, at *3 (M.D. Fla. Jan. 9, 2024) (noting it would be appropriate to transfer the claims against a defendant that, although not a party to the forum selection clause, was only sued on a secondary theory of liability and the claims against the primary defendants were being transferred pursuant to the forum selection clause) (Mendoza, J.).

Fla. 2020) ("[V]arious courts have held that the enforceability of a class action waiver should be resolved by way of a motion to dismiss and before discovery begins.").

### A.    Class Action Waivers are Enforceable in Litigation

Courts in the Eleventh Circuit have repeatedly held that class action waivers are enforceable in litigation. *See*, *e.g.*, *DeLuca*, 244 F. Supp. 3d at 1348-49 ("[C]lass action waivers are enforceable outside the context of consumer arbitration."); *McIntosh v. Royal Caribbean Cruises, Ltd.*, No. 17-cv-23575-KING-TORRES, 2018 WL 1732177, at *3 (S.D. Fla. Apr. 10, 2018) (same); *Román*, 482 F. Supp. 3d at 1315 (dismissing class claims in litigation pursuant to class action waiver in airline's terms and conditions); *Figueredo-Chavez v. RCI Hospitality Holdings, Inc.*, No. 1:21-cv-21733-KMM, 2022 WL 457848, at *5 (S.D. Fla. Jan. 6, 2022) (enforcing class action waiver where the "plain language" evidenced parties' intent that class action waiver would apply in litigation, not just arbitration); *Martins v. Flowers Foods, Inc.*, 463 F. Supp. 3d 1290, 1300-01 (M.D. Fla. 2020) (class action waiver enforceable outside the context of arbitration), *rev'd on other grounds*, 852 Fed. Appx. 519 (11th Cir. 2021); *Palmer v. Convergys Corp.*, No. 7:10-cv-145 (HL), 2012 WL 425256, at *3 (M.D. Ga. Feb. 9, 2012) ("[T]hese waivers are not limited to the context of arbitration, which would unreasonably restrict parties from the freedom to contract in non-arbitration settings. Thus, the non-arbitration setting in this case does not automatically invalidate the class action waiver.").

### B.    Plaintiff Expressly and Unconditionally Waived His Purported Right to Bring a Class Action Lawsuit in All Three Sets of Terms

Plaintiff "EXPRESSLY AND UNCONDITIONALLY WAIVED" his purported right "TO PARTICIPATE IN ANY . . . CLASS . . . ARBITRATION *OR LITIGATION*; TO ARBITRATE *OR LITIGATE* ANY DISPUTE IN A REPRESENTATIVE CAPACITY,

INCLUDING AS A REPRESENTATIVE MEMBER OF A CLASS; . . . OR OTHERWISE TO SEEK TO RECOVER LOSSES OR DAMAGES (WHETHER FOR YOURSELF OR OTHERS) INCURRED BY A THIRD PARTY." Thunder Decl., Exs. A-C § 23.7 (bold and italics added). Plaintiff agreed to this waiver not once, not twice, but **three times**— in the Luckyland Slots Terms, the Chumba Terms, and the Global Poker Terms. *Id.*

Because Plaintiff "EXPRESSLY AND UNCONDITIONALLY WAIVED" his purported right to bring a class action lawsuit, the putative class claims against Defendants should be dismissed with prejudice pursuant to Rule 12(b)(6).

### C. Plaintiff's Expected Rejoinder is Without Merit

Plaintiff may try to argue—as his counsel did in *Doe*—that the class action waivers to which he repeatedly agreed are unenforceable because they would deprive him of the ability to enforce his substantive rights. Plaintiff would be wrong.

"Class action waivers have been called 'litigation devices,' more closely aligned with venue than with any substantive right." *Palmer*, 2012 WL 425256, at *3 (citing *Caley v. Gulfstream Aerospace Corp.*, 428 F.3d 1359, 1378 (11th Cir. 2005)). Indeed, that is why "class action waivers are upheld"—"because they are contractual provisions that do not affect any substantive rights." *Palmer*, 2012 WL 425256, at *2 (citing *Jenkins v. First Am. Cash Advance of Ga., LLC*, 400 F.3d 868, 878 (11th Cir. 2005)); *Delano v. Mastec, Inc.*, No. 8:10-CV-320-T-27MAP, 2010 WL 4809081, at *3 (M.D. Fla. Nov. 18, 2010) (enforcing class action waiver where waiver did not prevent parties from vindicating substantive rights). "As a litigation device, class action waivers are proper tools to be used by parties in contracting and bargaining." *Palmer*, 2012 WL 425256, at *3 ("Class action waivers, like many other contractual terms, are proper subjects for contractual bargaining because there is no substantive right associated with class

action litigation."). "The court must leave the decision about allowing or forbidding participation in class action litigation in the hands of the contracting parties." *Id.*

The class action waiver—to which Plaintiff agreed three times—does not affect Plaintiff's substantive rights in any way; indeed, Plaintiff is free to pursue his claims on an individual basis. *See Jenkins*, 400 F.3d at 878 (class action waiver was not void as against public policy because it did not prevent "[plaintiff] and other consumers" from "vindicat[ing] all of their substantive rights"); *Delano*, 2010 WL 4809081, at *3 (same).

### III.    Alternatively, Plaintiff's Claim Under Fla. Stat. § 849 Should Be Dismissed

Count I of the complaint purports to assert a claim against Defendants for alleged violation of Chapter 849 of the Florida Statutes. *See* Compl. ¶¶ 97-116. ***But there is no private right of action under any of the statutes in Chapter 849***, as Judge Kovachevich of this District held in *Crawley*. There, plaintiffs who had lost money gambling at Seminole Indian Tribe casinos in Florida claimed they were entitled to recover their losses under Fla. Stat. §§ 849.29 and 849.34. 2011 WL 748162 at *1.

The court dismissed the claims with prejudice because there is no private right of action under Chapter 849:

> There fails to exist a statute within Chapter 849 that creates a cause of action and authorizes a particular suit. The reason for this is that the statute that had previously authorized such suits has been repealed by the Florida Legislature. *See* 1974 Fla. Laws 1219, Ch. 74–382 (repealing §§ 849.27 and 849.28). Previously, § 849.27 authorized suit and gave rise to a cause of action. *See* § 849.27, Fla. Stat. (1973) (repealed 1974). Upon the repeal of § 849.27, the authorized cause of action vanished. *See Bureau of Crimes Comp. v. Williams*, 405 So.2d 747, 748 (Fla. 2d DCA 1981) ("[W]hen the legislature repeals a statute, the right or remedy created by the statute falls with it."). Section 849.27 was the basis for any recovery as it set forth what suits were authorized and what items could be recovered. Furthermore, § 849.29 does not take § 849.27's

place. Section 849.29 states who can be liable under a cause of action authorized by § 849.27. Section § 849.29 states only that authorized actions are permitted, and the authorizing statute, § 849.27, has been repealed. This explains the difficulty in understanding § 849.29 standing alone, as the statutes with which it should be read in conjunction no longer exist. This situation further explains why there are no published or unpublished decisions relative to § 849.29. Thus, the statute giving rise to a cause of action has been repealed, and as such, plaintiffs cannot pursue their claims because they are no longer authorized under Florida law.

\*    \*    \*

To ignore the express language of § 849.29 would violate the principles of statutory construction. Plaintiffs would have this Court ignore the carefully chosen wording selected by the Florida Legislature, which limits the plaintiffs' cause of action to items and suits authorized under the statute. If the Florida Legislature intended that a cause of action were to remain upon the repeal of §§ 849.27 and 849.28, it could have expressly stated so. *See e.g., Hap v. Toll Jupiter Ltd. P'ship*, No.07-81027-CIV, 2009 WL 187938, at \*1 (S.D. Fla. Jan 28, 2009) ("Under Florida law, when a statute that provided for a purely statutory right is repealed without reenactment the statute is treated as if it never existed."). Sections 849.29 and 849.34, standing alone, only provide procedural guidance.

*Id.* at \*3. Therefore, Count I should be dismissed pursuant to Rule 12(b)(6).

## CONCLUSION

For the reasons set forth above, the Court should (1) transfer the claims against VGW Luckyland—and the derivative claims against VGW Holdings—to the District of Delaware pursuant to 28 U.S.C. § 1404(a), and (2) dismiss the claims against VGW Malta and VGW GP—and the derivative claims against VGW Holdings—pursuant to the doctrine of *forum non conveniens*; or, in the alternative, (3) dismiss Plaintiff's putative class claims and/or Count I of the complaint pursuant to Rule 12(b)(6).

22

## **LOCAL RULE 3.01(G) CERTIFICATION**

Counsel for Defendants conferred with opposing counsel via telephone, but the parties were unable to reach agreement, and Plaintiff opposes this motion.

Dated: March 29, 2024                                    Respectfully submitted,


OF COUNSEL:                                    /s/ T. Todd Pittenger
                                               T. Todd Pittenger – Lead Counsel
                                               Florida Bar No. 768936
Behnam Dayanim (*pro hac vice* pending)        todd.pittenger@gray-robinson.com
bdayanim@orrick.com                            Kelly J. H. Garcia
ORRICK, HERRINGTON & SUTCLIFFE LLP             Florida Bar No. 0694851
2100 Pennsylvania Avenue, N.W.                 kelly.garcia@gray-robinson.com
Washington, D.C. 20037                         GRAYROBINSON, P.A.
Tel.: (202) 339-8613                           301 East Pine Street, Suite 1400
                                               Orlando, Florida 32801
Gregory D. Beaman (*pro hac vice* pending)     Tel.: (407) 843-8880
gbeaman@orrick.com                             Fax: (407) 244-5690
ORRICK, HERRINGTON & SUTCLIFFE LLP
51 West 52nd Street                            *Attorneys for Defendants VGW Holdings*
New York, NY 10019-6142                        *Ltd., VGW Luckyland, Inc., VGW Malta*
Tel.: (212) 506-5000                           *Ltd., and VGW GP Ltd.*

## **CERTIFICATE OF SERVICE**

I hereby certify that on this 29th day of March 2024, the foregoing document was served on counsel of record for Plaintiff Eric A. Knapp, listed below, via the Court's CM/ECF system, and by email and certified mail:

Dennis Wells
Webb & Wells, P.A.
P.O. Box 915432
Longwood, Florida 32779
Tel: (407) 865-5600
Florida Bar No.: 368504
Email: denniswells2@icloud.com

*Counsel for Plaintiff Eric A. Knapp*

*/s/ T. Todd Pittenger*
T. Todd Pittenger