UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

CASE NO. 6:24-cv-00413-CEM-DCI

ERIC A. KNAPP, On behalf of himself and all others similarly situated,

    Plaintiff,

v.

VGW HOLDINGS LIMITED, VGW MALTA LIMITED, VGW LUCKYLAND INC., VGW GP LIMITED, FIDELITY NATIONAL INFORMATION SERVICES, INC., a Florida Corporation, and WORLDPAY, INC., a Delaware Corporation,

    Defendants.
_____/

## VGW DEFENDANTS' OPPOSITION TO PLAINTIFF'S MOTION TO REMAND

Defendants VGW Holdings Ltd. ("VGW Holdings"), VGW Malta Ltd. ("VGW Malta"), VGW Luckyland Inc. ("VGW Luckyland"), and VGW GP Ltd. ("VGW GP") (collectively, "VGW"), hereby oppose Plaintiff's Motion to Remand [Doc. 18] ("Motion").

## PRELIMINARY STATEMENT

Plaintiff's motion to remand should be denied. This Court has subject matter jurisdiction over this putative class action under the Class Action Fairness Act ("CAFA"), 28 U.S.C. § 1332(d)(2), because (1) Plaintiff seeks to certify a class of more than 100 Florida residents who spent money playing VGW's online casino-themed social games; (2) minimal diversity exists; and (3) the amount in controversy exceeds $5 million, exclusive of interest and costs. Indeed, applying the plain language of the CAFA, it is incontrovertible that subject matter jurisdiction exists here. Even if there were any doubt

(there is not), the "CAFA's language favors federal jurisdiction over class actions," and "all doubts" are to be "resolved 'in favor of exercising jurisdiction over the case.'" *Evans v. Walter Indus., Inc.*, 449 F.3d 1159, 1163 (11th Cir. 2006). Plaintiff's motion misunderstands the "local controversy" and "home state" exceptions to CAFA jurisdiction, mischaracterizes the allegations and relief sought in Plaintiff's complaint, and misapplies the law. Because VGW has the right to proceed in federal court, remand is inappropriate. *See Pretka v. Kolter City Plaza II, Inc.*, 608 F.3d 744, 766 (11th Cir. 2010).

## PERTINENT BACKGROUND

Plaintiff's complaint alleges that VGW offers online casino-themed social video games on platforms called *Luckyland Slots*, *Chumba Casino* and *Global Poker*. Doc. 1-2 ("Compl.") ¶ 17. Plaintiff alleges that users are given an initial free allotment of virtual coins—which cannot be redeemed for real money—to play the games (*id.* ¶ 24), but users inevitably purchase more virtual coins because it is "difficult" to play the games "without purchasing" more coins (*id.* ¶ 26). That is untrue, but not relevant to this motion.

The complaint alleges that VGW's games violate Florida law (Compl. ¶¶ 97-129), including the anti-gambling laws codified at Chapter 849 of the Florida Statutes (*Id.* ¶¶ 97-116). Plaintiff seeks to certify a class of all Florida residents who allegedly "suffered losses of money on Chumba Casino, Global Poker, or LuckyLand Slots during the applicable limitations period, and whose losses were processed by and transmitted to VGW by FIS [Defendant Fidelity National Information Services, Inc.]." *Id.* ¶ 89 at p. 43. Plaintiff falsely alleges that FIS, through its defunct subsidiary, Worldpay, Inc. ("Worldpay"), acted as VGW's payment processor at all relevant times. *Id.* ¶ 16. That allegation is false, as demonstrated by the submissions of FIS filed this same date.

The limitations period for Plaintiff's putative claims under Chapter 849 of the Florida Statutes is four years. *See* Fla. Stat. § 95.11(3) (establishing four-year statute of limitations for actions of this nature). The complaint seeks a "refund or return" of all "funds" VGW "received" from Florida residents over the last four years "in order to reimburse Plaintiff and the Class for their losses." Compl. ¶ 100; *see also id.* ¶ 109 (alleging Plaintiff and other Florida residents "suffered losses or damages" in the form of the "money" they "expended" to "purchase" or "obtain" more virtual coins).

On February 28, 2024, VGW removed this action from the Florida state court to this Court, with the consent of all other defendants: FIS and its defunct affiliate Worldpay. *See* Notice of Removal [Doc. 1]. Plaintiff moved to remand on March 29, 2024.

## **LEGAL STANDARD**

"Where, as here, the plaintiff has not pled a specific amount of damages, the removing defendant must prove by a preponderance of the evidence that the amount in controversy exceeds the jurisdictional requirement." *Pretka*, 608 F.3d at 752. If the amount in controversy "is not facially apparent from the complaint" (*id.* at 754), a defendant "may introduce [its] own affidavits, declarations, or other documentation" to establish the amount in controversy (*id.* at 755); *id.* at 756 (CAFA amount in controversy satisfied where "complaint seeks a refund of all of the plaintiffs' deposits, and the [defendant's] declaration by itself establishes that the plaintiffs have deposited more than" $5 million). As the Eleventh Circuit reiterated in *Pretka*, the defendant may submit additional evidence in response to a motion to remand, to rebut the plaintiff's arguments and establish that the jurisdictional elements for removal are satisfied. *Id.* at 773-74.

## ARGUMENT

**I.     This Court Has Subject Matter Jurisdiction Over This Putative Class Action Pursuant to the CAFA Because There is Minimal Diversity, the Amount in Controversy Exceeds $5 Million, and the CAFA Exceptions Do Not Apply**

Under the CAFA, this Court has "original jurisdiction" over any putative class action in which (1) there are at least 100 putative class members; (2) any member of the putative class is a citizen of a state different from ***any*** defendant; and (3) the amount in controversy exceeds $5,000,000, exclusive of interest and costs. *See* 28 U.S.C. §§ 1332(d)(2), (d)(5); *see also S. Fla. Wellness, Inc. v. Allstate Ins. Co.*, 745 F.3d 1312, 1315 (11th Cir. 2014).

VGW submitted with its notice of removal a declaration from its General Counsel, Michael Thunder, who testified that (1) VGW Luckyland is a Delaware corporation with its principal place of business in Delaware; (2) VGW Malta and VGW GP are Maltese limited companies with their principal places of business in Malta; (3) VGW Holdings is a limited company incorporated and headquartered in Australia; (4) there were "more than 100 Florida users who made a purchase in the VGW Group's Games" in the four years preceding the filing of the complaint (the "Relevant Time Period"); and (5) "[t]he total amount of purchases by all Florida users of the VGW Group's Games during the Relevant Time Period exceeds $5,000,000." Declaration of Michael Thunder in Support of Removal [Doc. 1-1] ("Thunder Decl.") ¶¶ 2-5, 9. Therefore, the elements of CAFA jurisdiction are plainly satisfied. Plaintiff's arguments to the contrary are all without merit.

### A.     The Amount in Controversy Exceeds $5,000,000

Plaintiff first argues that VGW has not met its burden under the CAFA that the amount in controversy exceeds $5 million because Mr. Thunder's declaration states that in-game ***purchases*** by Florida users during the Relevant Time Period exceed $5 million, whereas the complaint seeks recovery of "losses," not "purchases." Motion at 6.

Plaintiff is playing semantics and mischaracterizing his own complaint. The complaint expressly alleges that "**all** of VGW's gambling operations, agreements, and the **funds it has received from Plaintiff and the Class** are void and **subject to disgorgement, refund or return** to Plaintiff and the Class in order to reimburse Plaintiff and the Class for their losses." Compl. ¶ 100 (emphasis added). The complaint also makes clear that the alleged "losses or damages" that Plaintiff seeks to recover are the "**money**" that Plaintiff and all other Florida residents "**expended**" to "**purchase[]**" or "**obtain coins**" for use in VGW's games. *Id.* ¶ 109 (emphases added); *see also id.* ¶ 116 (requesting "disgorgement or return from VGW and FIS to Plaintiff and the Class all monies lost by Plaintiff and the Class to VGW"); *id.* ¶ 103 (seeking "disgorgement and return of all gambling or gaming losses suffered by Plaintiff and the Class because any such gambling agreements with VGW are void"). Thus, it is crystal clear from Plaintiff's complaint that he seeks to recover all amounts that he and everyone else in Florida spent to purchase virtual coins in VGW's games during the Relevant Time Period. That amount exceeds $5 million, as Mr. Thunder testified in his uncontroverted declaration.

Moreover, a Georgia federal court recently rejected the exact same argument made by Plaintiff here, in a materially identical class action brought against VGW Luckyland and VGW Malta by counsel who is associated with Plaintiff's counsel here:

> Turning to the amount in controversy, the Plaintiff contends that the $5,000,000 threshold is not met because he seeks compensation only for **losses** sustained and not merely for all purchases made by class members on VGW games. But as VGW points out, such a contention runs contrary to the Plaintiff's own allegations in his Complaint. He alleges that "all of Defendants' gambling operations, agreements, and funds [they have] received from Plaintiff and the Class are void and subject to refund or return to Plaintiff and the Class in order to reimburse Plaintiff and the Class for their losses during the

> preceding six months." Thus, VGW's declaration supporting the total purchase amounts by VGW users in Georgia during the relevant time periods appropriately reflects the amount that the Plaintiff seeks to recover.

*Doe v. VGW Malta, Ltd.*, No. 1:23-CV-3226-TWT, 2023 WL 8234650, at *2 (N.D. Ga. Nov. 28, 2023) (emphasis in original) ("*Doe-Georgia*"). The court went on to grant VGW's motion to compel arbitration of the plaintiff's claims, pursuant to the arbitration agreement in VGW's terms of service. *Id.* at 3-4. The plaintiff never filed an arbitration.

The CAFA's $5 million amount in controversy requirement is plainly met here.

### B. The Exceptions to CAFA Jurisdiction Do Not Apply Here

Plaintiff next argues that this Court should remand under the mandatory "local controversy" and "home state" exceptions to CAFA jurisdiction under 28 U.S.C. §§ 1332(d)(4)(A) and (B). *See* Motion at 7-9. Plaintiff bears the burden of proving that one of these exceptions applies. *See Evans*, 449 F.3d at 1164 ("[W]hen a party seeks to avail itself of an express statutory exception to federal jurisdiction granted under CAFA, as in this case, we hold that the party seeking remand bears the burden of proof with regard to that exception."). Neither exception applies here. *See infra* at 6-13.

#### 1. The "Local Controversy" Exception Does Not Apply

The local controversy exception states that a district court "shall decline to exercise jurisdiction" over a putative class action otherwise meeting CAFA's requirements if the plaintiff establishes, among other things, that there is at least one defendant who meets **all three** of the following criteria: (1) the defendant is a citizen of the forum state; (2) the defendant is one "from whom significant relief is sought"; **and** (3) the defendant's "alleged conduct forms a significant basis for the claims asserted" by the proposed class. 28 U.S.C. § 1332(d)(4)(A)(i)(II). Even if a defendant meets all these

criteria, however, this exception **still does not and cannot apply** if another putative "class action has been filed asserting the same or similar factual allegations against **any** of the defendants on behalf of the same **or other persons**" in the past three years. 28 U.S.C. § 1332(d)(4)(A)(ii) (emphasis added). Plaintiff fails both tests under §§ 1332(d)(4)(A)(i) and (ii), each of which separately and independently defeats remand.

> **a.   The Local Controversy Exception Does Not Apply Because Two Materially Identical Class Action Lawsuits Were Filed Against VGW Within the Last Year Alone**

Plaintiff's counsel filed a materially identical putative class action against VGW Luckyland and VGW Malta in Florida state court on May 3, 2023, on behalf of an unidentified "John Doe" class representative, seeking *the same recovery on the same factual allegations and legal theories*. *See* Exhibit 1 (*Doe-Florida* Compl.). The plaintiff there alleged that VGW's games were unlawful gambling in violation of Florida law, and he sought to represent a putative class of Florida players who spent money on VGW's games in the four years preceding the filing of his putative class action suit. *Id.* ¶¶ 60-102. After VGW removed that case to this District under the CAFA, the court ordered the plaintiff to show cause why he should not be required to file an amended pleading disclosing his real name, as mandated by Fed. R. Civ. P. 10(a). The court rejected Plaintiff's counsel's spurious assertion that anonymity was necessary to protect his client from criminal prosecution for unlawful gambling, noting that under Florida Statute § 849.31, the plaintiff was immune from prosecution for the allegedly unlawful gambling transactions over which he had sued. *See Doe v. VGW Malta Ltd.*, No: 6:23-cv-1360-WWB-DCI, 2023 WL 6247623, at *3 (M.D. Fla. Sept. 26, 2023) ("*Doe-Florida*"). The court ordered the plaintiff to identify himself, but rather than comply with the court's order, the plaintiff voluntarily dismissed the case on October 3, 2023. *See* Motion, Exhibit A.

Similarly, another anonymous plaintiff—represented by counsel associated with Plaintiff's counsel here—filed a separate materially identical class action against VGW Luckyland and VGW Malta in Georgia state court on June 13, 2023. *See* Exhibit 2 (*Doe-Georgia* Compl.). The plaintiff there similarly alleged that VGW's games were unlawful gambling in violation of Georgia law, and he sought to represent a putative class of Georgia players who spent money on VGW's games. *Id.* ¶¶ 60-81. After VGW removed that case to federal court, the plaintiff moved to remand on the basis of arguments materially identical to those raised by Plaintiff here. The court denied the motion to remand and granted VGW's motion to compel arbitration pursuant to the arbitration agreement in VGW's terms of service (unlike Plaintiff here, the Georgia plaintiff did not allege that he opted out of arbitration). *Doe-Georgia*, 2023 WL 8234650 at *2-4.

Each of these materially identical class action suits, filed less than a year ago, separately and independently bars Plaintiff's invocation of the local controversy exception under § 1332(d)(4)(A). *See Covington v. Ariz. Bev. Co.*, No. 08-21894-CIV-SEITZ/O'SULLIVAN, 2008 WL 11333696, at *3 (S.D. Fla. Oct. 31, 2008) (denying motion to remand based on local controversy exception because, "while it is true that no other action has been filed against these Defendants on behalf of these Florida Plaintiffs, at least, two other actions have been filed against these Defendants based on similar factual allegations"); *McAteer v. DCH Reg'l Med. Ctr.*, No. 2:17-cv-00859-MHH, 2018 WL 1089873, at *6 (N.D. Ala. Feb. 26, 2018) (local controversy exception did not apply where one of the defendants "faced a similar class action lawsuit in the three years preceding the filing of the complaint in this case"); *see also Rumble v. Phoenix Brokers, Inc.,* No. 1:08-CV-123-JTC, 2008 WL 11334016, at *2 (N.D. Ga. June 18, 2008) (local

controversy exception did not apply where plaintiff filed suit on behalf of same class against same defendants within the prior three years).

That the *Doe* plaintiffs voluntarily dismissed their putative class actions after receiving unfavorable rulings is irrelevant (Motion at 10-11), as the local controversy exception, by its terms, does not apply if another qualifying "class action has been **filed**." 28 U.S.C. § 1332(d)(4)(A)(ii) (emphasis added). Courts have repeatedly held that the **filing** of another putative class action bars application of the local controversy exception, regardless of whether the other action was voluntarily dismissed or certified as a class action. *See*, *e.g.*, *Levine v. Entrust Grp., Inc.*, No. C 12-03959 WHA, 2013 WL 1120695, at *5 (N.D. Cal. Mar. 18, 2013) (rejecting argument that voluntary dismissals of prior class actions meant local controversy exception still applied, because "Congress used the word 'filed,' as in 'no other class action has been **filed**.'") (emphasis in original); *Williams v. Steward Health Care Sys., LLC*, No. 5:20CV123-RWS-CMC, 2021 WL 7629734, at *26 (E.D. Tex. Dec. 16, 2021) (same); *Dutcher v. Matheson*, 840 F.3d 1183, 1193 (10th Cir. 2016) ("The text of the local controversy exception states that it applies only when 'no other class action has been **filed**' within the three year period") (emphasis added).[1]

Because it is undisputed that at least two other putative class actions "asserting the same or similar factual allegations" were filed against VGW Luckyland and VGW Malta within the last year, the local controversy exception does not and cannot apply. The Court need not go any further to reject application of this exception here.

---

[1] None of the voluntary dismissal cases cited by Plaintiff had anything to do with CAFA jurisdiction, much less § 1332(d)(4)(A)(ii). *See* Motion at 11 (citing cases).

### b.   The Local Controversy Exception Also Does Not Apply Because FIS is Not a "Significant Defendant"

Even if the *Doe* class actions had not been filed last year, the local controversy exception still would not apply because FIS—which is the only alleged Florida defendant in this case (Motion at 7-8; *see also* Thunder Decl. ¶¶ 2-5)—is not a defendant "from whom significant relief is sought," nor does FIS's alleged conduct "form[] a significant basis for the claims asserted" by the proposed class. 28 U.S.C. § 1332(d)(4)(A)(i)(II).

Indeed, as FIS explains in its separately filed opposition, FIS has at most been sued as an ancillary defendant on a joint and several liability theory based on the demonstrably false premise that FIS provided payment processing services to VGW. *See*, *e.g.*, Compl. ¶¶ 114, 127, 140, 164. FIS in fact has no relationship with VGW.

But even if it did, "[t]he mere fact that relief might be sought against [a local defendant] for the conduct of others (via joint liability) does not convert the conduct of others into conduct of [the local defendant] so as to also satisfy the 'significant basis' requirement" under the local controversy exception. *Evans*, 449 F.3d at 1167 n.7; *see also Bayberry Lakes Homeowners Ass'n, Inc. v. Boeneman*, No. 6:18-CV-72-ORL-41GJK, 2018 WL 6680993, at *3 (M.D. Fla. Sept. 28, 2018) (argument that significant relief was sought from local defendants because they were "alleged to be jointly and severally liable with" the foreign defendants was "without merit") (Mendoza, J.).

The entirety of Plaintiff's claims depends on whether VGW's games violate Florida law. Compl. ¶¶ 97-142. If VGW is found not liable for Plaintiff's claims, FIS will not be liable either. FIS is at most only secondarily liable. The relief sought is attributable primarily to the acts of VGW, not FIS, since Plaintiff's entire theory of liability centers on VGW's games and because it is VGW that received the purchases and retained the

purchase amounts. *See Evans*, 449 F.3d at 1167-68 n.7; *see also Aana v. Pioneer Hi-Bred Int'l, Inc.*, No. CV-12-00231 JMS-BMK, 2012 WL 3542503, at *3 (D. Haw. July 24, 2012) (plaintiffs failed to satisfy "significant basis" prong where the complaint "hinge[d]" on the conduct of the non-local defendant); *Sullivan v. State Farm Fire & Cas. Ins. Co.*, No. 6-0004, 2006 WL 8456347, at *3 (E.D. La. Apr. 6, 2006) (local defendant was not a "significant defendant" because "the face of plaintiffs' complaint" demonstrated "the main target of this lawsuit" was the out-of-state defendant).

### 2. The "Home State" Exception Does Not Apply

Plaintiff also argues that Court must remand under § 1332(d)(4)(B), which requires a federal district court to decline CAFA jurisdiction if (1) at least two-thirds of the putative class members are citizens of the forum state, **and** (2) ***"the primary defendants" are citizens of the forum state***. 28 U.S.C. § 1332(d)(4)(B) (emphasis added). "The consensus among the courts is that the plural use of 'defendants' means that **all** primary defendants must be citizens of the state in which the action was originally filed." *Adams v. Macon Cnty. Greyhound Park, Inc.*, 829 F. Supp. 2d 1127, 1137 n.13 (M.D. Ala. 2011) (emphasis added) (collecting cases); *see also Hunter v. City of Montgomery, Ala.*, 859 F.3d 1329, 1335 (11th Cir. 2017) ("[T]he statute uses the plural: 'primary defendants,' not 'primary defendant.'"); *Covington*, 2008 WL 11333696, at *3 ("A plain reading of the statute indicates that the 'primary ***defendants***'" must be citizens of Florida in order for this exception to apply. The statute does not say one or more defendants, or at least one defendant.") (emphasis in original); *Cooper v. R.J. Reynolds Tobacco Co.*, 586 F. Supp. 2d 1312, 1318 (M.D. Fla. 2008) (home state exception did not apply "because the 'primary defendants' are not **all** citizens of the State of Florida.") (emphasis added); *Singh*

*v. Am. Honda Fin. Corp.*, 925 F.3d 1053, 1068 (9th Cir. 2019) ("[W]e agree that 'by using the word 'the' before the words 'primary defendants' rather than the word 'a,' [CAFA] requires remand under the home state exception only if all primary defendants are citizens of' the alleged home state. It is insufficient that only some of the primary defendants are citizens of that state."); *Dutcher*, 840 F.3d at 1194 (affirming denial of remand where some but not all primary defendants were citizens of forum state).

Plaintiff argues that there are two "primary defendants" in this case: FIS and VGW Holdings, and FIS is the only one alleged to be a Florida citizen. *See* Motion at 12. But FIS is not a primary defendant because, as discussed above, FIS is at most only secondarily liable to VGW. *See Hunter*, 859 F.3d at 1336 ("The House Judiciary Committee's report and other legislative history supports 'constru[ing] the words 'primary defendants' to capture those who are directly liable to the proposed class, as opposed to being vicariously or secondarily liable[.]'") (quoting *Vodenichar v. Halcon Energy Props., Inc.*, 733 F.3d 497, 504-05 (3d Cir. 2013)). Because FIS is not a primary defendant, the home state exception does not and cannot apply.

Even if FIS were a "primary defendant," the home state exception still would not apply because VGW Holdings is not a citizen of Florida. VGW Holdings is a public limited company incorporated and headquartered in Australia. *See* Thunder Decl. ¶ 2. As such, VGW Holdings is a citizen of Australia. *See, e.g., Perrigo Co. v. Merial Ltd.*, 2020 WL 10728879, at *1 (N.D. Ga. May 14, 2020) (treating UK limited company like U.S. corporation for purposes of diversity); 28 U.S.C. § 1332(c)(1) (corporation deemed to be a citizen of its state of incorporation and principal place of business). But even if VGW Holdings' shareholders' citizenship were attributable to VGW Holdings, VGW Holdings

does not have any Florida shareholders. *See* Supplemental Declaration of Michael Thunder in Support of VGW Defendants' Opposition to Remand ¶ 2. Because VGW Holdings is not a citizen of Florida, the "home state" exception does not and cannot apply.

### II. There Is No Basis to Remand this Case on the Ground of "Comity"

Finally, Plaintiff argues that the Court should remand because, even though he filed a putative class action complaint asserting a claim for millions of dollars in alleged gambling losses under Chapter 849 of the Florida Statutes, he may not even possess a viable right of private civil action under Chapter 849. Motion at 18. Plaintiff points to this District's decision in *Crawley v. Clear Channel Outdoor, Inc.*, No. 8:10-cv-01238-T-EAK-MAP, 2011 WL 748162 (M.D. Fla. Feb. 24, 2011), in which the court dismissed the plaintiffs' claims to recover their alleged gambling losses under Chapter 849 of the Florida Statutes because "the statute giving rise to a cause of action" for recovery of one's gambling losses was "repealed" by the Florida legislature in 1974. *Id.* at *2. Plaintiff asks the Court to remand "[o]n the basis of comity," so that the state court can decide whether he has a cause of action. Motion at 18-19. There is no basis to do so.

***First***, Plaintiff does not cite a single case holding that a putative class action, validly removed under the CAFA, should be remanded where one of the claims the plaintiff has asserted may not be a viable cause of action. The lone case Plaintiff cites is a bankruptcy decision out of the Northern District of Texas (Motion at 18), which remanded an adversary proceeding "[u]nder the 'permissive abstention' doctrine of 28 U.S.C. § 1334(c)(1)." *In re Viper Prods. & Servs., LLC*, No. 21-50187-rlj11V, 2022 WL 2707879, at *2 (Bankr. N.D. Tex. July 11, 2022). That rule permits federal courts "to abstain from hearing matters ***related to a bankruptcy case*** and allow them to be heard

in state court." *Id.* (emphasis added). This is not a bankruptcy case, and Plaintiff cannot invoke the weakness of his case as a basis to remand it.

**Second**, none of the other cases on which Plaintiff relies remanded an action like this one, validly removed under the CAFA, on the basis of comity. Instead, those cases all involved remands under circumstances that are not even remotely applicable here. *See* Motion at 18-19 (citing *Phukela v. A One Auto Sales, LLC*, No. 6:21-cv-919-WWB-EJK, 2021 WL 9598287, at *1 (M.D. Fla. Sept. 15, 2021) (exercising discretion to remand where complaint originally asserted federal statutory claim—and thus invoked federal question jurisdiction—but after the case was removed, plaintiff filed an amended complaint voluntarily withdrawing the federal claim and asserting state law claims only); *Gwinnett Cnty., Ga. v. Netflix, Inc.*, No. 1:21-cv-21-MLB, 2021 WL 3418083, at *3-5 (N.D. Ga. Aug. 5, 2021) (remanding case where "[d]efendants seek federal court intervention in matters over which the State of Georgia and its municipalities have traditionally 'enjoy[ed] wide regulatory latitude'—specifically, utility regulation and gross revenue fees"—because the Supreme Court has instructed that "courts should 'in all cases' refrain from interfering 'with the fiscal operations of the state governments'"); *Huber v. GMAC Mortg., LLC*, No. 8:11-cv-1250-T-30EAJ, 2011 WL 6020410, at *3 (M.D. Fla. Dec. 2, 2011) (granting motion to dismiss under *Younger* abstention doctrine because "[p]laintiffs' claims [would] interfere with and would have undue influence on ongoing state-court [foreclosure] proceedings" to which the plaintiffs were parties); *Hirsch v. 18th Jud. Cir. Ct. of Fla.*, 6:21-cv-1920-CEM-LHP, 2022 WL 3136891, at *7 (M.D. Fla. May 27, 2022) (recommending that district court remand improperly removed "ongoing state court foreclosure proceedings" pursuant to *Younger* abstention)).

As the Eleventh Circuit explained in *Pretka* "the Supreme Court long ago admonished, 'the Federal courts should not sanction devices intended to prevent a removal to a Federal court where one has that right, and should be equally vigilant to protect the right to proceed in the Federal court." 608 F.3d at 766. Federal jurisdiction exists in this case pursuant to the CAFA; therefore, remand is not appropriate.

## **CONCLUSION**

For the reasons set forth above, the motion to remand should be denied.

Dated: April 19, 2024                                                      Respectfully submitted,

| | |
|---|---|
| OF COUNSEL: | */s/ T. Todd Pittenger*<br>T. Todd Pittenger – Lead Counsel<br>Florida Bar No. 768936 |
| Behnam Dayanim (*pro hac vice*)<br>bdayanim@orrick.com<br>ORRICK, HERRINGTON & SUTCLIFFE LLP<br>2100 Pennsylvania Avenue, N.W.<br>Washington, DC 20037<br>Tel.: (202) 339-8613 | todd.pittenger@gray-robinson.com<br>Kelly J. H. Garcia<br>Florida Bar No. 0694851<br>kelly.garcia@gray-robinson.com<br>GRAYROBINSON, P.A.<br>301 East Pine Street, Suite 1400<br>Orlando, FL 32801<br>Tel.: (407) 843-8880<br>Fax: (407) 244-5690 |
| Gregory D. Beaman (*pro hac vice*)<br>gbeaman@orrick.com<br>ORRICK, HERRINGTON & SUTCLIFFE LLP<br>51 West 52nd Street<br>New York, NY 10019-6142<br>Tel.: (212) 506-5000 | *Attorneys for Defendants VGW Holdings Ltd., VGW Luckyland, Inc., VGW Malta Ltd., and VGW GP Ltd.* |

## **CERTIFICATE OF SERVICE**

      I hereby certify that on this 19th day of April 2024, the foregoing document was served on counsel of record for Plaintiff Eric A. Knapp, listed below, via email and certified mail:

Dennis Wells
Webb & Wells, P.A.
P.O. Box 915432
Longwood, Florida 32779
Tel: (407) 865-5600
Florida Bar No.: 368504
Email: denniswells2@icloud.com

*Counsel for Plaintiff Eric A. Knapp*

 

                                                  */s/ T. Todd Pittenger*
                                                T. Todd Pittenger