# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| ERIC A. KNAPP, | : | |
| | : | |
| Plaintiff, | : | |
| v. | : | C.A. No. 1:25-cv-000147-CFC |
| | : | |
| VGW HOLDINGS LIMITED, | : | |
| VGW MALTA LIMITED, | : | |
| VGW LUCKYLAND INC, VGW GP | : | |
| LIMITED, FIDELITY NATIONAL | : | |
| INFORMATION SERVICES, INC., | : | |
| WORLDPAY, INC. and WORLDPAY, LLC, | : | |
| | : | |
| Defendants. | : | |

## FIDELITY NATIONAL INFORMATION SERVICES, INC.'S AND WORLDPAY, LLC'S OPENING BRIEF IN SUPPORT OF JOINT MOTION TO DISMISS THE AMENDED COMPLAINT

HEYMAN ENERIO
GATTUSO & HIRZEL LLP
Jamie L. Brown (# 5551)
jbrown@hegh.law
300 Delaware Avenue, Suite 200
Wilmington, DE 19801
(302) 472-7300
*Counsel for Defendants Fidelity National
Information Services, Inc. and
Worldpay, LLC*

OF COUNSEL:

SIDLEY AUSTIN LLP
Ian M. Ross
1001 Brickell Bay Drive, Suite 900
Miami, FL 33131
(305) 391-5100

Dated: June 9, 2025

# TABLE OF CONTENTS

NATURE AND STAGE OF THE PROCEEDINGS ................................................1

SUMMARY OF ARGUMENT ..............................................................2

STATEMENT OF FACTS ................................................................3

ARGUMENT ..........................................................................4

I.  Plaintiff's Florida Statutory Claims Should Be Dismissed Based
    on Plaintiff's Assent to VGW's Online Terms................................4

    A.  Delaware Law Applies ..........................................................4

    B.  Moving Defendants May Enforce the Terms .......................................4

    C.  Delaware Law Forecloses the Florida Statutory Claims......................6

II.  The Voluntary Payment Doctrine Bars Recovery of Damages ........................6

III.  Plaintiff's Claims Should Be Dismissed Under Rule 9(b) ...........................7

IV.  Each of Plaintiff's Claims Should Be Dismissed Under Rule 12(b)(6)........10

    A.  There Is No Private Cause of Action Under Chapter 849
        of the Florida Statutes..........................................................10

    B.  Plaintiff Fails to State a Claim Under FDUTPA................................11

        1.  Plaintiff Fails to Allege a Deceptive or Unfair Trade Practice.11

        2.  Plaintiff Fails to Allege Causation...........................................13

        3.  Plaintiff Fails to Allege Actual Damages .................................14

    C.  Plaintiff Fails to State a Claim Under Florida's Civil RICO Statute..15

    D.  Plaintiff Fails to State a Civil Conspiracy Claim ................................18

V.    Plaintiff's Putative Class Claims Should Be Dismissed ...............................20

CONCLUSION ......................................................................................21

# TABLE OF AUTHORITIES

## CASES

*Adelman's Truck Parts Corp. v. Jones Transp.*,
    797 F. App'x 997 (6th Cir. 2020) ........................................................6

*Allergan USA, Inc. v. Prollenium US Inc.*,
    2019 WL 7298569 (D. Del. Dec. 30, 2019) ........................................8

*Anschutz Corp. v. Brown Robin Cap., LLC*,
    2020 WL 3096744 (Del. Ch. June 11, 2020)........................................6

*B & D Nutritional Ingredients, Inc. v. Unique Bio Ingredients*,
    758 F. App'x 785 (11th Cir. 2018) ....................................................14

*Bako Pathology LP v. Bakotic*,
    288 A.3d 252 (Del. 2022) ...................................................................4

*Beeney v. FCA US LLC*,
    2023 WL 6962116 (D. Del. Oct. 20, 2023)........................................13

*Bureau of Crimes Comp. v. Williams*,
    405 So.2d 747 (Fla. 2d DCA 1981) ..................................................10

*In re Burlington Coat Factory Sec. Litig.*,
    114 F.3d 1410 (3d Cir. 1997) .............................................................5

*Clouser v. Doherty*,
    175 A.3d 86 (Del. 2017) ...................................................................18

*Cold Stone Creamery, Inc. v. Lenora Foods I, LLC*,
    332 F. App'x 565 (11th Cir. 2009).............................................13, 14

*Const. Co. v. Ocean & Coastal Consultants, Inc.*,
    844 F. Supp. 2d 519 (D. Del. 2012)..................................................19

*Crawley v. Clear Channel Outdoor, Inc.*,
    2011 WL 748162 (M.D. Fla. Feb. 24, 2011)....................................10

*DG BF, LLC v. Ray*,
    2021 WL 776742 (Del. Ch. Mar. 1, 2021) .........................................9

*Diaz v. FCA US LLC*,
2022 WL 4016744 (D. Del. Sept. 2, 2022)...........................................................8

*ECB USA, Inc. v. Savencia, S.A.*,
2020 WL 11762200 (D. Del. July 10, 2020) .......................................................4

*Edelist v. MBNA Am. Bank*,
790 A.2d 1249 (Del. Super. Ct. 2001)...............................................................21

*Feheley v. LAI Game Sales, Inc.*
2009 WL 2474061 (S.D. Fla. Aug. 11, 2009) ...................................................13

*Ferrell v. Durbin*,
311 F. App'x 253 (11th Cir. 2009) ............................................................. 16-17

*Ginsberg v. Lennar Florida Holdings, Inc.*
645 So.2d 490 (Fla. Dist. Ct. 1994) ............................................................15, 16

*HW Aviation LLC v. Royal Sons, LLC*,
2008 WL 4327296 (M.D. Fla. Sept. 17, 2008)..................................................12

*King v. First Cap. Fin. Servs. Corp.*,
215 Ill. 2d 1 (Ill. 2005)........................................................................................7

*Landmark Bank, N.A. v. Cmty. Choice Fin., Inc.*,
2017 WL 4310754 (S.D. Fla. Sept. 28, 2017)...................................................16

*Mandala v. Tire Stickers, LLC*,
829 F. App'x 896 (11th Cir. 2020) ...................................................................13

*Meridian Tr. Co. v. Batista*,
2018 WL 4760277 (S.D. Fla. Sept. 30, 2018) ...................................................18

*Nestor v. Poore*,
2024 WL 326666 (Del. Ch. Jan. 29, 2024).........................................................9

*Nieves v. All Star Title, Inc.*,
2010 WL 2977966 (Del. Super. Ct. July 27, 2010).............................................7

*Parm v. Nat'l Bank of California, N.A.*,
242 F. Supp. 3d 1321 (N.D. Ga. 2017)....................................................... 17-18

*Parr v. Maesbury Homes, Inc.*,
    2009 WL 5171770 (M.D. Fla. Dec. 22, 2009) ...........................................11, 12

*Plain Bay Sales, LLC v. Gallaher*,
    2020 WL 202960 (S.D. Fla. Jan. 14, 2020).......................................................14

*Porsche Cars N. Am., Inc. v. Diamond*,
    140 So. 3d 1090 (Fla. 3d DCA 2014)................................................................11

*Rodriguez v. Recovery Performance & Marine, LLC*,
    38 So. 3d 178 (Fla. 3d DCA 2010)....................................................................15

*Super Vision Int'l, Inc. v. Mega Int'l Com. Bank Co.*,
    534 F. Supp. 2d 1326 (S.D. Fla. 2008).............................................................17

*Van Roy v. Sakhr Software Co.*,
    2014 WL 3367275 (D. Del. July 8, 2014).......................................................7, 8

*W. Nat. Gas Co. v. Cities Serv. Gas Co.*,
    201 A.2d 164 (Del. 1964) ...................................................................................6

*Wilcox & Fetzer, Ltd. v. Corbett & Wilcox*,
    2006 WL 2473665 (Del. Ch. Aug. 22, 2006).................................................4, 5

*Zlotnick v. Premier Sales Grp., Inc.*,
    480 F.3d 1281 (11th Cir. 2007) ........................................................................11

## **STATUTES**

15 U.S.C. § 45 ................................................................................................11

28 U.S.C. § 1404 ..............................................................................................1

Fla. Stat. § 501.203 ........................................................................................12

Fla. Stat. § 501.204 ........................................................................................11

Fla. Stat. § 501.211 ........................................................................................14

Fla. Stat. § 772.102 .................................................................................16, 17

Fla. Stat. Ch. 849................................................................................1, 2, 10, 19

# **OTHER AUTHORITIES**

Fed. R. Civ. P. 9(b) ........................................................................*passim*

Fed. R. Civ. P. 12(b)(6)........................................................................1, 2, 10

Defendants Fidelity National Information Services, Inc. ("FIS") and Worldpay, LLC (collectively, the "Moving Defendants") move to dismiss Plaintiff's Amended Complaint pursuant to Federal Rules of Civil Procedure 9(b) and 12(b)(6).

## NATURE AND STAGE OF THE PROCEEDINGS

Plaintiff's Amended Complaint improperly seeks to drag Moving Defendants into Plaintiff's counsel's ***thirteenth*** attempt to sue the VGW Defendants[1] ("VGW") for alleged losses from online games that customers voluntarily played on their websites. Moving Defendants had nothing to do with operating VGW's websites, and there are no allegations suggesting otherwise. Instead, Plaintiff is suing them based solely on their alleged secondary liability for his alleged losses, claiming that they were payment processors for the website games he played.

Plaintiff originally filed this action in the Middle District of Florida. It was transferred to this District under 28 U.S.C. § 1404(a) because Plaintiff agreed to a Delaware forum selection clause under VGW's Terms and Conditions ("Terms"). D.I. 81 at 26–27.

Plaintiff brings five claims for alleged violations of Chapter 849, Florida Statutes (Count I), the Florida Deceptive and Unfair Trade Practices Act ("FDUTPA") (Count II), the Florida civil RICO statute (Counts III, V), and civil conspiracy (Count IV). Each fails for the reasons stated below.

---

[1]     The VGW Defendants are VGW Holdings Limited and VGW Luckyland, Inc.

# SUMMARY OF ARGUMENT

1. Because Plaintiff agreed to Delaware law in the Terms, to which Moving Defendants are intended third-party beneficiaries, Delaware law applies to Plaintiff's claims. Accordingly, Plaintiff's Florida statutory claims (Counts I, II, III, and V) should be dismissed.

2. Each of Plaintiff's claims should be dismissed pursuant to the voluntary payment doctrine, which bars recovery of damages where, as here, Plaintiff voluntarily purchased virtual coins on VGW's websites while knowing that he could lose those virtual coins playing the games.

3. Each of Plaintiff's claims should be dismissed pursuant to Rule 9(b) because (1) each sounds in fraud and is not pled with particularity; and (2) each impermissibly commingles Defendants.

4. Alternatively, each of Plaintiff's claims should be dismissed pursuant to Rule 12(b)(6) because they fail to state a claim upon which relief can be granted.

    a. Plaintiff's claim under Chapter 849 of the Florida Statutes should be dismissed because the statute does not grant a private right of action.

    b. Plaintiff's FDUTPA claim should be dismissed because Plaintiff fails to allege that Moving Defendants' alleged conduct deceived him or caused him ***actual*** damages.

c. Plaintiff's Florida civil RICO claims should be dismissed because Plaintiff fails to allege that Moving Defendants' alleged conduct was committed with criminal intent, under a pattern of ongoing criminal activity, used in the establishment or operation of any enterprise, and resulted in an injury to business or property.

d. Plaintiff's civil conspiracy claim should be dismissed because Plaintiff fails to allege an underlying tort, that Moving Defendants' acts as VGW's payment processor established an overt act in furtherance of a conspiracy, and caused damages.

5. Finally, Plaintiff's putative class claims should be dismissed because Plaintiff waived his right to a class action under the Terms.

## STATEMENT OF FACTS

Plaintiff alleges that he paid to purchase virtual coins on VGW's websites and used those coins to play VGW's games. D.I. 58 ¶ 46. Plaintiff allegedly lost money playing those games and, as a result, sued VGW and Moving Defendants.

As to Moving Defendants, Plaintiff alleges they participated in VGW's alleged conduct only by (1) processing customer payments on VGW's websites (D.I. 58 ¶¶ 2, 16, 59, 89, 115–16, 128–29, 141–42, 153–54, 159–60, 162–64); (2) crediting customers' bank accounts when customers redeemed coins in VGW's sweepstakes games (*id.* ¶¶ 46, 63, 115, 128, 141, 163); and (3) advertising that they were VGW's

payment processor (*id.* ¶¶ 16, 115, 128, 141, 163). Plaintiff further alleges that Moving Defendants conspired with VGW to facilitate alleged illegal gambling (*id.* ¶¶ 16, 144, 151–155) and that they are jointly and severally liable for VGW's actions (*id.* ¶¶ 89, 114, 127, 129, 140, 142, 164).

## **ARGUMENT**

### I. **Plaintiff's Florida Statutory Claims Should Be Dismissed Based on Plaintiff's Assent to VGW's Online Terms.**

#### A. **Delaware Law Applies**

When an action has been transferred under a forum selection clause, the law of the transferee state—here, Delaware—applies. *ECB USA, Inc. v. Savencia, S.A.*, 2020 WL 11762200, at *13 (D. Del. July 10, 2020).

Moreover, under the Terms, the parties contracted for disputes to be decided under Delaware law, without regard for Delaware's conflict of law rules. D.I. 61-1 at 25. As the Middle District of Florida recognized, "Delaware law . . . controls here per the choice of law clause." D.I. 81 at 23.

#### B. **Moving Defendants May Enforce the Terms**

Moving Defendants, despite being non-signatories, may enforce the Terms against Plaintiff because (1) they are third-party beneficiaries, *Bako Pathology LP v. Bakotic*, 288 A.3d 252, 271 (Del. 2022); and (2) Plaintiff's reliance on the Terms equitably estops him from avoiding the Terms against the non-signatory, *Wilcox & Fetzer, Ltd. v. Corbett & Wilcox*, 2006 WL 2473665, at *5 (Del. Ch. Aug. 22, 2006).

*First*, the Middle District of Florida correctly found that Moving Defendants were able to enforce the Terms because (1) Plaintiff alleged that they were payment processors (D.I. 58 ¶¶ 2, 16, 115-16, 128-29, 141-42, 163-64); and (2) the Terms provide VGW's payment processors "the same rights under the Terms as the parties[.]" D.I. 81 at 25; D.I. 21-1, Exhs. A, B, C § 8.21.

*Second*, Plaintiff is equitably estopped from denying the Terms' enforceability because Plaintiff seeks to benefit from those Terms. Equitable estoppel applies (1) when the signatory "'must rely on the terms of the written agreement in asserting its claims against the nonsignatory'"; or (2) when the signatory alleges "'substantially interdependent and concerted misconduct by both the nonsignatory and one or more of the signatories to the contract.'" *Wilcox & Fetzer, Ltd. v. Corbett & Wilcox*, 2006 WL 2473665, at *5 (Del. Ch. Aug. 22, 2006) (quoting *Grigson v. Creative Arts Agency*, 210 F.3d 524, 527 (5th Cir. 2000)). Here, Plaintiff qualifies under both prongs. He relies on the Terms to assert his claims. D.I. 58 ¶ 13 (alleging that he exercised his arbitration opt-out rights under the Terms).[2] He also alleges interdependent and concerted misconduct by Moving Defendants and VGW. D.I. 58 ¶ 144, 152-53.

---

[2]    The Court may here consider the Terms because Plaintiff relies on them in the Amended Complaint. *See, e.g.,* D.I. 58 ¶ 13. "[A] document integral to or explicitly relied upon in the complaint may be considered" at the pleadings stage. *In re Burlington Coat Factory Sec. Litig.*, 114 F.3d 1410, 1426 (3d Cir. 1997).

### C.  Delaware Law Forecloses the Florida Statutory Claims

Delaware law, which Plaintiff agreed would apply to his dispute, confirms that Plaintiff's Florida statutory claims are foreclosed because those laws are inapplicable in the forum. *Anschutz Corp. v. Brown Robin Cap., LLC*, 2020 WL 3096744, at *8 (Del. Ch. June 11, 2020) (dismissing Texas and Colorado statutory claims because the Delaware choice of law clause applied); *Adelman's Truck Parts Corp. v. Jones Transp.*, 797 F. App'x 997 (6th Cir. 2020) (dismissing North Carolina statutory claims because Plaintiff agreed to Ohio law). Therefore, the Court should dismiss Counts I, II, III, and V.

## II.  The Voluntary Payment Doctrine Bars Recovery of Damages

The Court should dismiss the Amended Complaint *with prejudice* because Delaware's voluntary payment doctrine bars Plaintiff from recovering damages. This doctrine precludes recovery where the plaintiff willingly paid for a service with full knowledge of the relevant facts on which his damages claims are based. *See W. Nat. Gas Co. v. Cities Serv. Gas Co.*, 201 A.2d 164, 169 (Del. 1964).

Here, Plaintiff's allegations establish that he voluntarily purchased virtual coins on the VGW websites while ***knowing*** that he could lose those virtual coins. D.I. 58 ¶ 109 ("Plaintiff and the Class purchased coins or expended money to obtain coins (GC and SC) ***to wager at VGW's games***. Plaintiff and each member of the Class ***staked money in the form of coins purchased with money or acquired by***

***expenditures of money, in order to play VGW's games of chance . . .***") (emphases

added), *see id.* ¶ 12 ("Plaintiff lost approximately $1,000" playing the games).[3]

Plaintiff's (incorrect) allegations that these online games somehow constitute

an illegal gambling operation does not change this result. *Nieves v. All Star Title,*

*Inc.*, 2010 WL 2977966, at *7 (Del. Super. Ct. July 27, 2010) (citing *King v. First*

*Cap. Fin. Servs. Corp.*, 215 Ill. 2d 1, 33 (Ill. 2005)) (the VPD also "applies in the

very circumstance where the payment sought to be recovered was illegally obtained

by the defendant"). The voluntary payment doctrine bars recovery, and the Court

should therefore dismiss each claim *with prejudice.*

## III.   <u>Plaintiff's Claims Should Be Dismissed Under Rule 9(b)</u>

Fed. R. Civ. P. 9(b) applies to claims that sound in fraud and provides that

"[i]n all averments of fraud . . . the circumstances constituting fraud . . . shall be

stated with particularity." The purpose of Rule 9(b) is to provide defendants with

notice of the precise nature of the claim against them[.]" *Van Roy v. Sakhr Software*

*Co.*, 2014 WL 3367275, at *3 (D. Del. July 8, 2014).

> Although date, place, and time allegations may fulfill the requirement
> of pleading with particularity, these types of allegations are not required
> to satisfy Rule 9(b), so long as the circumstances of the alleged fraud
> are pled sufficiently to place the defendants on notice of the precise

---

[3]   Moving Defendants understand and Plaintiff elsewhere concedes that the
Gold Coins that are purchased by players are never redeemable for money, and the
Sweeps Coins used in the sweepstakes are never able to be purchased. *E.g.,* D.I. ¶
26, 63, 66.

misconduct with which they are charged, and to safeguard defendants against spurious charges of immoral and fraudulent behavior.

*Id.* "Accordingly, the complaint must provide all of the essential factual background that would accompany the first paragraph of any newspaper story—that is, the who, what, when, where, and how of the events at issue." *Allergan USA, Inc. v. Prollenium US Inc.*, 2019 WL 7298569, at *3 (D. Del. Dec. 30, 2019), *report and recommendation adopted*, 2020 WL 409684 (D. Del. Jan. 24, 2020).

Plaintiff's claims fail to satisfy Rule 9(b). Each claim arises from his allegation that Moving Defendants participated in a fraudulent and illegal gambling scheme by allegedly processing payments on VGW's websites. D.I. 58 ¶¶ 16, 59, 115, 128–29, 141, 152–54, 159−60, 162–64. Thus, every claim sounds in fraud and is subject to Rule 9(b)'s particularity requirements. *Diaz v. FCA US LLC*, 2022 WL 4016744, at *23 (D. Del. Sept. 2, 2022) ("the court concludes that, for Plaintiffs' . . . claims to succeed, they must satisfy the heightened pleading standard of Rule 9(b) because they are grounded in fraud").

Plaintiff's claims fail under Rule 9(b) because they do nothing more than improperly allege in conclusory form that there was a fraud (D.I. 58 ¶ 16) and that Moving Defendants somehow knew that VGW allegedly made misrepresentations concerning its websites' legality (*id.* ¶ 152). Plaintiff does not and cannot allege any particularized facts showing Moving Defendants' involvement in this supposed fraud: there are no specific allegations regarding any misrepresentations or

omissions by Moving Defendants, what actions they took *with knowledge* in furtherance of this purported scheme, or when or how they took those actions. And Plaintiff cannot satisfy Rule 9(b) by simply imputing the VGW Defendants' alleged conduct to Moving Defendants by mere association. *DG BF, LLC v. Ray*, 2021 WL 776742, at *21 (Del. Ch. Mar. 1, 2021) ("Plaintiffs' attempt to impute Efros' conduct and statements onto Ray with cursory allegations that the two were working in tandem falls well short of the particularity required by Rule 9(b).").

The Amended Complaint separately violates Rule 9(b) by impermissibly commingling the Defendants. Rule 9(b) does not permit generalized allegations against different defendants because such allegations do not notify each defendant of the allegations against them. *See Nestor v. Poore*, 2024 WL 326666, at *1 (Del. Ch. Jan. 29, 2024), *report and recommendation adopted*, 2024 WL 6900005 (Del. Ch. Feb. 19, 2024) (finding group pleading failed to support imputing conduct of one defendant to others)).

Here, Plaintiff impermissibly commingles Moving Defendants, failing to identify which purportedly took the actions alleged, and which purportedly knew of the alleged scheme. D.I. 58 ¶ 16 ("Hereafter, . . . WORLDPAY, LLC and FIS are collectively referred to as "FIS."); *id.* ¶¶ 97, 117, 130, 143, 156 ("[FIS], a Florida corporation, including its subsidiary WORLDPAY, LLC . . . (previously and herein referred to collectively as 'FIS'")). Plaintiff also impermissibly group-pleads all

Defendants together. *Id.* ¶ 70 ("***Defendants*** erroneously attempt to justify this by claiming that because SC are unable to be redeemed before wagering that they have no value.") (emphases added).

Because each claim sounds in fraud and fails to comply with the Rule 9(b) particularity pleading requirement, the Court should dismiss all claims.

## IV. Each of Plaintiff's Claims Should Be Dismissed Under Rule 12(b)(6)

### A. There Is No Private Cause of Action Under Chapter 849 of the Florida Statutes

Count I alleges that Moving Defendants violated Chapter 849, Florida Statutes, but Chapter 849 grants no private right of action. *Crawley v. Clear Channel Outdoor, Inc.*, 2011 WL 748162, at *3 (M.D. Fla. Feb. 24, 2011). *Crawley* held: "[t]here fails to exist a statute within Chapter 849 that creates a cause of action and authorizes a particular suit." *Id.* The Court further explained that the statute originally granted a private right of action in § 849.27, but this section was repealed in 1974, and upon repeal "the authorized cause of action vanished," and "§ 849.29 does not take [its] place." *Crawley*, 2011 WL 748162, at *2; *Bureau of Crimes Comp. v. Williams*, 405 So.2d 747, 748 (Fla. 2d DCA 1981) ("[W]hen the legislature repeals a statute, the right or remedy created by the statute falls with it.").

Count I should be dismissed in the absence of a private right of action.

## B.     <u>Plaintiff Fails to State a Claim Under FDUTPA</u>

Florida Statute § 501.204 prohibits "[u]nfair methods of competition, unconscionable acts or practices," and "unfair or deceptive acts or practices in the conduct of any trade or commerce." The Court should dismiss the FDUTPA claim because Plaintiff fails to allege: (1) a deceptive or unfair practice; (2) causation; and (3) actual damages. *Parr v. Maesbury Homes, Inc.*, 2009 WL 5171770, at *6 (M.D. Fla. Dec. 22, 2009).

### 1.     Plaintiff Fails to Allege a Deceptive or Unfair Trade Practice

Plaintiff does not allege that Moving Defendants engaged in any deceptive or unfair trade practice. "Deception occurs if there is a representation, omission, or practice that is likely to mislead the consumer acting reasonably in the circumstances, to the consumer's detriment." *Zlotnick v. Premier Sales Grp., Inc.*, 480 F.3d 1281, 1284 (11th Cir. 2007). In evaluating unfairness, courts use the Federal Trade Commission's definition of unfair trade practices. *Porsche Cars N. Am., Inc. v. Diamond*, 140 So. 3d 1090, 1098 (Fla. 3d DCA 2014); 15 U.S.C. § 45(n).[4]

---

[4]     Under the FTC's unfairness test, injury must: (1) be substantial; (2) "not be outweighed by any countervailing benefits to consumers or competition that the practice produces"; and (3) "be an injury that consumers themselves could not reasonably have avoided." *Porsche*, 140 So. 3d at 1096.

Plaintiff's only allegation attempting to tie Moving Defendants to any deceptive or unfair practice is a conclusory allegation that they are "jointly and severally liable for the actions of VGW." D.I. 58 ¶ 127. This allegation fails for two reasons.

*First*, Plaintiff has not alleged that Moving Defendants committed any unfair or deceptive act against him. Simply acting as the payment processing partner for VGW or advertising such relationship is not a deceptive act under FDUTPA. Plaintiff does not (and cannot) allege that Moving Defendants' alleged conduct as VGW's payment processor deceived him or other consumers into participating in the games on VGW's websites. Florida courts have consistently rejected his conclusory allegations that Moving Defendants' alleged violation of a Florida statute facially constitutes a deceptive or unfair trade practice. *Parr*, 2009 WL 5171770, at *8 (dismissing FDUTPA claim when "the Complaint simply states that because the Defendant violated these statutes, the Defendant violated FDUTPA"); *HW Aviation LLC v. Royal Sons, LLC*, 2008 WL 4327296, at *6 (M.D. Fla. Sept. 17, 2008).

*Second*, although Plaintiff's allegation purports to employ § 849.29 as a predicate[5] for a FDUTPA violation, purported violations of § 849.29 are not

---

[5] Section 501.203(3)(c), Florida Statutes, states that a violation of any law "which proscribes unfair methods of competition, or unfair, deceptive, or unconscionable acts or practices" can be a predicate deceptive or unfair practice for a FDUTPA claim. *Parr*, 2009 WL 5171770, at *6 (citing *Meitis v. Park Square*

expressly or impliedly *per se* violations of FDUTPA. *Mandala v. Tire Stickers, LLC*, 829 F. App'x 896, 902 (11th Cir. 2020) (dismissing FDUTPA claim because plaintiff failed to state predicate claims). Section 849.29 "includes no explicit declaration that a violation constitutes an unfair, unconscionable, or deceptive trade practice, as do other statutory provisions that operate as implied predicates, nor has any Florida court ever premised a *per se* violation of FDUTPA on transgression of" that statute. *Feheley v. LAI Game Sales, Inc.*, 2009 WL 2474061, at *4 (S.D. Fla. Aug. 11, 2009) (reaching same conclusion regarding § 849.15, another gambling statute). Count II should therefore be dismissed.

### 2. Plaintiff Fails to Allege Causation

Plaintiff's FDUTPA claim also should be dismissed because Plaintiff does not plead that the alleged deceptive conduct caused him harm or was likely to deceive consumers. To satisfy FDUTPA's causation element, "plaintiff[s] must prove that the alleged practice was likely to deceive a consumer acting reasonably in the same circumstances." *Cold Stone Creamery, Inc. v. Lenora Foods I, LLC*, 332 F. App'x 565, 567 (11th Cir. 2009). "Causation under FDUTPA must be direct, rather than remote or speculative." *Beeney v. FCA US LLC*, 2023 WL 6962116, at *7 (D. Del. Oct. 20, 2023). Moving Defendants' alleged conduct does not meet this standard.

---

*Enters., Inc.*, No. 6:08–cv–1080–Orl–22GJK, 2009 WL 703273 at *4 (M.D. Fla. Jan. 21, 2009)).

Plaintiff merely alleges that Moving Defendants processed payments for VGW and advertised as such. D.I. 58 ¶¶ 2, 16, 128. These allegations, however, do not satisfy Plaintiff's pleading burden to establish that Plaintiff or "a consumer acting reasonably would have been deceived." *Cold Stone*, 332 F. App'x at 567. Moreover, Plaintiff does not allege that he saw FIS's alleged advertisement concerning its relationship with VGW or that it caused him to join VGW's websites and spend or lose his money.[6] Thus, Plaintiff fails to plead causation.

### 3. Plaintiff Fails to Allege Actual Damages

Plaintiff's FDUTPA claim also fails because Plaintiff has not alleged actual damages. FDUTPA allows a plaintiff to recover only "actual damages." Fla. Stat. § 501.211(2). Plaintiffs cannot recover consequential or special damages. *B & D Nutritional Ingredients, Inc. v. Unique Bio Ingredients*, 758 F. App'x 785, 792 (11th Cir. 2018); *Plain Bay Sales, LLC v. Gallaher*, 2020 WL 202960, at *4 (S.D. Fla. Jan. 14, 2020) (dismissing FDUTPA claim because plaintiffs failed to plead actual damages). Under FDUTPA, ***actual damages are measured by the "difference in market value of the [product or service] as delivered and market value as it should***

---

[6] The purported advertisement that Plaintiff references, D.I. 58 Exh. B, has nothing to do with services provided by FIS; it is an article regarding Worldpay LLC's payment processing services to the VGW Defendants—not an advertisement for users to join VGW's websites.

***have been delivered[.]*** *Rodriguez v. Recovery Performance & Marine, LLC*, 38 So.

3d 178, 181 (Fla. 3d DCA 2010) (emphases added).

Plaintiff fails to allege that he suffered actual damages. Plaintiff would only

suffer actual damages if he received less than what he bargained for, but he does not

(and cannot) allege that the virtual coins' market value was less than the monetary

value he used to buy those virtual coins. Plaintiff received exactly what he paid for—

the equivalent monetary value in coins to play VGW's games. Plaintiff incorrectly

claims that he suffered damages because he allegedly lost money by purchasing the

virtual coins and playing the games. D.I. 58 ¶¶ 12, 126, Count II WHEREFORE

Clause (2). This is a consequential harm which is not recoverable. *Rodriguez*, 38 So.

3d at 181 (dismissing FDUTPA claim because plaintiff's down payment and loan

payments were consequential damages). Accordingly, Count II should be dismissed.

### C.  <u>Plaintiff Fails to State a Claim Under Florida's Civil RICO Statute</u>

The Amended Complaint fails to plead Florida civil RICO claims (Counts III

and V) for four reasons: it does not allege (1) criminal intent; (2) a pattern of ongoing

or related violative activity; (3) the purported scheme's proceeds were used to

establish or operate any enterprise; or (4) Moving Defendants' alleged RICO

conduct caused Plaintiff's purported injury.

*First*, Plaintiff fails to allege Moving Defendants acted with criminal intent.

*Ginsberg v. Lennar Florida Holdings, Inc.*, 645 So.2d 490, 502 (Fla. Ct. App. 1994)

(failure to plead criminal intent is fatal to such claims). Plaintiff's allegations regarding intent should be rejected not only because they are conclusory, but also because they do not even mention Moving Defendants. D.I. 58 ¶¶ 133-34; *see generally* Count V (no criminal intent allegations). This pleading failure mandates dismissal.

*Second*, Plaintiff does not plead any facts showing a "pattern of ongoing or related criminal activity." A "pattern of criminal activity" requires allegations of "at least two incidents of criminal activity that have the same or similar intents, results, accomplices, victims, or methods of commission or that otherwise are interrelated by distinguishing characteristics and are not isolated incidents . . . ." Fla. Stat. § 772.102(4). Allegations of "ongoing criminal behavior" must be similar and interrelated. *Landmark Bank, N.A. v. Cmty. Choice Fin., Inc.*, 2017 WL 4310754, at *17 (S.D. Fla. Sept. 28, 2017). Here, Plaintiff fails to allege that Moving Defendants were engaged in a "pattern of criminal activity"; rather, Plaintiff merely alleges that Moving Defendants are jointly and severally liable for VGW's acts because they were payment processors and thus "participated" in those acts. D.I. 58 ¶¶ 140-42, 163-64. These conclusory allegations fail to establish an ongoing "pattern" of criminal behavior. *Ginsberg*, 645 So. 2d at 501 (holding conclusory allegations of continuity lacking factual allegations were insufficient); *Ferrell v. Durbin*, 311 F.

App'x 253, 256 n.6 (11th Cir. 2009) (affirming dismissal due to "scant allegations" of predicate acts committed over time frame).

*Third,* Plaintiff does not plead that the proceeds derived from Moving Defendants' alleged criminal activity were used in the establishment or operation of any enterprise. *See generally* D.I. 58 at Count III and V. An "enterprise" requires a plaintiff to plead the existence of "any individual, . . . corporation, or other legal entity, or any . . . group of individuals associated in fact." Fla. Stat. § 772.102(3). Plaintiff alleges that Moving Defendants acted as VGW's payment processor. That alone does not establish an enterprise, and Plaintiff does not allege that his or the putative class's money was used in operation of any "enterprise." *Id.* Moreover, mere "routine contractual combination[s] to provide financial services" are "not generally sufficient to constitute a RICO enterprise . . . ." *Parm v. Nat'l Bank of California, N.A.*, 242 F. Supp. 3d 1321, 1346 (N.D. Ga. 2017) (citing *Jubelirer v. MasterCard Int'l, Inc.*, 68 F. Supp. 2d 1049 (W.D. Wis. 1999) (dismissing gambler's RICO claims against credit card company and bank after gambler lost money at online casino)).

Here, Plaintiff merely alleges that Moving Defendants are, and acted as, payment processors (D.I. 58 ¶¶ 2, 16, 115, 116)—but his claim cannot lie without alleging more: "bankers do not become racketeers by acting like bankers." *Super Vision Int'l, Inc. v. Mega Int'l Com. Bank Co.*, 534 F. Supp. 2d 1326, 1338 (S.D.

Fla. 2008) (dismissing RICO claim where plaintiff did not allege sufficient facts to demonstrate defendant's control of the alleged enterprise). "Even if Defendant used fraudulent means to carry out those activities, the activities constituted Defendant's own business affairs, not acts to further the goals of a separate enterprise." *Parm*, 242 F. Supp. 3d at 1347. "In short, Plaintiff's allegations, while creative, essentially attempt to recast a contractual relationship as a RICO enterprise." *Id.* at 1348.

*Fourth*, Plaintiff does not allege an actual injury to business or property directly caused by the RICO violation. *Meridian Tr. Co. v. Batista*, 2018 WL 4760277, at *4 (S.D. Fla. Sept. 30, 2018) (the "connection between the racketeering activity and the injury can be neither remote, purely contingent, nor indirect"). Plaintiff's allegation that he suffered an injury as a result of Moving Defendants processing payments for VGW fails to connect them to any racketeering activity. To the extent that Plaintiff even has standing to allege monetary damages (which he does not pursuant to the VPD), his alleged injury is too remote from Moving Defendants' alleged conduct. Moving Defendants do not own or operate VGW's websites, nor do they advertise for users to join VGW's websites. Thus, they could not have caused Plaintiff's alleged injury. Counts III and V should be dismissed.

### D. <u>Plaintiff Fails to State a Civil Conspiracy Claim</u>

To successfully plead a civil conspiracy, plaintiffs must allege "(i) a confederation or combination of two or more persons; (ii) an unlawful act done in

furtherance of the conspiracy; and (iii) actual damage[s]." *Clouser v. Doherty*, 175 A.3d 86 (Del. 2017). Plaintiff fails to allege the essential elements of his conspiracy claim against Moving Defendants.

*First*, "a civil conspiracy is not an independent cause of action; rather, it must be predicated on an underlying wrong." *Const. Co. v. Ocean & Coastal Consultants, Inc.*, 844 F. Supp. 2d 519, 532 (D. Del. 2012). Failure to adequately allege the underlying claim means the conspiracy claim must be dismissed. *Id.*

Here, Plaintiff neither pleads that the alleged payment processing services or advertisement constitute a tort, nor does he plead that Moving Defendants participated in any of the other alleged misconduct. Plaintiff's civil conspiracy claim is based solely on Moving Defendants' alleged ancillary participation in an alleged gambling scheme, purportedly in violation of Chapter 849. But, as argued above, Chapter 849 does not grant a private right of action, foreclosing Plaintiff's reliance on it to support his civil conspiracy claim.

*Second*, Plaintiff's conclusory allegations fail to establish any overt act taken by Moving Defendants. Plaintiff merely concludes that VGW and Moving Defendants acted in concert to deprive Plaintiff and Florida citizens of money by promoting and advertising VGW's website, and that *collecting money* constitutes an overt act in furtherance of a civil conspiracy. D.I. 58 ¶ 154. Plaintiff, however, does not allege how Moving Defendants' advertising or role as purported payment

processors constitutes an overt act *in furtherance of a conspiracy*. The advertisement Plaintiff refers to does not even concern FIS. *Id.*, Exh. B.

Finally, Plaintiff's conclusory allegations are insufficient to establish that Moving Defendants' conduct caused Plaintiff's damages. Plaintiff merely pleads that, "[b]ecause of the civil conspiracy between [Defendants], Plaintiff and the Class have suffered damages." *Id.* ¶ 155. Plaintiff, however, does not and cannot allege that Moving Defendants' alleged advertising or role as payment processors resulted in Plaintiff's claimed damages, or that FIS's alleged advertisement caused him to join VGW's websites and purchase virtual coins. Plaintiff thus fails to allege damages. Accordingly, Count IV should be dismissed.

## V. <u>Plaintiff's Putative Class Claims Should Be Dismissed</u>

The Court should dismiss Plaintiff's putative class action claims because the Terms confirm that Plaintiff waived his right to a class action: Plaintiff "EXPRESSLY AND UNCONDITIONALLY WAIVED" his purported right "TO PARTICIPATE IN ANY . . . CLASS . . . ARBITRATION OR LITIGATION; TO ARBITRATE OR LITIGATE ANY DISPUTE IN A REPRESENTATIVE CAPACITY, INCLUDING AS A REPRESENTATIVE MEMBER OF A CLASS; . . . OR OTHERWISE TO SEEK TO RECOVER LOSSES OR DAMAGES (WHETHER FOR YOURSELF OR OTHERS) INCURRED BY A THIRD PARTY." D.I. 61-1, Exhs. A, B, C § 23.7.

Class action waivers are enforceable where the "surrender of the class action right was clearly articulated" in the agreement. *Edelist v. MBNA Am. Bank*, 790 A.2d 1249, 1261 (Del. Super. Ct. 2001) (upholding class waiver).

Accordingly, the putative class claims should be dismissed *with prejudice*.

## <u>CONCLUSION</u>

Based on the foregoing, Moving Defendants respectfully request that the Court dismiss the Amended Complaint with prejudice.

HEYMAN ENERIO
GATTUSO & HIRZEL LLP

*/s/ Jamie L. Brown*
Jamie L. Brown (# 5551)
jbrown@hegh.law
300 Delaware Avenue, Suite 200
Wilmington, DE 19801
(302) 472-7300

*Counsel for Defendants Fidelity National Information Services, Inc. and Worldpay, LLC*

OF COUNSEL:

SIDLEY AUSTIN LLP
Ian M. Ross
1001 Brickell Bay Drive, Suite 900
Miami, FL 33131
(305) 391-5100

Dated: June 9, 2025

## CERTIFICATE OF SERVICE

I certify that on June 9, 2025, I electronically filed this document with the Clerk of the Court using CM/ECF, causing a copy to be served on counsel of record; a copy of this document was also e-mailed to counsel of record.

## CERTIFICATION OF NUMBER OF WORDS

I certify that this Certification complies with the Court's Standing Order Regarding Briefing in All Cases. The total word count in this Certification is 4,749.

*/s/ Jamie L. Brown*
Jamie L. Brown (# 5551)