IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| ERIC A. KNAPP,<br><br>        Plaintiff,<br><br>    v.<br><br>VGW HOLDINGS LIMITED, VGW MALTA LIMITED, VGW LUCKYLAND INC, VGW GP LIMITED, FIDELITY NATIONAL INFORMATION SERVICES, INC., WORLDPAY, INC. and WORLDPLAY, LLC,<br><br>        Defendants. | C.A. No. 25-147-CFC |

**PLAINTIFF'S MEMORANDUM OF LAW
IN SUPPORT OF RESPONSE TO
VGW DEFENDANTS' MOTION TO DISMISS**


DONALD L. GOUGE, JR., LLC

*/s/ Donald L. Gouge, Jr. #2234*
DONALD L. GOUGE, JR. (DSB #2234)
800 N. King Street, Suite 303
Wilmington, DE 19801
Phone: (302) 658-1800, Ext. 1
Fax: (302) 225-3634
Email: dgouge@gougelaw.com

**TABLE OF CONTENTS**

Nature and Stage of Proceedings…………………………………………………………...…..1

Summary of Argument…………………………………………………………………….....2

Statement of Facts……………………………………………………………………………2

Response to VGW's Characterization of The Parties, Games,
Gold Coins and the "Sweepstakes Games"……………….……………………………………2

Legal Standard…………………………...………………………………………………..3

Argument…………………………………………………………………..……..…...3

    I.  Response to VGW's Claim That The Amended Complaint
    Must Be Dismissed Because Knapp Agreed By Contract
    That His "Entire Relationship" With VGW Is
    Governed By Delaware Law and Plaintiff
    Asserts No Claims Under Delaware Law…………………………………………..3

    This Court Should First Determine Whether It Has Jurisdiction Or
    Whether This Case Should Be Transferred Back To The
    Middle District Of Florida……………………..…………………….…………..4

    Response In The Event The Court Determines It Should
    Maintain Jurisdiction And Not Transfer The Case………………………………..6

    II.  Response to VGW's Claim That If Florida Law Is Applied
    That Knapp Fails to State Claim…………………………………………….....7

        A.  Response to VGW's Claim That Count I Fails To State
        a Claim Under Fla. Stat §§ 849.26-849.34 Because
        There Is No Private Right of Action 'Under Chapter 849…………..………...8

        B.  Response to VGW's Claim That Count II Fails To
        State a FDUTPA Claim…………………………..…………………......10

            1.  Response to VGW's Claim that Knapp Fails to
            Allege a Deceptive Act or Unfair Trade Practice…………………….11

2.  Response to VGW's Claim that Knapp Fails
to State Causation or Actual Damages…………………………………12

a.  Response to VGW's Claim That Knapp
Fails to Allege Causation……………………………………12

b.  Response to VGW's Claim That Knapp
Has Failed to Allege Actual Damages…………………………13

3.   Response to VGW's Claim that Knapp Fails to
State a Claim for Injunctive Relief…………………..……………..14

C.  Response to VGW's Claim That Counts III and V Fail to
State a CRCPA Claim………………………………..……………………..15

D. Response to VGW's Claim that Count IV Fails to
State a Civil Conspiracy Claim………………………………………...…..15

Conclusion…………………………………………………………………………16

# TABLE OF AUTHORITIES -VGW

**CASES**

*Acuitas Therapeutics Inc. v. Alnylam Pharm.*,
Civil Action 24-816-CFC  *3 (D. Del. Jul 01, 2025)……………………………..……………3

*Alachua County v. Florida Petroleum Marketers Association*,
553 So. 2d 327 (Fla. 1st DCA 1989)
*per curiam affirmed and adopted,* 589 So. 2d 240 (Fla. 1991)…………………….....…………9

*Allstate Ins. Co. v. Auto Glass Am., LLC*,
418 F. Supp. 3d 1009, 1023-24 (M.D. Fla. 2019)………………………………….....……...12

*Barnett v. Eslmore*,
2025 U.S. App. LEXIS 16262 (11th Cir. July 2, 2025)…………………………………....……3

*Coface Collections N. Am. v. Newton*,
430 Fed. Appx. 162 (3rd Cir. 2011)…………………………………………………………….…6

*Crawley v. Clear Channel Outdoor, Inc.*,
2011 WL 748162, at *3 (M.D. Fla. Feb. 24, 2011) …………………………………….………8

*Danziger v. De Llano, LLP v. Morgan Verkamp LLC*,
948 F.3d 124 (3rd Cir. 2020) …………………………………………………………….....…6

*Envtl. Confederation of Southwest Fla., Inc. v. Dep't of Envtl. Prot.*,
886 So. 2d 1013 (Fla. 1st DCA 2004) ……………………………………………………….…9

*Estate of Malkin v. Wells Fargo Bank*,
379 F.Supp. 3d 1263, 1279 (S.D. Fla. 2019) ……………………………………………....…6

*Focus Fin. Partners, LLC v. Holsopple*,
241 A.3d 784 (Del. Ch. 2020) ……………………………………………….……......…..7

*Fox v. Ritz-Carlton Hotel Co., LLC*,
Case No. 17-CV-24284-COOKE, 2022 U.S. Dist. LEXIS 144468,
at *41 (S.D. Fla. Aug. 11, 2022) ……………………………………………………………....12

*Froug v. Carnival Leisure Indus.*,
 627 So. 2d 538 (Fla. 3rd DCA 1993) …………………………………………....………6

*Geronta Funding v. Brighthouse Life Ins. Co.,*
284 A.3d 47 (Del. 2022) …………………………………………………….…….…..…9

*Kaneff v. Delaware Title Loans, Inc.*
537 F. 3d 616 (3rd Cir. 2009) …………………………………………………...….…6

*Lincoln Nat. Life Ins. Co. v. Joseph Schlanger, 2006 Ins. Tr.,*
28 A. 3d 436, 441 (Del. 2011) ……………………………………….…………4, 5

*PHL Variable Ins. Co. v Price Dawe 2006 Ins. Trust,*
28 A. 3d 1059, 1070 (Del. 2011) ……………………………..……4, 5, 10

*Rucker v. Oasis Financial Services*
632 F.3d 1231(11th Cir. 2011) ………………………………………...…..…4

*State v. Thompson*, 750 So. 2d 643 (Fla. 1999) …………………………….………9

*Swipe Acquisition Corp. v. Krauss,*
2021 Del. Ch. LEXIS 14, 2021 WL 282642 (Del. Ch. Jan. 28, 2021) ………………….…..…6

*Sycamore Partners Mgmt., L.P. v. Endurance Am. Ins. Co., C.A.*
No. N18C-09-211 AML CCLD (Del. Super. Feb 26, 2021) ………………………………....…7

*Taboada v. Duarte,*
379 So. 3d 775 (Fla. 3rd DCA 2024) ………………………………………………….7

*Titan Cruise Lines v. Elliott (In re Titan Cruise Lines),*
No. 05-00841, 353 B.R. 919, 2006 Bankr. LEXIS 2529,
2006 WL 2848592 (Bankr. M.D. Fla. 2006) ……………………………...……………6, 7

*United States v. Biden*
729 F.Supp 3d 430, 442 (D. Del. 2024) ……………………………………………….5

*Wilmington Trust, Nat'l Ass'n v. Sun Life Assurance Co. of Can*,
294 A.3d 1062 (Del. 2023) …………………………………………..................9

*W.R. Berkley Corp. Dunai,*
2021 WL 1751347 (D. Del. May 4, 2021) …………………………………………6, 7

**STATUTES**

Del. Const. art. II § 17……….……………………………………………….......…4

Fla. Stat. § 501.201………………………………………………...………..……2

Fla. Stat. § 501.203………………………………………………...……………12

Fla. Stat. § 501.213………………………………………………...……………2

Fla. Stat. § 772.102………………………………………………...……………16

Fla. Stat. § 772.104………………………………………………...............…16

Fla. Stat. § 814.71………………………………………………...……………15

Fla. Stat. § 849.094……………………………………………………2, 10, 11-13

Fla. Stat. § 849.14………………………………………………...……………15

 Fla. Stat. § 849.15 ………………………………………………...……………15

Fla. Stat. § 849.21………………………………………………...……………8

Fla. Stat. § 849.25………………………………………………...……………15

Fla. Stat. § 849.26……………………………………………...........2, 8, 10

Fla. Stat. § 849.27………………………………………………...………......8, 9

Fla. Stat. § 849.28………………………………………………...……….... 9

Fla. Stat. § 849.29………………………………………………...……………3, 8

Fla. Stat. § 849.32………………………………………………...……………8

Fla. Stat. § 849.33………………………………………………...……………8

Fla. Stat. § 849.39………………………………………………...……………8

Fla. Stat. § 849.46………………………………………………...……………6, 7

**OTHER AUTHORITIES**

Restatement (Second) of Conflict of Laws § 187 (1971)………………...…………………6, 7

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| ERIC A. KNAPP,<br><br>        Plaintiff,<br><br>    v.<br><br>VGW HOLDINGS LIMITED, VGW MALTA LIMITED, VGW LUCKYLAND INC, VGW GP LIMITED, FIDELITY NATIONAL INFORMATION SERVICES, INC., WORLDPAY, INC. and WORLDPLAY, LLC,<br><br>        Defendants. | C.A. No. 25-147-CFC |

**PLAINTIFF'S MEMORANDUM OF LAW
IN SUPPORT OF RESPONSE TO
VGW DEFENDANTS' MOTION TO DISMISS**

Plaintiff, ERIC A. KNAPP ("Knapp") hereby submits his Memorandum of Law in support of his response to the Motion To Dismiss filed by Defendants VGW Holdings Ltd. and VGW Luckyland, Inc. (together "VGW") on June 9, 2025.

**Nature and Stage of Proceedings**

The Amended Complaint is before this Court pursuant to the transfer order entered by the Middle District of Florida. (D.I. 81). In the Florida case Knapp filed a 5 count Amended Complaint against VGW Holdings Limited, VGW Luckyland, Inc., a Delaware corporation (together "VGW") along with Fidelity National Information Services, Inc., a Florida corporation

and its subsidiary Worldpay, LLC (together "FIS").[1]  VGW has filed its motion to dismiss the

Florida causes of action.

**Summary of Argument**

VGW argues that all of the Florida causes of action in the Amended Complaint should be

evaluated under Delaware law and should be dismissed for failure to state justiciable causes of

action.  Knapp submits that he has properly and adequately pled the elements for these Florida

causes of action, and that Florida law should be applied in this case.

**Statement of Facts**

Knapp has sued VGW because VGW's internet illegal gambling operation wrongly

targets Florida citizens in violation of Florida law and Knapp seeks recovery of civil damages

that are allowed under Florida law for Knapp and a proposed class of Florida citizens who have

gambled on VGW's website.  Knapp is suing VGW for disgorgement or restitution and

injunctive relief under Chapter 849 of the Florida Statutes. (D.I. 58, Count I).  Knapp has sued

VGW for violations of Fla. Stat. §§ 501.201-501.213, the Florida Deceptive and Unfair Trade

Practices Act ("FDUTPA") based on VGW's violations of Fla. Stat. § 849.094.  (D.I. 58, Count

II).  Knapp sues VGW for 2 violations of Fla. Stat. §§ 772.104, Florida's Civil Remedies for

Criminal Practices Act ("CRCPA"). (D.I. 58, Counts III and V).  And Knapp sues VGW for civil

conspiracy under Florida law. (D.I. 58, Count IV).  Throughout the Amended Complaint, Knapp

alleges that VGW, with its payment processor, FIS, participated and acted in concert to conduct

an illegal internet gambling operation in Florida for which they are jointly and severally liable as

---

[1] Knapp also sued 2 other VGW defendants, VGW Malta, Ltd. and VGW GP, Ltd., both of
which are online gambling companies licensed and operating from the Island of Malta.  The
Middle District dismissed the claims against these defendants without prejudice on the basis of
*forum non conveniens*. Defendant Worldpay, Inc. was dismissed because the court found that it
had merged into Worldpay, LLC. (D.I. 81)

outlined in Fla. Stat. § 849.29. (D.I. 58, ¶¶ 2, 16, 22, 89, 114-116, 127-129, 134, 140-142, 144, 153, 163-164, Exhibit "B").

**Response to VGW's Characterizations of The Parties, Games, Gold Coins and the "Sweepstakes Games"**

The Amended Complaint explains why VGW's attempt to disguise its illegal internet gambling operation by calling it a "sweepstakes" should fail.  VGW's illegal gambling operation is nothing more than the extension of illegal gambling on the internet, using the same techniques that the defunct internet sweepstakes cafés attempted to do in the early 2000s.  (D.I. 58, ¶¶ 17-90).

**Legal Standard**

This Court recently recited the standard that the Court applies to analyze a Motion to Dismiss.  In *Acuitas Therapeutics Inc. v. Alnylam Pharm.*, Civil Action 24-816-CFC (D. Del. Jul 01, 2025) the Court stated and cited,

> … *Buck v. Hampton Twp. Sch. Dist.*, 452 F.3d 256, 260 (3d Cir. 2006) ("In reviewing a motion to dismiss [brought pursuant to Rule 12(b)(6)], [courts] accept all factual allegations in the complaint as true and view them in the light most favorable to the plaintiff"). …

*Id.* at 3

The standard is the same in the Eleventh Circuit, where this case originated, *Barnett v. Eslmore*, 2025 U.S. App. LEXIS 16262 (11th Cir. July 2, 2025), *citing McGroarty v. Swearingen,* 977 F.3d 1302, 1306 (11th Cir. 2020).

**Argument**

**I.  Response to VGW's Claim That The Amended Complaint Must Be Dismissed Because Knapp Agreed By Contract That His "Entire Relationship" With VGW Is Governed By Delaware Law and Plaintiff Asserts No Claims Under Delaware Law**

Initially, VGW argues that because the Middle District of Florida transferred this case to Delaware based on a forum selection clause contained within VGW's terms of service, then only Delaware law should be applied in this case.

In response, Knapp states that because this case involves an illegal gambling agreement the choice of law provision in the VGW terms is *void ab initio*.  As part of its order transferring this case the Middle District of Florida cited *Rucker v. Oasis Financial Services* 632 F.3d 1231(11th Cir. 2011) as support that it was appropriate to enforce a forum selection clause and a choice of law provision in an illegal gambling contract.  In *Rucker, supra,* the plaintiff sued in Alabama and alleged a litigation funding contract was an illegal gambling contract under Alabama law.  The plaintiff contested transfer of the case to Illinois, which was the designated site in the contract's forum selection clause.  The Eleventh Circuit upheld the forum selection clause; however, the ruling was solely based on the fact that the contract's choice of law provision mandated that an Illinois court was bound to apply Alabama law. *Id.* at 1237.

Both Florida and Delaware recognize that contracts based on illegal gambling consideration are *void ab initio*.  *Lincoln Nat. Life Ins. Co. v. Joseph Schlanger,* 2006 Ins. Tr., 28 A. 3d 436, 441 (Del. 2011) ("*Schlanger"*) ("if no insurance policy ever legally came into effect, then neither did any of its provisions")*; PHL Variable Ins. Co. v Price Dawe 2006 Ins. Trust,* 28 A. 3d 1059, 1070 (Del. 2011) ("*Price Dawe"*) (recognizing illegal gambling contracts are *void ab initio,* and all parts of the contract are likewise non-existent and have no effect); Del. Const. art. II, § 17.  Likewise, under Fla. Stat. § 849.26, all promises, agreements, contracts whether the whole or part of the consideration is illegal gambling are "void and of no effect".

### This Court Should First Determine Whether It Has Jurisdiction Or Whether This Case Should Be Transferred Back To The Middle District Of Florida

Knapp submits that based on the Supreme Court of Delaware's holdings in *Schlanger and Price Dawe,* this Court should first determine whether it has jurisdiction over this matter and whether or not this case should be transferred back to the Middle District of Florida.  In *Price Dawe,* this Court certified 3 questions to the Supreme Court of Delaware.  The first certified question was whether an incontestability provision in an insurance policy that was a stranger originated life insurance scheme ("STOLI policy") was enforceable or whether the STOLI policy was contrary to Delaware law as being illegal wagering on human life expectancy.  The Supreme Court of Delaware answered and stated that the STOLI policy was *void ab initio* under Delaware law because it constituted illegal wagering or gambling on human life expectancy in violation of Delaware's public policy against wagering.  More importantly, the Supreme Court of Delaware answered that the incontestability provision within the STOLI policy was also void and stated, "…It follows, therefore, that if no insurance policy ever legally came into effect, then neither did any of its provisions, including the statutorily required incontestability clause. …" *Price Dawe* at 1068; *See, United States v. Biden,* 729 F.Supp. 3d 430, 442 (D. Del. 2024), *citing Schlanger* ("Contractual provisions that are against public policy are void").

Knapp submits that applying the holdings in *Schlanger and Price Dawe* to the issues raised in this case should compel transfer of this case back to the Middle District of Florida.  VGW claims that its terms of service require that Delaware be the sole forum for this case and only Delaware law should be applied.  Since Delaware holds that an illegal wagering contract, which this is one, is *void ab initio*, as this is, then all terms in the illegal wagering contract are void and never existed.  Hence, the VGW forum selection clause and choice of law provision never legally came into existence.  Therefore, Knapp's original choice of forum, Florida, was correct because although there is diversity with VGW, the co-defendant, FIS, is a Florida

corporation. (D.I. 58, ¶ 2).  For these reasons Knapp requests the Court to first consider

transferring this case back to the Middle District of Florida.  *See, Danziger v. De Llano, LLP v.*

*Morgan Verkamp LLC*, 948 F.3d 124 (3rd Cir. 2020); *Estate of Malkin v. Wells Fargo Bank,* 379

F.Supp. 3d 1263, 1279 (S.D. Fla. 2019).  If STOLI policies are *void ab initio* and all parts of

such polices are unenforceable as illegal wagering, then terms of service for facially obvious

illegal gambling operations are likewise *void ab initio.*

### Response In The Event The Court Determines It Should Maintain Jurisdiction And Not Transfer The Case

If the Court is inclined to maintain jurisdiction over this matter the remainder of this

response is directed toward VGW's claims.  Delaware recognizes that the application of

Delaware law over Florida law in this case is not appropriate due to Florida's longstanding

public policy regarding agreements based in whole or in part on illegal gambling.  Fla. Stat. §

849.46; *See, Kaneff v. Delaware Title Loans, Inc.* 537 F. 3d 616 (3rd Cir. 2009) (applying

Pennsylvania law instead of Delaware law that was specified in contract choice of law provision

when Pennsylvania had a strong interest in protecting its resident consumers within its "police

power").  Likewise, Florida has established a strong fundamental public policy regarding illegal

gambling transactions. *Titan Cruise Lines v. Elliott (In re Titan Cruise Lines)*, No. 05-00841,

353 B.R. 919, 2006 Bankr. LEXIS 2529, 2006 WL 2848592 (Bankr. M.D. Fla. 2006); *Froug v.*

*Carnival Leisure Indus.,* 627 So. 2d 538 (Fla. 3rd DCA 1993); *W.R. Berkley Corp. Dunai*, 2021

WL 1751347 (D. Del. May 4, 2021).

Delaware courts agree.  *Swipe Acquisition Corp. v. Krauss*, 2021 Del. Ch. LEXIS 14,

2021 WL 282642 (Del. Ch. Jan. 28, 2021).  (choice-of-law provision for Delaware is

unenforceable if contrary to fundamental public policy of state that is site of cause of action),

*citing and quoting* Restatement (Second) of Conflict of Laws § 187 (1971).  In *Coface*

*Collections N. Am. v. Newton*, 430 Fed. Appx. 162 (3rd Cir. 2011) the Third Circuit explained

that Delaware has consistently applied the Restatement (Second) of Conflict of Laws, Section

187 to determine whether a choice of law provision in a contract requiring Delaware law will be

given effect.  The factors outlined in the Restatement at § 187(2)(b) include (a) whether the

chosen state [here Delaware] has no substantial relationship to the parties or the transaction, and

(b) application of the law of the chosen state [here Delaware] would be contrary to a fundamental

policy of a state which has a materially greater interest than the chosen state.  As stated by a

Superior Court in Delaware in "…Opponents may seek relief under Restatement § 187(2)(b)

only when enforcement of a Delaware choice of law provision clearly would nullify a default

state's unique public interests. …", *Sycamore Partners Mgmt., L.P. v. Endurance Am. Ins. Co.,*

*C.A.* No. N18C-09-211 AML CCLD (Del. Super. Feb 26, 2021).  Both criteria are met in this

case since it should be clear from the Amended Complaint that Florida has an overriding interest

in prohibiting and deterring illegal gambling operations, like those promoted by VGW.  *See,* Fla.

Stat. § 849.46; *Taboada v. Duarte,* 379 So. 3d 775 (Fla. 3rd DCA 2024); *Titan Cruise Lines v.*

*Elliott, supra; Froug v. Carnival Leisure Indus., supra*; *Focus Fin. Partners, LLC v. Holsopple,*

241 A.3d 784 (Del. Ch. 2020); *Compare, W.R. Berkley Corp. Dunai*, *supra*.

## II.  Response to VGW's Claim That If Florida Law Is Applied That Knapp Fails To State A Claim

VGW argues that Knapp fails to state a claim under the Florida Deceptive and Unfair

Trade Practices Act ("FDUTPA"), and claims Knapp didn't allege (1) a deceptive act or unfair

practice; (2) causation; and (3) actual damages.  Further, VGW argues that to state a claim for

injunctive relief, Knapp must also allege a threat of future harm.

Knapp responds that he has alleged all 3 elements that VGW submits are required by

FDUPTA. (D.I. 58, ¶¶ 1, 16, 17-22, 29, 31-33, 45, 68, 79, 81, 82, 117, 120, 121, 124-126, 129).

As to the necessity to allege a future harm to support a claim for injunctive relief, Knapp has alleged sufficient facts to notify VGW and the court that VGW continues to operate its illegal gambling website, a fact that VGW must acknowledge. (D.I. 58, ¶¶ 3, 7, 15, 17, 19, 40, 44, 46, 78, 81, 119).  In addition, Fla. Stat. § 849.21 does not require the allegation of a threat of future harm.

### A.  Response to VGW's Claim That Count I Fails to State a Claim Under Fla. Stat. §§ 849.26-849.34 Because There Is No Private Right of Action 'Under Chapter 849

VGW cites the ruling in *Crawley v. Clear Channel Outdoor, Inc.*, 2011 WL 748162, at *3 (M.D. Fla. Feb. 24, 2011) where the Middle District of Florida stated that the repeal of former Florida statutes § 849.27, eliminated the private right to sue to recover gambling losses under Florida law.

In response, Knapp submits that although Fla. Stat. § 849.27 was repealed in 1974, it was done so as part of Florida's effort to consolidate statutes of limitations under one chapter, Chapter 95 of the Florida statutes.  Various other portions of Chapter 849 remain in place and outline the rights that private parties have to hold VGW civilly liable for their illegal gambling operations.  For example, Fla. Stat. § 849.21, remains intact and allows any person to sue to enjoin illegal gambling operators; Fla. Stat. § 849.26 declares gambling contracts void;  Fla. Stat. § 849.29 lists who can be sued and found civilly liable; Fla. Stat. § 849.30 authorizes a plaintiff to obtains writs of attachment, garnishment and replevin; Fla. Stat. § 849.32 states a plaintiff shall serve copies of pleadings on the state attorney;  Fla. Stat. § 849.33 separates judgment and collection between the state and a plaintiff; and, Fla. Stat. § 849.39 authorizes any person to submit claims for property seized from illegal gambling operations whether seized from the gambling operation or its payment processor.

The decision in *Crawley v. Clear Channel, supra*, may have limited or questionable precedential value because the 1974 legislative act the court cited for repeal of §§ 849.27 and 849.28, was an act specifically directed to the subject of amending the statutes of limitations, not eliminating statutory causes of action against gambling organizations, such as those permitted by Chapter 849. (D.I. 18-4 - Doc. 34-2, p. 2-3 of 17, p. 14 of 17, "Section 26", filed 7/19/10, *Crawley v. Clear Channel, supra, Case 8:10-cv-01238-EAK-MAP)*; *State v. Thompson*, 750 So. 2d 643 (Fla. 1999); *Alachua County v. Florida Petroleum Marketers Association*, 553 So. 2d 327 (Fla. 1st DCA 1989) *per curiam affirmed and adopted,* 589 So. 2d 240 (Fla. 1991); *see also, Envtl. Confederation of Southwest Fla., Inc. v. Dep't of Envtl. Prot.,* 886 So. 2d 1013 (Fla. 1st DCA 2004); (Analyzing Article III, Sec. 6 of the Florida Constitution requirement of the single subject rule).

Rather than dismiss Count I, Knapp submits that this Court should certify the question to the Supreme Court of Florida whether Florida repealed a private cause of action to sue illegal gambling organizations under Chapter 849. Knapp contends that the Florida legislature never intended to and did not eliminate private causes of action under Chapter 849. It only eliminated the reduced statutes of limitations when it repealed §§ 849.27 and 849.28, thereby placing claims regarding gambling losses in the 4-to-5-year statutes of limitations. Further, the claim and requested remedy made by Knapp in Count I of the Amended Complaint under Chapter 849 is for disgorgement (D.I. 58, ¶¶ 97, 103, 113-116). This is essentially a claim for restitution, similar to that recognized and permitted by the Supreme Court of Delaware in *Wilmington Trust, Nat'l Ass'n v. Sun Life Assurance Co. of Can*, 294 A.3d 1062 (Del. 2023) for void, illegal wagering contracts. *See also, Geronta Funding v. Brighthouse Life Ins. Co.,* 284 A.3d 47 (Del.

2022). Florida does not set criteria or limit the right of Knapp and others to seek disgorgement or restitution for VGW's illegal gambling contract in violation of Fla. Stat. § 849.26.

### B. Response to VGW's Claim That Count II Fails To State a FDUTPA Claim

Knapp submits that the allegations of the Amended Complaint detail the basis for his lawsuit and the fraudulent representations and fraudulent concealment by VGW, including its conspiracy with its payment processor, FIS. (D.I. 58, ¶ ¶ 16, 31, 60, 68, 81, 82, 120, 146-148, 152-153, 158-160, 162). In these paragraphs. At Count II, the FDUTPA claim, Knapp incorporates ¶ ¶ 1-96, which include ¶¶ 16 and 81. At ¶¶ 81 and 82, Knapp specifically states that VGW falsely advertises that VGW operates a legal free to play social casino, when it is actually an illegal gambling enterprise. Knapp alleges at ¶ 68 that VGW misleads Florida citizens into mistakenly believing that they are playing games permitted by Florida law and regulated the same as legalized casinos. At Count II, Knapp specifically states that VGW violates FDUTPA, as outlined in the Florida statutes by violating Fla. Stat. § 849.094(2) by the acts listed at ¶ 120, including that VGW has not registered with the proper Florida regulatory agency and failed to comply with its rules in violation of Fla. Stat. § 849.094(3). (D.I. 58, ¶ 121). At ¶¶ 47, 59, 63, 84, 89, 97, 114-115, 116, and 127-129, Knapp properly alleges that VGW is jointly and severally liable with FIS to promote, set up and participate in illegal gambling transactions. These allegations sufficiently advise VGW of its liability under Count II of the Amended Complaint. (D.I. 58).

Although VGW may claim that its fraudulent misrepresentations about the illegality of the VGW terms are not fraud under Delaware law, that is contrary to the holding in *Price Dawe* (Fraud in the "factum" includes a misrepresentation concerning the very character of the proposed contract). Likewise, VGW has constantly made false statements of fact. By falsely

claiming that it is operating as a legal, social casino site or even a sweepstakes, VGW is falsely stating to Knapp and other Florida citizens that VGW is licensed and regulated by the State of Florida and that it has agreed to state oversight, both of which are not true.  It is commonly known and expected that when a gambling operation claims that it is operating legally in a state then the state is expected to require a license, regulate the gambling operation and properly oversee that it is not abusing its citizens.  VGW has no license to operate legally in Florida.

### 1.  Response to VGW's Claim That Knapp Fails to State a Deceptive Act or Unfair Practice

VGW claims that Knapp has not sufficiently pled a predicate statute when Knapp alleged violations of Fla. Stat. §§ 849.094(2)(b)-(e) and 849.094(3). (D.I. 58, ¶¶ 120- 21).  However, Knapp has sufficiently pled that VGW violated specific portions of those statutes. (D.I. 58, ¶¶ 118-124, 127-129).

VGW then alleges that Knapp has not alleged that a Florida court, regulator, or other authority has declared VGW's games to be illegal.  This is not a requirement for the Amended Complaint.  However, VGW does not offer that it has been declared by the State of Florida to be operating legally.  Next, VGW claims that Knapp has not alleged a false, deceptive, or misleading advertisement. VGW's claim is incorrect. (D.I. 58, ¶¶ 16, 31, 68, 81, 82, 146-150).

Knapp submits that he has sufficiently alleged *per se* violations of FDUTPA. According to the Middle District of Florida, *per se* violations of FDUTPA are properly pled when the plaintiff alleges a violation of a statute proscribing unfair, deceptive, or unconscionable acts, and the court stated:

> …Applying Rule 12(b)(6)'s standard to the *per se* violation FDUTPA claims (Counts VII and VIII), Plaintiffs have sufficiently stated a claim on these counts. *See Iqbal*, 556 U.S. at 678. Prohibited deceptive and unfair practices under FDUTPA include violations of "[a]ny law, statute, rule, regulation, or

ordinance which proscribes unfair methods of competition, or unfair, deceptive, or unconscionable acts or practices." *Id.* § 501.203(3)(c). Some federal courts in Florida have referred to these FDUTPA claims as "*per se* violations" because they are explicitly provided for in the statute. *See, e.g., Williams v. Delray Auto Mall, Inc.*, 916 F. Supp. 2d 1294, 1300 (S.D. Fla. 2013); *Taviere v. Precision Motor Cars, Inc.*, No. 8:09-cv-467-T-TBM, 2010 U.S. Dist. LEXIS 12493, 2010 WL 557347, at *4 (M.D. Fla. Feb. 12, 2010). …

*Allstate Ins. Co. v. Auto Glass Am., LLC*, 418 F. Supp. 3d 1009, 1023-24 (M.D. Fla. 2019).

In *Fox v. Ritz-Carlton Hotel, supra,* at *8-9 a *per se* violation was also explained:

> … "A *per se* violation is established in one of two ways: (1) if the 'law, statute, rule, regulation, or ordinance' expressly constitutes a violation of the FDUTPA or (2) the statute, rule, or ordinance proscribes unconscionable, deceptive, or unfair acts or practices and therefore operates as an implied FDUTPA predicate." *Id.* (citing Fla. Stat. § 501.203(3)(c)). …

*Id.*

Knapp has sufficiently pled and described in the Amended Complaint how VGW violated Fla. Stat. § 849.094 and therefore violated FDUTPA.

## 2.  Response to VGW's Claim That Knapp Fails to State Causation or Actual Damages

VGW claims that Knapp has failed to allege the other 2 other FDUTPA elements of causation and actual damages.  Again, this is incorrect. (D.I. 58, ¶¶ 1, 16, 17-22, 29, 31-33, 45, 68, 79, 81, 82, 117, 120, 121, 124-126, 129)

### a.  Response to VGW's Claim That Knapp Fails to Allege Causation

VGW argues that to establish causation, Knapp must allege facts to show that "the alleged practice was likely to deceive a consumer acting reasonably in the same circumstances."  Those allegations of causation are contained within Knapp's Amended Complaint. Knapp alleges at ¶ 68 that VGW misleads Florida citizens into mistakenly believing that they are playing games permitted by Florida law and regulated the same as legalized casinos.

At Count II, Knapp then specifically alleges "cause", which is that VGW violates FDUTPA, as outlined in the Florida statutes by violating Fla. Stat. § 849.094(2) by the acts listed at ¶ 120, including that VGW has not registered with the proper Florida regulatory agency and failed to comply with its rules in violation of Fla. Stat. § 849.094(3). (D.I. 58, ¶ 121).

VGW attempts to immunize itself from the illegal gambling by claiming that its terms allow for some individuals to play some of VGW's games "without spending any money". This alone does not give VGW a license to conduct illegal gambling. VGW's argument is no better than claiming a convenience store can operate a poker room or casino, so long as it gives away some free products in the store or that a restaurant / bar can put in a full casino so long as it also includes some free to play video games. As alleged in the Amended Complaint, VGW is not making billions by giving away free opportunities to play its casino games of chance. Far and away its profits are produced from paid, illegal gambling. (D.I. 58 ¶¶ 39, 84, 86-87)

As relates to Count V of the Amended Complaint, VGW argues that Knapp has not sufficiently alleged facts to show that consumers are deceived by VGW's false advertisements. However, the Amended Complaint specifically alleges how VGW uses various misleading techniques to entice individuals to gamble on VGW's website. (D.I. 58 ¶¶ 24, 61, 65, 83)

VGW's arguments ignore the specific allegations in the Knapp's Amended Complaint that VGW and FIS worked together to deceive Knapp and other Florida citizens to believe that they are playing legally, licensed casino games. This deception is specifically prohibited by Florida statutes (D.I. 58, ¶¶ 16, 46, 59, 63, 89, 114, 115, 116, 128, 129).

### b. Response to VGW's Claim That Knapp Has Failed to Allege "Actual Damages"

VGW claims that "In the context of FDUTPA, 'actual damages' are defined as 'the difference in the market value of the product or service in the condition in which it was delivered and its market value in the condition in which it should have been delivered according to the contract of the parties. VGW's arguments are inapplicable because the cases cited by VGW involve the sale of "products" in legitimate contracts. Knapp's claims in the Amended Complaint are specifically based on the *per se* violations of law created by the Florida legislature specifically for illegal gambling operations. As for damages, in the Amended Complaint, Knapp pled that because of the violations by VGW and FIS, Knapp and other Florida citizens have suffered damages in millions of dollars. (D.I. 58, ¶¶ 1, 12, 13, 87, 125).

### 3. Response to VGW's Claim that Knapp Fails to State a Claim for Injunctive Relief

VGW challenges Knapp's standing to seek injunctive relief and argues that Knapp must allege that he intends to gamble on VGW's website in the future in order to obtain an injunction VGW's argument, however, ignores Fla. Stat. § 849.21, which permits any person to seek an injunction and does not require a showing that Knapp or any person must claim that he or she will gamble again on VGW's website. It is irrelevant whether Knapp intends to gamble on VGW's website any longer. Knapp has filed his claim for himself and the putative class and not only is it likely that the possible class members will continue to gamble on VGW's website, but the gambling has also continued repeatedly since the filing of the Amended Complaint. VGW continues to operate illegally within Florida because possible class members must have been gambling on the website since the inception of this case. However, if VGW has ceased its illegal operations in Florida then it should simply state that and the request for injunctive relief will be moot. If not, then the request for injunction is proper.

### C.  Response to VGW's Claim That Counts III and V Fail to State a CRCPA Claim

VGW argues that in order for Knapp to state a CRCPA claim he must allege, among other things, a criminal "enterprise."  In almost all of the allegations in the Amended Complaint, Knapp has alleged that VGW is operating an illegal gambling enterprise through VGW Holdings, the parent holding company, its 3 subsidiaries, including VGW Luckyland, and this has been done in conjunction with FIS, consisting of 2 companies. (D.I. 58, ¶¶ 15-33, 40-79, 81-86, 89, 134-142).  Also, in the claims related to Counts I and II, Knapp further describes the enterprise. (D.I. 58, ¶¶ 112-113, 115-116, 127-129).

VGW argues that Knapp has failed to sufficiently allege facts showing that VGW Holdings and VGW Luckyland are separate for purposes of forming an enterprise according to RICO standards.  VGW cites several cases supporting its contention that Knapp must specifically allege separateness between VGW Holdings and VGW Luckyland.  However, this argument fails to recognize that the CRCPA claim is filed against VGW and FIS, plus their subsidiaries.  (D.I. 58 ¶¶ 1-96, 130 – 142).  Further, the fact that VGW Malta and VGW GP, the 2 companies are presently dismissed from this case, does not eliminate them, nor their illegal acts from being part of the "enterprise".

At Count III of the Complaint, Knapp sufficiently pled and described how VGW and FIS have violated Fla. Stat. § 849.14 (lottery – lottery wheels / roulette), § 849.15 (slot machine or device), and § 849.25 (bookmaking – acceptance and receiving of wagers).   These are likewise the basis for *per se* violations of the CRCPA.  The same applies to Count V, where Knapp sued for misleading advertising in violation of the CRCPA and Fla. Stat. § 814.71.

### D.  Response to VGW's Claim That Count IV Fails to State a Civil Conspiracy Claim

VGW argues that "Florida does not recognize civil conspiracy as a freestanding tort." VGW also claims that Knapp fails to allege any facts that would establish an agreement between VGW and FIS to pursue an unlawful objective.  Knapp responds and states that at Count IV of the Amended Complaint, he alleges that, "…VGW and FIS together in concert conspired to cause Plaintiff and the Class to utilize VGW's websites to commit illegal or unlawful acts of gambling and bookmaking. …" (D.I. 58, ¶¶ 144).  Further, Knapp alleged that VGW made several false and misleading advertisements and that FIS knew of these and actively worked in concert with VGW to collect and distribute money for VGW in violation of Fla. Stat. §§ 772.102 and 772.104. (D.I. 58, ¶¶ 150-154).  Knapp has sufficiently alleged 2 illegal acts and torts that form the basis of Knapp's claims of conspiracy.   This is further confirmed by FIS' admissions in its advertisement.  (D.I. 58, Exh. "B").

**Conclusion**

For the reasons cited and argued above, Knapp submits that it is in the best interests of justice to transfer this case back to the Middle District of Florida.  This case was transferred to this Court because VGW argued that its terms of service were to be interpreted and controlled by Delaware law.  It is clear from the Supreme Court of Delaware decisions in *Price Dawe* and *Schlanger* that Delaware holds illegal gambling contracts or agreements to be *void ab initio*, and that none of the terms or clauses in such an agreement or contract are enforceable.  They never came into existence.  Therefore, the forum selection clause and choice of law provision never existed.  Jurisdiction for this case should be in Florida.  Likewise, Delaware law should not take precedence over Florida law in this case.  Regardless, the allegations of the Amended Complaint sufficiently state justiciable causes of action against VGW.  Should the Court determine that Knapp has failed to meet the pleading standards sufficient to support the claims raised in the

Amended Complaint, then Knapp requests leave of the Court to file an Amended Complaint for

all claims that remain legally cognizable in this case.

DONALD L. GOUGE, JR., LLC

*/s/ Donald L. Gouge, Jr. #2234*
DONALD L. GOUGE, JR. (DSB #2234)
800 N. King Street, Suite 303
Wilmington, DE 19801
Phone: (302) 658-1800, Ext. 1
Fax: (302) 225-3634
Email: dgouge@gougelaw.com

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| ERIC A. KNAPP, | |
| Plaintiff, | |
| v. | C.A. No. 25-147-CFC |
| VGW HOLDINGS LIMITED, VGW MALTA LIMITED, VGW LUCKYLAND INC, VGW GP LIMITED, FIDELITY NATIONAL INFORMATION SERVICES, INC., WORLDPAY, INC. and WORLDPLAY, LLC, | |
| Defendants. | |

## CERTIFICATE OF SERVICE

I, Donald L. Gouge, Jr., hereby certify that on July 8, 2025, true and correct

copies of the Response and Memorandum of Law on behalf of Plaintiff Eric A. Knapp were filed

and served upon counsel via the District Court Electronic Filing System as follows:

Andrew Russell
Shaw Keller LLP
United States
1105 North Market St., 12th Floor
I. M. Pei Building
19801
Wilmington, DE 19801
302-298-0704
Email: arussell@shawkeller.com
Behnam Dayanim
Email: bdayanim@orrick.com
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

Emma Roche
Email: eroche@orrick.com
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

Gregory D. Beaman
Email: gbeaman@orrick.com
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

Sarah Shyy
Email: sshyy@orrick.com
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

Virginia Lynch
232 W 14th St
Ste Apt 3b
New York, NY  10011
Email: glynch@shawkeller.com
*ATTORNEY TO BE NOTICED*

Jamie Lynne Brown
Heyman Enerio Gattuso & Hirzel LLP
300 Delaware Avenue, Suite 200
Wilmington, DE 19801
302-472-7318
Email: jbrown@hegh.law

Gillian Lorraine Andrews
Heyman Enerio Gattuso & Hirzel LLP
300 Delaware Avenue, Suite 200
Wilmington, DE 19801
(302) 472-7307
Fax: (302) 472-7320
Email: gandrews@hegh.law

Ian M. Ross, Esquire
Sidley Austin LLP
1001 Brickell Bay Drive, Suite 900
Miami, FL 33131

DONALD L. GOUGE, JR., LLC

*/s/ Donald L. Gouge, Jr. #2234*
DONALD L. GOUGE, JR. (DSB #2234)
800 N. King Street, Suite 303
Wilmington, DE 19801

19

Phone: (302) 658-1800, Ext. 1
Fax: (302) 225-3634
Email: dgouge@gougelaw.com