IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| ERIC A. KNAPP,<br>On behalf of himself and all<br>Other Florida citizens similarly situated,<br><br>　　　　　　　Plaintiff,<br><br>　　v.<br><br>VGW HOLDINGS LIMITED, VGW<br>MALTA LIMITED, VGW LUCKYLAND<br>INC, VGW GP LIMITED, FIDELITY<br>NATIONAL INFORMATION SERVICES,<br>INC., WORLDPAY, INC. and<br>WORLDPLAY, LLC,<br><br>　　　　　　　Defendants. | C.A. No. 25-147-CFC |

**PLAINTIFF'S MEMORANDUM OF
POINTS AND AUTHORITIES IN SUPPORT OF
<u>MOTION TO AMEND TO ALLOW SECOND AMENDED COMPLAINT</u>**

　　　　Plaintiff, ERIC A. KNAPP, by and through the undersigned counsel, pursuant to Fed. R. Civ. P. 15 and Local Rule 15.1 submits this Memorandum of Points and Authorities in support of his request that he be allowed to submit the proposed Second Amended Complaint (Attachment "1" to Plaintiff's Motion To Amend To Allow Second Amended Complaint) and in support submits the following points and authority.

Plaintiff submits that the proposed Second Amended Complaint should be allowed by the Court, as there is no unusually long delay or prejudice to Defendants. In *B# on Demand LLC v. Spotify Tech. S.A.*, 484 F.Supp.3d 188 (D. Del. 2020), the Court stated, "… A district court should freely give leave to amend a complaint "when justice so requires." Fed. R. Civ. P. 15(a)(2); *see Arthur v. Maersk, Inc.*, 434 F.3d 196, 204 (3d Cir. 2006). …" *Id.* at 206.

In *Arthur v. Maersk, Inc.*, 434 F.3d 196 (3rd Cir. 2006) the Third Circuit described the standards to allow an amendment to a complaint and stated:

> …Leave to amend must generally be granted unless equitable considerations render it otherwise unjust. *Foman*, 371 U.S. at 182, 83 S.Ct. 227; *see also Lorenz v. CSX Corp.*, 1 F.3d 1406, 1414 (3d Cir.1993). Among the factors that may justify denial of leave to amend are undue delay, bad faith, and futility. *Lorenz*, 1 F.3d at 1414 (quoting *Foman*, 371 U.S. at 182, 83 S.Ct. 227). We have consistently recognized, however, that "prejudice to the non-moving party is the touchstone for the denial of an amendment." Id. (quoting Cornell & Co. v. Occupational Safety & Health Review Comm'n, 573 F.2d 820, 823 (3d Cir.1978)); see also 3 James Wm. Moore et al., Moore's Federal Practice — Civil § 15.15[2] (3d ed.1997); 6 Wright et al., supra, § 1488.
>
> The District Court determined that the amended complaint presented a valid claim and that the United States would not suffer any prejudice if amendment was permitted. The District Court did not state, and the record does not suggest, that Arthur acted in bad faith or with improper motive. The only potential ground to deny leave to amend is undue delay.
>
> Delay alone is not sufficient to justify denial of leave to amend. *Adams v. Gould Inc.*, 739 F.2d 858, 868 (3d Cir.1984). "[H]owever, at some point, ... delay will become `undue,' placing an unwarranted burden on the court ... [and] an unfair burden on the opposing party." *Id.*, *quoted* in

2

> *Cureton v. Nat'l Collegiate Athletic Ass'n*, 252 F.3d 267, 273 (3d Cir.2001). When a party fails to take advantage of previous opportunities to amend, without adequate explanation, leave to amend is properly denied. *Id*.; *see also Cureton*, 252 F.3d at 273 ("[T]he question of undue delay requires that we focus on the movant's reasons for not amending sooner."). …

*Id*. at 204.

In *Duross v. Connections Cmty. Support Programs, Inc.*, Civil Action No. 20-109-RGA (D. Del. Jul 10, 2020) the Court stated:

> …In general, Federal Rule of Civil Procedure 15(a) governs the amendment of pleadings before trial. The rule provides that leave to amend should be given freely "when justice so requires." *Foman v. Davis*, 371 U.S. 178, 182 (1962). Rule 15(a) "embodies a liberal approach to pleading," and "leave to amend must generally be granted unless equitable considerations render it otherwise unjust." *Arthur v. Maersk, Inc.*, 434 F.3d 196, 204 (3d Cir. 2006). The relevant equitable considerations include undue delay or bad faith by the party seeking leave to amend, prejudice to the non-moving party, futility of the proposed amendments, and judicial economy. *See Mullin v. Balicki*, 875 F.3d 140, 149-50 (3d Cir. 2017). Prejudice to the non-moving party is the "touchstone" inquiry for the denial of leave to amend. Id. at 155. "Futility" means that the complaint, as amended, would fail to state a claim upon which relief could be granted. *Shane v. Fauver*, 213 F.3d 113, 115 (3d Cir. 2000). In assessing futility, the district court applies the same standard of legal sufficiency as applies under Rule 12(b)(6), failure to state a claim. Id. …

*Id*. at 3.

Plaintiff has attached the proposed Second Amended Complaint as part of his motion to amend. Plaintiff's proposed Second Amended Complaint includes additional allegations to support Plaintiff's claims that all defendants are subject to the jurisdiction of American courts and the laws of the state of Florida and

3

Delaware. In particular, the additional facts and details establishing jurisdiction are outlined to further show that jurisdiction exists over previously dismissed defendants VGW MALTA LIMITED and VGW GP LIMITED, which are foreign corporations that purposely and intentionally conduct business within the United States. As addressed below, Plaintiff's motion to amend is not untimely in light of the recent act of VGW HOLDINGS LIMITED in issuing a press release on August 19, 2025, where on behalf of all proposed VGW defendants, Laurence Escalante, the founder and CEO of VGW HOLDINGS LIMITED admitted, "…We've operated in North America for more than a decade… ." (Exhibit "C").

The transferring court, the Middle District of Florida, previously dismissed without prejudice the claims filed regarding VGW MALTA LIMITED and VGW GP LIMITED on the basis of *forum non conveniens,* and ruled that those claims should be resolved in the Island of Malta, where VGW MALTA LIMITED and VGW GP LIMITED are licensed internet gambling operations (D.I. 81, pp. 23, 27). When Plaintiff's counsel asked the Middle District of Florida to reconsider the dismissal without prejudice of VGW MALTA LIMITED and VGW GP LIMITED, due to the existence of Article 56A of the Malta Gaming Act, the court did not rule on the merits of Plaintiff's request but rather held that the request was untimely or was an attempt at "a second bite at the apple." *Knapp v. VGW Holdings Ltd.*, Case No. 6:24-cv-413-CEM-DCI, 2025 U.S. Dist. LEXIS 44817; 2025 LX 63968, *7

4

(M.D. Fla. Mar. 12, 2025). Therefore, Plaintiff is not prohibited from seeking to add VGW MALTA LIMITED and VGW GP LIMITED as parties.

As stated and shown in the proposed Second Amended Complaint, VGW MALTA LIMITED and VGW GP LIMITED are subject to the claims now before this Court and within this Court's jurisdiction because no reasonable forum exists in Malta due to the enactment of Article 56A of the Malta Gaming Act, a copy of which is attached to the proposed Second Amended Complaint, and is enclosed as part of this memorandum as Exhibit "A". Under Article 56A of the Malta Gaming Act, Plaintiff will be prohibited from seeking any relief against VGW MALTA LIMITED and VGW GP LIMITED and will be denied his "day in court". Therefore, Plaintiff is entitled to seek a remedy in the American courts. *See, Collins v. Mary Kay, Inc.,* 874 F.3d 176, 181 (3rd Cir. 2017); *Turner v. Lam Research Corp.*, Civil Action No. 23-435-CJB, 2024 U.S. Dist. LEXIS 205931, 2024 WL 4766208 at 13 (D. Del. Nov. 13, 2024).

The proposed Second Amended Complaint includes Count VI, an alternative claim for restitution, pursuant to Delaware law, which the Supreme Court of Delaware has recognized as warranted and appropriate in this type of case. *PHL Variable Ins. Co. v. Price Dawe 2006 Ins. Trust*. 28, A.3d 1059 (Del. 2011) and *Wilmington Trust, Nat'l Ass'n v. Sun Life Assurance Co. of Can.,* 294 A.3d 1062 (Del. 2023). Count VI is appropriate since Defendants have submitted motions to

dismiss the Amended Complaint where they have claimed that this case should be considered solely on the basis of Delaware law.  (D.I. 101, 102).

Finally, since the filing of this lawsuit nearly 8 additional states have issued "cease and desist" letters to VGW HOLDINGS LIMITED causing it to cease operations in those states and on August 5, 2025, 47 states' attorneys general, through the National Association of Attorneys General requested the United States Department of Justice to investigate and prosecute illegal internet gambling operations such as VGW's websites for violations of the Unlawful Internet Gambling Enforcement Act, 31 U.S.C. §§ 5361-5367.  And as recently as August 19, 2025, VGW has publicized that it has entered into a contract with a California Indian tribe in order to attempt to seek protections under the Indian Gaming Regulatory Act, 25 U.S.C. § 2701. *et. seq.*, and avoid additional governmental efforts to eliminate VGW's illegal gambling operations. *See, California v. Lipay Nation of Santa Ysabel,* 898 F.3d 960 (9th Cir. 2018); *West Flagler Associates, Ltd.*, 71 F.4th 1059 (D.C. Cir. 2023).  Copies of these documents are attached as Exhibits "B" and "C".  These show that the issues raised in the proposed Second Amended Complaint are timely and important for the Court to assess VGW's and FIS' operations and to determine whether they are illegal gambling operations under Florida or Delaware law, especially since VGW's new model of partnering with

Indian tribes might be attempted by at least 914 other known internet gambling websites that are estimated to operate in the United States. Exhibit "D".

For these reasons, Plaintiff requests that the Court grant his motion and allow the proposed Second Amended Complaint to be filed and to require all proposed defendants to respond.

        DONALD L. GOUGE, JR., LLC

        */s/ Donald L. Gouge, Jr. #2234*
        DONALD L. GOUGE, JR. (DSB #2234)
        800 N. King Street, Suite 303
        Wilmington, DE 19801
        Phone: (302) 658-1800, Ext. 1
        Fax: (302) 225-3634
        Email: dgouge@gougelaw.com

        DENNIS WELLS

        */s/ Dennis Wells*
        Dennis Wells
        Webb & Wells, P.A.
        P.O. Box 915432
        Longwood, Florida 32779
        Tel: (407) 865-5600
        Florida Bar No.: 368504
        Email: denniswells2@icloud.com
        Attorney for Plaintiff (Pro Hac Vice)
        Eric A. Knapp

Dated: August 29, 2025

IN THE UNITED STATES DISTRICT COURT

THE DISTRICT OF DELAWARE

| | |
|---|---|
| ERIC A. KNAPP,<br>On behalf of himself and all<br>Other Florida citizens similarly situated,<br><br>　　　　　　　　Plaintiff,<br><br>　　v.<br><br>VGW HOLDINGS LIMITED, VGW<br>MALTA LIMITED, VGW LUCKYLAND<br>INC, VGW GP LIMITED, FIDELITY<br>NATIONAL INFORMATION SERVICES,<br>INC., WORLDPAY, INC. and<br>WORLDPLAY, LLC,<br><br>　　　　　　　　Defendants. | C.A. No. 25-147-CFC |

## CERTIFICATE OF SERVICE

I, Donald L. Gouge, Jr., hereby certify that on August 29, 2025, true and correct copies of the Memorandum of Law in Support of Motion To Allow Second Amended Complaint on behalf of Plaintiff Eric A. Knapp were filed and served upon counsel via the District Court Electronic Filing System as follows:

Andrew Russell
Shaw Keller LLP
United States
1105 North Market St., 12th Floor
I. M. Pei Building
19801

Wilmington, DE 19801
302-298-0704
Email: arussell@shawkeller.com

Behnam Dayanim
Email: bdayanim@orrick.com
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

Emma Roche
Email: eroche@orrick.com
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

Gregory D. Beaman
Email: gbeaman@orrick.com
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

Sarah Shyy
Email: sshyy@orrick.com
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

Virginia Lynch
232 W 14th St
Ste Apt 3b
New York, NY   10011
Email: glynch@shawkeller.com
*ATTORNEY TO BE NOTICED*

Jamie Lynne Brown
Heyman Enerio Gattuso & Hirzel LLP
300 Delaware Avenue, Suite 200
Wilmington, DE 19801
302-472-7318
Email: jbrown@hegh.law

Gillian Lorraine Andrews
Heyman Enerio Gattuso & Hirzel LLP
300 Delaware Avenue, Suite 200
Wilmington, DE 19801
(302) 472-7307
Fax: (302) 472-7320
Email: gandrews@hegh.law

Ian M. Ross, Esquire
Sidley Austin LLP
1001 Brickell Bay Drive, Suite 900
Miami, FL 33131

                                DONALD L. GOUGE, JR., LLC

                                */s/ Donald L. Gouge, Jr. #2234*
                                DONALD L. GOUGE, JR. (DSB #2234)
                                800 N. King Street, Suite 303
                                Wilmington, DE 19801
                                Phone: (302) 658-1800, Ext. 1
                                Fax: (302) 225-3634
                                Email: dgouge@gougelaw.com

                       Attorney for Plaintiff

Dated : August 29, 2025