IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| ERIC A. KNAPP, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | C.A. No. 25-147-CFC |
| | ) | |
| VGW HOLDINGS LIMITED, | ) | |
| VGW LUCKYLAND, INC., | ) | |
| FIDELITY NATIONAL | ) | |
| INFORMATION SERVICES, INC., | ) | |
| WORLDPAY, INC. and | ) | |
| WORLDPAY, LLC, | ) | |
| | ) | |
| Defendants. | ) | |

### VGW DEFENDANTS' OPPOSITION TO PLAINTIFF'S MOTION FOR LEAVE TO FILE SECOND AMENDED COMPLAINT

OF COUNSEL:
Behnam Dayanim
ORRICK, HERRINGTON
 & SUTCLIFFE LLP
2100 Pennsylvania Avenue NW
Washington, D.C. 20037
(202) 339-8400

Gregory Beaman
ORRICK, HERRINGTON
 & SUTCLIFFE LLP
51 West 52nd Street
New York, NY 10019-6142
(212) 506-5000

Karen E. Keller (No. 4489)
Andrew E. Russell (No. 5382)
SHAW KELLER LLP
I.M. Pei Building
1105 North Market Street, 12th Floor
Wilmington, DE 19801
(302) 298-0700
kkeller@shawkeller.com
arussell@shawkeller.com
*Attorneys for VGW Holdings Limited and VGW Luckyland, Inc.*

Sarah Shyy
ORRICK, HERRINGTON
 & SUTCLIFFE LLP
2050 Main Street
Suite 1100
Irvine, CA 92614-8255
(949) 567-6700

Emma Roche
ORRICK, HERRINGTON
 & SUTCLIFFE LLP
1000 Marsh Road
Menlo Park, CA 94025-1015
(650) 614-7400

Dated: September 15, 2025

# **TABLE OF CONTENTS**

NATURE AND STAGE OF THE PROCEEDINGS ................................................. 1

RELEVANT BACKGROUND ........................................................................... 3

LEGAL STANDARD ....................................................................................... 5

ARGUMENT ................................................................................................... 7

    I.    Leave to Amend Should Be Denied for Lack of Good Cause and Delay ................................................................................. 7

    II.   Leave to Amend Should Be Denied for Futility ................................ 10

    III.  If the Court Is Inclined to Grant Leave to Amend, the Court Should, at a Minimum, Condition Leave to Amend on Plaintiff's Reimbursement of VGW's Fees Incurred in Connection With Its Motion to Dismiss ............................................. 12

CONCLUSION ............................................................................................... 13

# TABLE OF AUTHORITIES

Page(s)

**Cases**

*Acevedo v. Monsignor Donovan High Sch.*,
  No. 05–5169 (MLC), 2006 WL 2594877 (D.N.J. Sept. 11, 2006) ....................10

*Albert v. Alex. Brown Mgmt. Servs., Inc.*,
  No. CIV.A. 762-N, 2005 WL 2130607 (Del. Ch. Aug. 26, 2005) ....................11

*Bosley v. The Chubb Inst.*,
  516 F. Supp. 2d 479 (E.D. Pa. 2007) ..................................................................10

*Gen. Signal Corp. v. MCI Telecomms. Corp.*,
  66 F.3d 1500 (9th Cir. 1995) ..............................................................................12

*Genentech, Inc. v. Amgen Inc.*,
  No. 17-1407-CFC, 2020 WL 708113 (D. Del. Feb. 12, 2020) ............................6

*Hines v. Roc-A-Fella Records, LLC*,
  No. 19-CV-4587 (JPO), 2020 WL 1888832 (S.D.N.Y. Apr. 16, 2020) .............13

*In re Johnson & Johnson Derivative Litig.*,
  865 F. Supp. 2d 545 (D.N.J. 2011) .....................................................................12

*Knapp v. VGW Holdings Ltd.*,
  No. 6:24-cv-413-CEM-DCI, 2025 WL 881326 (M.D. Fla. Mar. 12, 2025) ........9

*Matlack, Inc. v. Hupp Corp.*,
  57 F.R.D. 151 (E.D. Pa. 1972) ............................................................................12

*McHugh v. N.J.*,
  604 F.3d 788 (3d Cir. 2010) .................................................................................6

*Mondero v. Lewes Surgical & Med. Assocs., P.A.*,
  No. 14–588–RGA, 2016 WL 6562037 (D. Del. Nov. 3, 2016) .........................11

*Ortiz-Montero v. P.R.*,
  No. CV 20-1091, 2022 WL 22956324 (D.P.R. Aug. 8, 2022) ..........................11

*Schumann v. Astrazeneca Pharms. L.P.*,
  769 F.3d 837 (3d Cir. 2014) .................................................................................6

*Shane v. Fauver*,
    213 F.3d 113 (3d Cir. 2000) ................................................................................6

*Wisp Partners, Inc. v. Wisper ISP, LLC*,
    No. 22-cv-01953-WJM-NRN, 2023 WL 4297582 (D. Colo. June 30, 2023)....13

iii

Defendants VGW Holdings Ltd. and VGW Luckyland, Inc. (together, "VGW"), respectfully submit this opposition to Plaintiff's motion for leave to file a second amended complaint (D.I. 116).

## NATURE AND STAGE OF THE PROCEEDINGS

Plaintiff filed this putative class action against VGW and its affiliates, VGW Malta Ltd. and VGW GP Ltd. (collectively, "VGW Group"), in Florida on December 1, 2023. D.I. 1-2. Plaintiff filed an amended complaint in Florida federal court on August 25, 2024. D.I. 58. Plaintiff asserted various claims that VGW Group's online casino-themed social games violate Florida law. On February 6, 2025, the Middle District of Florida (1) transferred the claims against VGW Luckyland and its parent VGW Holdings to this Court, pursuant to the mandatory Delaware forum selection clause in VGW Luckyland's terms of service; and (2) dismissed the claims against VGW Malta and VGW GP pursuant to the mandatory Malta forum selection clause in their terms of service. D.I. 81. Upon transfer to this Court, VGW and Plaintiff agreed to a briefing schedule for VGW's 12(b)(6) motion to dismiss the amended complaint. D.I. 99. VGW's motion was fully briefed on July 29, 2025. D.I. 110. Plaintiff filed the instant motion for leave to amend on September 2, 2025. D.I. 116.

## SUMMARY OF ARGUMENT

Plaintiff's motion for leave to amend a second time should be denied.

1

1.     ***First***, the deadline for amending pleadings—entered by the Florida federal court before transfer—expired on June 22, 2024. Regardless of whether Plaintiff's motion is evaluated under Rule 16(b) or Rule 15(a)(2), leave to amend should be denied for lack of good cause and undue delay. Plaintiff's suggestion that his amendments are responsive to VGW's motion to dismiss is belied by the record. Plaintiff has been on notice of VGW's positions since VGW filed its first motion in this case in March 2024. Plaintiff had over a year-and-a-half to make the amendments he proposes, yet he chose not to do so at every turn. Moreover, if Plaintiff believed his proposed amendments cured the fatal pleading defects identified in VGW's motion to dismiss, he should have sought leave to amend in response to that motion. Instead, he filed an opposition and waited over a month after VGW's dispositive motion was fully briefed on reply to seek leave to amend.

2.     ***Second***, leave to amend should independently be denied for futility, as Plaintiff's proposed amendments do not cure the fatal defects in Plaintiff's amended complaint. Plaintiff's attempt to reinstate the dismissed claims against VGW Malta and VGW GP through an amended pleading is barred by the law of the case doctrine. Plaintiff's proposed "restitution" claim under Delaware law fails because restitution is a remedy, not a cause of action, and restitution is not available where, as here, an express contract governs the parties' relationship. Finally, Plaintiff's other proposed

2

amendments do not rebut VGW's showing in its 12(b)(6) motion that Plaintiff's amended complaint fails to state a claim and must be dismissed as a matter of law.

3.   **Third**, even if the Court were inclined to grant Plaintiff a third bite at the apple nearly two years into this case, VGW respectfully requests that the Court condition leave to amend on Plaintiff's reimbursement of VGW's attorneys' fees and costs incurred in connection with briefing its pending motion to dismiss. Plaintiff's amended allegations were available to him when he filed this case in 2023, when he responded to VGW's motions to transfer and dismiss and amended his complaint in Florida in 2024, and when he responded to VGW's 12(b)(6) motion filed in this Court on June 9, 2025. Plaintiff offers no explanation for why he agreed to a briefing schedule for VGW's motion to dismiss in this Court, and then waited over a month after VGW's 12(b)(6) motion was fully briefed to seek leave to amend.

## RELEVANT BACKGROUND

Plaintiff originally filed this action in Florida state court on December 1, 2023. D.I. 1-2. The first complaint named VGW Group as defendants, along with VGW Group's purported payment processor, Fidelity National Information Services, Inc. ("FIS"), and FIS's defunct former affiliate Worldpay, Inc. *Id*. The complaint alleged that VGW Group's games are illegal "gambling" under Florida law and asserted individual and putative class claims on behalf of Florida players of the games. *Id*.

3

On March 29, 2024, VGW Group filed a motion to transfer in part and otherwise dismiss Plaintiff's claims pursuant to the mandatory Delaware and Malta forum selection clauses in VGW Group's terms of service for the games ("Terms"). D.I. 21. VGW Group's motion was fully briefed on May 14, 2024. D.I. 46.

On June 22, 2024, Plaintiff filed a motion to amend his complaint to add FIS affiliate Worldpay LLC as a defendant. D.I. 51. Plaintiff did not make any other amendments to his complaint. *Id*. The Florida federal court granted leave to amend (D.I. 57), and Plaintiff filed his amended complaint on August 25, 2024 (D.I. 58).

On September 9, 2024, VGW Group filed a renewed motion to transfer in part and otherwise dismiss the amended complaint pursuant to the mandatory Delaware and Malta forum selection clauses in the Terms for the games. D.I. 61.

The Florida federal court granted VGW Group's motion on February 6, 2025. D.I. 81. The court (1) transferred Plaintiff's claims against VGW Luckyland (and the related claims against its parent VGW Holdings) to this Court, pursuant to the mandatory Delaware forum selection clause in the Terms for VGW Luckyland's games; and (2) dismissed for *forum non conveniens* the claims against VGW Malta and VGW GP (and the related claims against their parent VGW Holdings), pursuant to the mandatory Malta forum selection clauses in the Terms for their games. *Id*.

Upon transfer, the parties agreed to a briefing schedule for VGW's and FIS's motions to dismiss the amended complaint, which this Court so-ordered on April 10,

4

2025. D.I. 99. In accordance with the Court's order, VGW and FIS filed their motions to dismiss on June 9 (D.I. 100, 103), Plaintiff filed his oppositions on July 8 (D.I. 106, 108), and VGW and FIS filed their replies on July 29, 2025 (D.I. 109, 110).

On September 2, 2025, over a month after VGW's and FIS's motions to dismiss were fully briefed and submitted to this Court, Plaintiff filed the instant motion for leave to file a second amended complaint. D.I. 116. Because Plaintiff did not provide a redline reflecting his proposed amendments as required by Local Rule 15.1(b), VGW submits herewith a redline reflecting the proposed amendments. *See* Decl. of Gregory D. Beaman dated September 15, 2025 ("Beaman Decl."), Ex. 1.

Plaintiff's proposed amendments seek to (1) add VGW affiliates, VGW US Inc. and VGW Holdings US Inc., as defendants (*id*. ¶ 2); (2) add irrelevant allegations that VGW and its affiliates are subject to personal jurisdiction in Delaware and Florida (*id*. ¶¶ 14-61); (3) reinstate the dismissed claims against VGW Malta and VGW GP on purported grounds that were already rejected by the Florida federal court (*id*. ¶¶ 63-67); (4) add an alternative claim for "restitution" under Delaware law (*id*. ¶ 273-93); and (5) add allegations that Plaintiff apparently believes further support his claim that the games are unlawful "gambling" (*id*. ¶¶ 68-192).

## LEGAL STANDARD

While Rule 15(a)(2) provides that leave to amend should be freely granted "when justice so requires," courts may deny leave to amend where "(1) the moving

5

party has demonstrated undue delay, bad faith or dilatory motives, (2) the amendment would be futile, or (3) the amendment would prejudice the other party." *Schumann v. Astrazeneca Pharms. L.P.*, 769 F.3d 837, 849 (3d Cir. 2014). Delay is "undue" where "the plaintiff has had previous opportunities to amend." *McHugh v. N.J.*, 604 F.3d 788, 803 (3d Cir. 2010). Amendment is "futile" where the allegations would fail to state a claim. *Shane v. Fauver*, 213 F.3d 113, 115 (3d Cir. 2000).

"As a general matter, Rule 15(a) governs the amendment of pleadings before trial." *Genentech, Inc. v. Amgen Inc.*, No. 17-1407-CFC, 2020 WL 708113, at *1 (D. Del. Feb. 12, 2020). "But when, as here, a party seeks to amend a pleading after the scheduling order's deadline for pleading amendments has passed, the court will apply Rule 16(b) as opposed to Rule 15(a)." *Id.* "Rule 16(b) requires district courts to impose a schedule and instructs that once the schedule is set, it 'may be modified *only for good cause* and with the judge's consent.'" *Id.* (emphasis in original). "'Good cause' exists when the party seeking leave to amend exercised reasonable diligence in trying to comply with the scheduling order." *Id.* "Thus, '[i]n contrast to Rule 15(a), the good cause standard under Rule 16(b) hinges on diligence of the movant, and not on prejudice to the non-moving party.'" *Id.* (citation omitted).

6

# ARGUMENT

I. <u>**Leave to Amend Should Be Denied for Lack of Good Cause and Delay**</u>

Before this case was transferred, the Florida federal court entered a scheduling order setting a deadline of June 22, 2024, for the parties to amend their pleadings and join additional parties. D.I. 34 at 1. Plaintiff waited until June 22, 2024, to request leave to amend his complaint. D.I. 51. Plaintiff could have decided at that time to make all the amendments he now purports to make, but he chose instead to limit his amendment solely to adding Worldpay LLC as a defendant. *Id*. The court granted leave for that limited amendment (D.I. 57), and Plaintiff filed his amended complaint on August 25, 2024 (D.I. 58). Regardless of whether this Court evaluates Plaintiff's motion under Rule 16(b) or Rule 15(a), Plaintiff's request for leave to now amend a second time should be denied for lack of good cause and undue delay.

*First*, Plaintiff claims he seeks to add a "restitution" claim under Delaware law, in the alternative to his Florida law claims, "in response to [VGW's] arguments that the claims and disputes are subject to Delaware law." D.I. 116 ¶ 3; *see also* D.I. 117 at 5-6. But Plaintiff has been on notice of VGW's position that Delaware law exclusively applies to this dispute since at least March 29, 2024, when VGW filed its first motion to transfer in part and otherwise dismiss. D.I. 21. In that motion, VGW argued that Plaintiff's claims are governed exclusively by Delaware law, pursuant to the Delaware choice-of-law clause in the Terms. *Id*. at 6-7, 12-13, 17-

7

18; *see also* D.I. 21-2 ¶¶ 14-18; D.I. 46 at 3-4. Plaintiff could have asserted his purported Delaware "restitution" claim when he sought leave to amend his complaint three months later on June 22, 2024, but he chose not to do so. VGW again asserted that Delaware law applies, to the exclusion of Florida law, in its motion to transfer in part and otherwise dismiss the amended complaint on September 9, 2024. D.I. 61 at 6, 11-12, 17-18; *see also* D.I. 61-2 ¶¶ 14-18; D.I. 74 at 4-6. Again, Plaintiff could have sought leave at that time to amend his complaint to add a Delaware claim, but he chose not to do so. Moreover, the Florida federal court observed in its February 6, 2025, transfer and dismissal order that Delaware law "controls here per the choice of law clause." D.I. 81 at 23. Plaintiff could have sought leave to amend his complaint to add a Delaware claim upon transfer to this Court, but, again, he chose not to do so. Finally, VGW's pending motion to dismiss, filed in this Court on June 9, 2025, argued that the amended complaint must be dismissed because Plaintiff asserts no claims under Delaware law. D.I. 101 at 7-8. Plaintiff could have sought leave to add a Delaware law claim in response to that motion, but, again, he chose not to do so. Instead, Plaintiff filed an opposition and waited over a month after VGW's motion to dismiss was fully briefed to seek to add a Delaware claim that he could have asserted a year-and-a-half ago. Plaintiff's extraordinarily belated request to add a Delaware claim now should be denied for lack of good cause and undue delay. The belated claim is also futile, in any event, for the reasons discussed below.

8

*Second*, Plaintiff seeks through his proposed amendment to nullify the Florida federal court's order dismissing VGW Malta and VGW GP from this case. D.I. 116 ¶ 2; *see also* D.I. 117 at 4-5. The Florida federal court dismissed the claims against VGW Malta and VGW GP for *forum non conveniens*, pursuant to the mandatory Malta forum selection clause in their Terms. D.I. 81 at 14-27. Plaintiff now seeks to reinstate those dismissed claims through an amended pleading in which he argues that the Malta forum selection clause is unenforceable because Article 56A of the Malta Gaming Act allegedly would deprive him of a remedy in Malta's courts. D.I. 117 at 5. Plaintiff offers no Malta authority in support of that bald assertion, but even if he had, Article 56A was enacted in 2023, before Plaintiff even filed this case—a fact the Florida federal court noted in denying Plaintiff's motion for reconsideration of the dismissal order on this very ground. *See Knapp v. VGW Holdings Ltd.*, No. 6:24-cv-413-CEM-DCI, 2025 WL 881326, at *3 (M.D. Fla. Mar. 12, 2025). Plaintiff had over a year-and-a-half to raise Article 56A, but he chose not to do so. His attempt to raise Article 56A now fails for lack of good cause and undue delay. In any event, even if Plaintiff's request were timely (it is not), Plaintiff cannot end-run the Florida federal court's dismissal order through an amended pleading, as discussed below.

*Third*, Plaintiff's other proposed amendments also fail for lack of good cause and undue delay. Plaintiff offers no explanation for why he waited nearly two years after filing this case to name VGW US Inc. and VGW Holdings US Inc. as proposed

9

defendants and to add additional allegations regarding the games, all of which he could have done when he filed this case in December 2023 or any time thereafter, including when he amended his complaint in August 2024. Moreover, if Plaintiff believed his proposed amendments cured the pleading defects identified in VGW's 12(b)(6) motion, Plaintiff should have sought leave to amend in response to that motion. Finally, Plaintiff's proposed personal jurisdiction allegations, in addition to being untimely, are irrelevant because VGW has not contested personal jurisdiction in this case, as the forum selection clause in the operative Terms calls for exclusive jurisdiction and venue in Delaware (hence the transfer). D.I. 61-1, Ex. A § 24.17.

## II.     Leave to Amend Should Be Denied for Futility

Plaintiff's motion for leave to amend should also be denied for the separate and independent reason that Plaintiff's proposed amendments are futile.

*First*, Plaintiff cannot unilaterally reinstate his dismissed claims against VGW Malta and VGW GP by amending his complaint. The Florida federal court already dismissed VGW Malta and VGW GP for *forum non conveniens* and denied Plaintiff's motion for reconsideration premised on Article 56A. *See supra* at 4. The law of the case doctrine precludes Plaintiff from resurrecting the dismissed claims through an amended pleading. *See, e.g.*, *Bosley v. The Chubb Inst.*, 516 F. Supp. 2d 479, 486-87 (E.D. Pa. 2007) (law-of-the-case doctrine barred plaintiffs from reinstating a dismissed defendant through an amendment to the complaint); *Acevedo*

10

*v. Monsignor Donovan High Sch.*, No. 05–5169 (MLC), 2006 WL 2594877, at *3 (D.N.J. Sept. 11, 2006) ("[T]he law of the case doctrine" barred plaintiff from attempting to reinstate through an amended pleading "claims which were just dismissed by the District Court"); *Ortiz-Montero v. P.R.*, No. CV 20-1091, 2022 WL 22956324, at *3 (D.P.R. Aug. 8, 2022) ("[L]et it be clear: the Court will not allow the amended complaint to resurrect previously dismissed claims. A contrary determination would unfairly allow Plaintiff to get a second bite at the apple to prevail on claims that were previously dismissed."). As the Eleventh Circuit indicated when it dismissed Plaintiff's appeal of the *forum non conveniens* dismissal of VGW Malta and VGW GP, if Plaintiff wishes to challenge the dismissal order, his remedy is to appeal at the conclusion of this case. *See* Beaman Decl., Ex. 2 at 3.

**Second**, Plaintiff's proposed addition of a cause of action for "restitution" under Delaware law is futile because "restitution is a remedy, not a cause of action." *Mondero v. Lewes Surgical & Med. Assocs., P.A.*, No. 14–588–RGA, 2016 WL 6562037, at *5 (D. Del. Nov. 3, 2016). Moreover, restitution is not available where, as here, a contract governs the parties' relationship. *Albert v. Alex. Brown Mgmt. Servs., Inc.*, No. CIV.A. 762-N, 2005 WL 2130607, at *8 (Del. Ch. Aug. 26, 2005).

**Third**, none of Plaintiff's other proposed amendments cures the fatal defects in Plaintiff's amended complaint. The proposed amendments do not rebut VGW's showing in its pending 12(b)(6) motion that (1) Count I fails for lack of a private

11

right of action under Chapter 849 of the Florida Statutes; (2) Count II fails to state a claim under the Florida Deceptive and Unfair Trade Practices Act, including because Plaintiff fails to adequately allege a *per se* violation, causation, actual damages, or Article III standing for injunctive relief; (3) Counts III and V fail to state a claim under the Florida Civil Remedies for Criminal Practices Act, including because Plaintiff fails to allege an "enterprise"; and (4) Count IV fails to state a civil conspiracy claim, including because Plaintiff fails to allege facts that would establish an agreement between VGW and FIS to pursue an illegal objective. *See* D.I. 101 at 9-20; *see also* D.I. 110 at 5-10. Leave to amend should therefore be denied as futile.

### III. If the Court Is Inclined to Grant Leave to Amend, the Court Should, at a Minimum, Condition Leave to Amend on Plaintiff's Reimbursement of VGW's Fees Incurred in Connection With Its Motion to Dismiss

Even if this Court were inclined to grant Plaintiff leave to amend, this Court should require Plaintiff to reimburse VGW for its attorneys' fees and costs incurred in connection with briefing its first motion to dismiss in this Court. *See Matlack, Inc. v. Hupp Corp.*, 57 F.R.D. 151, 163-64 n.15 (E.D. Pa. 1972) (courts have the "power to allow counsel fees as a condition of granting leave" to amend, including to compensate the defendant for its "wasted expenses"); *In re Johnson & Johnson Derivative Litig.*, 865 F. Supp. 2d 545, 580 (D.N.J. 2011) (courts may "condition leave to amend on the plaintiff paying the defendant's attorneys' fees incurred in connection with the initial motion to dismiss"); *see also Gen. Signal Corp. v. MCI*

12

*Telecomms. Corp.*, 66 F.3d 1500, 1514 (9th Cir. 1995) (courts "may impose costs pursuant to Rule 15 as a condition of granting leave to amend in order to compensate the opposing party for additional costs incurred because the original pleading was faulty"); *Hines v. Roc-A-Fella Records, LLC*, No. 19-CV-4587 (JPO), 2020 WL 1888832, at *4 (S.D.N.Y. Apr. 16, 2020) ("[L]eave to amend is conditioned on [plaintiff's] payment of the costs and attorney's fees incurred by [defendants] in filing and defending their motions to dismiss."); *Wisp Partners, Inc. v. Wisper ISP, LLC*, No. 22-cv-01953-WJM-NRN, 2023 WL 4297582, at *3 (D. Colo. June 30, 2023) (conditioning leave to amend on plaintiff's payment of defendants' "attorneys' fees for briefing the initial motion to dismiss and its associated reply"). As discussed above, Plaintiff's proposed amendments are not based on new facts or evidence; to the contrary, Plaintiff's proposed amendments were available to him and could have been asserted when he filed this case in December 2023, in response to VGW's motions to transfer and dismiss in 2024, or in response to VGW's 12(b)(6) motion.

## **CONCLUSION**

For the reasons set forth above, this Court should deny Plaintiff's motion for leave to further amend his already-amended complaint. If leave to amend is allowed, VGW respectfully requests that the Court condition leave to amend on Plaintiff's payment of VGW's attorneys' fees and costs incurred on its motion to dismiss.

13

|  |  |
|---|---|
| | Respectfully submitted, |
| | /s/ Andrew E. Russell |
| | Karen E. Keller (No. 4489) |
| | Andrew E. Russell (No. 5382) |
| | SHAW KELLER LLP |
| OF COUNSEL: | I.M. Pei Building |
| Behnam Dayanim | 1105 North Market Street, 12th Floor |
| ORRICK, HERRINGTON | Wilmington, DE 19801 |
| & SUTCLIFFE LLP | (302) 298-0700 |
| 2100 Pennsylvania Avenue NW | kkeller@shawkeller.com |
| Washington, D.C. 20037 | arussell@shawkeller.com |
| (202) 339-8400 | *Attorneys for VGW Holdings Limited and VGW Luckyland, Inc.* |

Gregory D. Beaman
ORRICK, HERRINGTON
 & SUTCLIFFE LLP
51 West 52nd Street
New York, NY 10019-6142
(212) 506-5000

Sarah Shyy
ORRICK, HERRINGTON
 & SUTCLIFFE LLP
2050 Main Street
Suite 1100
Irvine, CA 92614-8255
(949) 567-6700

Emma Roche
ORRICK, HERRINGTON
 & SUTCLIFFE LLP
1000 Marsh Road
Menlo Park, CA 94025-1015
(650) 614-7400

Dated: September 15, 2025