IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| ERIC A. KNAPP, | |
| Plaintiff, | |
| v. | Civil Action No. 25-147-CFC |
| VGW HOLDINGS LIMITED, VGW LUCKYLAND, INC., FIDELITY NATIONAL INFORMATION SERVICES, INC., WORLDPAY, LLC, | |
| Defendants. | |

**MEMORANDUM ORDER**

Pending before me is Plaintiff's "Motion to Amend to Allow Second Amend Complaint" (D.I. 116). I assume that Plaintiff is asking me by his motion for leave to amend the operative First Amended Complaint (the Complaint). *See* D.I. 58. Defendants oppose the motion. D.I. 118; D.I. 119.

I. **BACKGROUND**

Plaintiff Eric A. Knapp, on behalf of himself and all other Florida citizens similarly situated, brings this action against Defendants VGW Holdings Limited and VGW Luckyland Inc. (collectively, VGW), Fidelity National Information Services, Inc. (Fidelity), and Worldpay, LLC. The five-count Complaint alleges claims under Florida law. According to the Complaint, VGW operates an online

game called "LuckyLand Slots" that offers electronic versions of popular casino games like slot machines, blackjack, and poker. D.I. 58 ¶ 18. Knapp alleges that LuckyLand Slots is illegal gambling under Florida law. D.I. 58 ¶ 19.

## II.   PROCEDURAL HISTORY

This case originated in Florida state court and Defendants removed it to the U.S. District Court for the Middle District of Florida. D.I. 1. Knapp's original complaint included claims against VGW and Fidelity and two additional parties, VGW Malta Limited and VGW GP Limited. *See* D.I. 1-2 at 1. On August 25, 2024, Knapp filed the Complaint, which added Worldpay, Inc. as a defendant. D.I. 58 at 1.

Defendants moved to transfer the case to this Court pursuant to forum selection and choice-of-law clauses in the governing contracts and to dismiss the Complaint as to certain parties on *forum non conveniens* grounds. D.I. 61 (VGW, including VGW Malta and VGW GP); D.I. 65 (Fidelity and Worldpay, LLC). On February 6, 2025, the Middle District Court granted VGW's, Fidelity's, and Worldpay, LLC's motions to transfer based in large part on the Delaware forum selection clauses. D.I. 81 at 21–26. It also granted *forum non conveniens* dismissals of the claims against VGW Malta and VGW GP, also in large part because the relevant forum selection clauses required that suits against those two entities be brought in the Republic of Malta. D.I. 81 at 22–23.

Defendants filed motions to dismiss on June 9, 2025. D.I. 100 (VGW); D.I. 103 (Fidelity and Worldpay, LLC). The motions were fully briefed on July 29, 2025. D.I. 109 (Fidelity and Worldpay, LLC); D.I. 110 (VGW). Knapp filed the pending motion on September 2, 2025.

## III.  LEGAL STANDARD

Federal Rule of Civil Procedure 15 governs amendments to pleadings generally, providing that "[t]he court should freely give leave [to amend] when justice so requires." *See* Fed. R. Civ. P. 15(a)(2). When a party moves to amend past the date set by the scheduling order, Federal Rule of Civil Procedure 16(b) also applies. *See* Fed. R. Civ. P. 16(b)(4); *see also E. Minerals & Chems. Co. v. Mahan*, 225 F.3d 330, 340 (3d Cir. 2000). Rule 16(b) provides in relevant part that "[a] schedule may be modified only for good cause and with the judge's consent." Fed. R. Civ. P. 16(b)(4). "Good cause is present when the schedule cannot be met despite the moving party's diligence." *Meda Pharm. Inc. v. Teva Pharm. USA, Inc.*, 2016 WL 6693113, at *1 (D. Del. Nov. 14, 2016). The burden rests with the moving party. *Race Tires Am., Inc. v. Hoosier Racing Tire Corp.*, 614 F.3d 57, 84 (3d Cir. 2010).

If a movant meets its burden under Rule 16(b)(4) to show that good cause exists, the court may then consider whether it should grant leave to amend under Rule 15(a)(2). *See Intellectual Ventures I LLC v. Toshiba Corp.*, 2016 WL

3

4690384, at *1 (D. Del. Sept. 7, 2016) ("Only after having found the requisite showing of good cause will the court consider whether the proposed amended pleading meets the standard under Fed. R. Civ. P. 15."). "The Third Circuit has adopted a liberal policy favoring the amendment of pleadings to ensure that claims are decided on the merits rather than on technicalities." *S. Track & Pump, Inc. v. Terex Corp.*, 722 F. Supp. 2d 509, 520 (D. Del. 2010). Absent a showing of undue delay, bad faith or dilatory motive, undue prejudice, repeated failure to cure deficiencies by amendment previously allowed, or futility of the amendment, leave to amend under Rule 15 should generally be permitted. *Id.* at 520–21. Amendment is futile if "the complaint as amended is frivolous, advances a claim that is legally insufficient on its face, or fails to state a claim upon which relief can be granted." *Intell. Ventures I LLC*, 2016 WL 4690384, at *1. The focus of Rules 15 and 16 is entirely different: Rule 15 focuses on "prejudice to the non-moving party," while Rule 16 "hinges on [the] diligence of the movant." *Genentech, Inc. v. Amgen Inc.*, 2020 WL 708113, at *1 (D. Del. Feb. 12, 2020).

## IV. DISCUSSION

The deadline to file amendments to pleadings was June 22, 2024. D.I. 34 at 1. Knapp filed this motion on September 2, 2025—over a year after the deadline. Thus, Knapp cannot amend unless he has established "good cause" for his delay. *See* Fed. R. Civ. P. 16(b)(4); *Mahan*, 225 F.3d at 340.

Turning, then, to the amendments Knapp seeks to make. Knapp first seeks to add a claim for restitution under Delaware law. *See* D.I. 116-1 ¶¶ 274–93. Knapp offers no explanation for why he waited until September 2, 2025 to allege this claim. And Knapp has been on notice that Delaware law controls this case since at least February 6, 2025, when the Middle District Court held that Delaware law "controls here per the choice of law clause." D.I. 81 at 23. Accordingly, Knapp has failed to establish good cause to add a restitution claim under Delaware law.

Knapp next seeks permission to add claims against four defendants, two of which are domestic (VGW Holdings US and VGW US Inc.) and two of which are foreign (VGW Malta Limited and VGW GP Limited). Knapp makes no attempt to justify adding the domestic entities at this late date. Indeed, he does not mention VGW Holdings US or VGW US Inc. in the memorandum he filed in support of his motion. *See generally* D.I. 117. As for the foreign entities, the Middle District Court already dismissed Knapp's claims against them under the *forum non conveniens* doctrine because the applicable forum selection clause designated Malta as the proper venue. D.I. 81 at 27 ¶ 6. Knapp argues that Article 56A of the Malta Gaming Act will prevent him from seeking any relief against VGW Malta Limited and VGW GP Limited and effectively deny him his day in court. D.I. 117 at 5. But Knapp knew about Article 56A long before he sought leave to amend the

5

Complaint. Indeed, as the Middle District Court noted in a decision it issued in March 2025 (five months before Knapp filed the pending motion):

> [Knapp]'s counsel made an identical argument as to Article 56A in December 2024 before another federal court. (Doc. 84 at 8–9). Indeed, in that case from the Southern District of Mississippi, *Saulny v. VGW Holdings Limited et al.*, 3:24-cv-00619-HTW-LGI, [Knapp]'s counsel cited to Article 56A and made a substantially identical argument that Malta courts would not apply Delaware law. (Doc. 85-3 at 27–28).

*Knapp v. VGW Holdings Ltd.*, 2025 WL 881326, at *3 (M.D. Fla. Mar. 12, 2025). Accordingly, Knapp has failed to establish good cause to add VGW Holdings US, VGW US Inc., VGW Malta Limited, and VGW GP Limited as defendants.

Finally, Knapp seeks by his motion to add these allegations:

> [S]ince the filing of this lawsuit nearly 8 additional states have issued "cease and desist" letters to VGW HOLDINGS LIMITED causing it to cease operations in those states and on August 5, 2025, 47 states' attorneys general, through the National Association of Attorneys General requested the United States Department of Justice to investigate and prosecute illegal internet gambling operations such as VGW's websites for violations of the Unlawful Internet Gambling Enforcement Act, 31 U.S.C. §§ 5361-5367. And as recently as August 19, 2025, VGW has publicized that it has entered into a contract with a California Indian tribe in order to attempt to seek protections under the Indian Gaming Regulatory Act, 25 U.S.C. § 2701. *et. seq.*, and avoid additional governmental efforts to eliminate VGW's illegal gambling operations.

D.I. 117 at 6. I was able to find some of these allegations in Knapp's proposed 116-page Second Amended Complaint. (It was difficult to do so because Knapp

violated Local Rule 15.1(b), as his proposed amended pleading did not "indicate in what respect it differs from the pleading which it amends, by bracketing or striking through materials to be deleted and underlining materials to be added." Del. L. R. 15.1(b).) It appears that some of the allegations in question concern events that occurred after Knapp filed the Complaint. *See, e.g.*, D.I. 116-1 ¶ 169 (alleging that "[a]s of June 17, 2025, the state of Mississippi issued a cease-and-desist order to VGW to dismantle its operations in Mississippi by June 30, 2025, and refund all monies to Mississippi citizens who had played games on VGW's websites"); D.I. 116-1 ¶ 170 (alleging that "[a]s recently as August 5, 2025" forty-seven states' attorneys general signed and sent a letter to the United States Attorney General and the Department of Justice requesting that they "address the rampant spread of illegal offshore gaming operations across the United States" and "prioritize enforcement against illegal offshore gaming operations"). Thus, it may be the case that Knapp could demonstrate good cause to add these allegations as of September 2025.

But even if that were the case, Knapp has not offered a reason that would require the addition of these allegations to the Complaint. Knapp says that:

> [t]hese [allegations] show that the issues raised in the proposed Second Amended Complaint are timely and important for the Court to assess VGW's and [Fidelity's] operations and to determine whether they are illegal gambling operations under Florida or Delaware law, especially since VGW's new model of partnering with

7

> Indian tribes might be attempted by at least 914 other known internet gambling websites that are estimated to operate in the United States.

D.I. 117 at 6–7. But he offers no elaboration of this statement and no explanation as to why these allegations are necessary to plausibly allege any of the five counts in the Complaint. And since Defendants have not argued in their pending motions to dismiss that the Complaint should be dismissed because any of the alleged claims are untimely or unimportant, *see generally* D.I. 101; D.I. 103, the addition of these allegations would serve no purpose and thus be futile.

* * * *

NOW THEREFORE, at Wilmington on this Fourth Day of March in 2026, it is HEREBY ORDERED that Plaintiff's Motion to Amend to Allow Second Amend Complaint (D.I. 116) is DENIED.

_____
CHIEF JUDGE