IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

ERIC A. KNAPP,

        Plaintiff,

v.

VGW HOLDINGS LIMITED,
VGW LUCKYLAND, INC.,
FIDELITY NATIONAL
INFORMATION SERVICES,
INC., and WORLDPAY, LLC,

        Defendants.

Civil Action No. 25-147-CFC

---

Donald L. Gouge, Jr., DONALD L. GOUGE, JR., LLC, Wilmington, Delaware

    *Counsel for Plaintiff*

Jamie Lynne Brown and Gillian Lorraine Andrews, HEYMAN ENERIO GATTUSO & HIRZEL LLP, Wilmington, Delaware; Ian M. Ross, SIDLEY AUSTIN LLP, Miami, Florida

    *Counsel for Defendants Fidelity National Information Services, Inc. and Worldpay, LLC*

**MEMORANDUM OPINION**

March 12, 2026
Wilmington, Delaware

_____
COLM F. CONNOLLY
CHIEF JUDGE

Pending before me is a motion filed by Defendants Fidelity National Information Services, Inc. (Fidelity) and Worldpay, LLC (collectively, Moving Defendants) pursuant to Federal Rules of Civil Procedure 9(b) and 12(b)(6) to dismiss the operative Amended Complaint for failure to state a claim. D.I. 103.

I.

The five-count Amended Complaint filed by Plaintiff Eric A. Knapp alleges claims under Florida law. D.I. 58 ¶¶ 97–164. Counts I, II, III, and V are Florida statutory claims and Count IV is a civil conspiracy claim predicated on violations of Florida statutory and tort law. According to the Amended Complaint, Defendants VGW Holdings Limited and VGW Luckyland, Inc. (collectively, VGW) "actively operate and market internet gambling websites within the State of Florida and Seminole County, which websites and operations are unpermitted and illegal under Florida law." D.I. 58 ¶ 3. The Amended Complaint further alleges that between "November 17, 2023, and November 29, 2023, [Knapp] registered and entered into [VGW's] internet casino websites," D.I. 58 ¶ 12; that Knapp agreed to "the Terms of Service contained in VGW's websites," D.I. 58 ¶ 13; that "as is specified in clause 4 [of the Terms of Service] [Knapp] recognize[d] that [he was] being granted a license to play on [VGW's] site," D.I. 58 at 79; and that in a

November 30, 2023 email to VGW Knapp stated that he was "'opt[ing] out' of any obligations to participate in arbitration or alternate dispute resolution" contained in clause 23 of the Terms of Service, D.I. 58 ¶ 13; D.I. 58 at 79. Clause 23.3 of the Terms of Service provides that a party to the Terms of Service "may decline th[e] agreement to arbitrate [in the Terms of Service] by contacting [VGW] within 30 days of first accepting these Terms of Service and stating that [the party] . . . decline[s] this arbitration agreement." D.I. 61-1 at 23 § 23.3.

Knapp originally brought this case in Florida state court. His original complaint alleged claims against VGW, Fidelity, and two foreign affiliates of VGW. *See* D.I. 1-2 at 1. Defendants removed the case to the United States District Court for the Middle District of Florida. D.I. 1. The case was assigned to Judge Mendoza. In August 2025, Knapp filed the Amended Complaint, adding Worldpay as a defendant. D.I. 58 at 1.

Defendants moved to transfer the case to this Court pursuant to the forum selection provision set forth in clause 24.7 of the Terms of Service. That clause reads:

> Subject to clause 23, the parties agree that any dispute, controversy or claim arising out of or in connection with these Terms of Service, or the breach, termination or invalidity of these Terms of Service, will be submitted exclusively to the courts in the State of Delaware in the United States, and you and we consent to the venue and personal jurisdiction of those courts. Notwithstanding the foregoing, the parties agree that either party may move to

2

>> compel arbitration or to enforce an arbitral award issued hereunder before any court of competent jurisdiction.

D.I. 61-1 at 25 § 24.7.

In opposing the motions to transfer, Knapp argued among other things that the forum selection clause in the Terms of Service was invalid and that it was not enforceable because it was part of a contract that "involv[ed] illegal gambling" and was therefore "void" under public policy and Florida law. D.I. 33 at 5.

Judge Mendoza rejected both these arguments and transferred the case to this Court on February 7, 2025. D.I. 81. Moving Defendants filed the pending motion in June 2025. The motion is fully briefed.

II.

Rule 12(b)(6) allows a party to assert by motion the defense of "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). When considering a motion under Rule 12(b)(6), the court must accept as true all factual allegations in the complaint and view them in the light most favorable to the plaintiff. *Umland v. Planco Fin.*, 542 F.3d 59, 64 (3d Cir. 2008). The court may consider only the allegations in the complaint, the documents incorporated into the complaint by reference, and matters of which the court may take judicial notice. *Tellabs, Inc. v. Makor Issues & Rts., Ltd.*, 551 U.S. 308, 322 (2007).

Rule 9(b) provides in relevant part that "[i]n alleging fraud or mistake, a party must state with particularity the circumstances constituting fraud or mistake."

3

To satisfy this heightened pleading standard, the complaint must allege the "who, what, when, where and how of the events at issue." *In re Rockefeller Ctr. Props., Inc. Sec. Litig.*, 311 F.3d 198, 217 (3d Cir. 2002).

A.

Moving Defendants argue that "[b]ecause [Knapp] agreed to Delaware law in the Terms [of Service], to which Moving Defendants are intended third-party beneficiaries, Delaware law applies to Plaintiff's claims," and that "[a]ccordingly, [Knapp]'s Florida statutory claims (Counts I, II, III, and V) should be dismissed." D.I. 102 at 2. Moving Defendants are not signatories to the Terms of Service, but they argue, and Knapp does not dispute, that they may enforce the Terms of Service as third-party beneficiaries. D.I. 102 at 4–5; *see generally* D.I. 108. I understand Moving Defendants' argument to be—and I agree—that under the choice-of-law provision in the Terms of Service, Knapp is only entitled to relief for claims brought under Delaware law, and that therefore, as a matter of law, Knapp's statutory claims under Florida law are not claims upon which relief can be granted to him. Clause 24.14 of the Terms of Service expressly provides that "[t]hese Terms of Service, your use of [VGW's] Platform and our entire relationship will be governed and interpreted in accordance with the laws of the State of Delaware in the United States, without regard for its choice of conflict of law principles." D.I. 61-1 at 25 § 24.14. Thus, under the plain terms of the Terms of Service,

4

Knapp is entitled to relief for claims arising out of his use of VGW's platform and his relationship with Moving Defendants only if those claims are brought under Delaware law. Accordingly, because Knapp's statutory claims are brought under Florida law, relief is barred by the Terms of Service and the dismissal of Counts I, II, III, and V is warranted under Rule 12(b)(6) for failure to state a claim. *See Williams v. GlaxoSmithKline LLC,* 2019 WL 211087, at *4 (D.S.C. Jan. 16, 2019) ("[I]f a federal court is applying state law, and state law bars a plaintiff's claim, dismissal is warranted as a matter of law under Rule 12(b)(6)."); *cf. Jones v. Bock,* 549 U.S. 199, 215 (2007) ("If the allegations [of the complaint], for example, show that relief is barred by the applicable statute of limitations, the complaint is subject to dismissal for failure to state a claim . . . .").

Knapp responds with two arguments: First, that the Terms of Service is a contract based on illegal gambling and is therefore *void ab initio*, D.I. 108 at 4; and second, that "Delaware recognizes that the application of Delaware law over Florida law in this case is not appropriate due to Florida's longstanding public policy regarding agreements based in whole or in part on illegal gambling," D.I. 108 at 5.

Judge Mendoza already rejected the first argument. D.I. 81 at 19. His ruling is the law of the case. *See Hayman Cash Reg. Co. v. Sarokin,* 669 F.2d 162, 164 (3d Cir. 1982) (holding that law of the case doctrine prohibited the transferee

district court from ruling that venue did not properly lie in the transferee district when the transferor district court had already determined for purposes of 28 U.S.C. § 1406 that venue did lie in the transferee district). As the court noted in *Hayman Cash*, applying the law of the case doctrine here is especially appropriate:

> Adherence to law of the case principles is even more important in th[e] context where the transferor judge and the transferee judge are not members of the same court. Here, the principles of comity among courts of the same level of the federal system provide a further reason why the transferee court should not independently re-examine an issue already decided by a court of equal authority.

*Id.* at 169. Knapp has not pointed to any exception to the law of the case that would apply here. *See generally id.* at 169–70 (discussing "exceptions to the doctrine of law of the case [that] permit reconsideration of an issue previously decided in the same case"). Accordingly, Knapp's first argument fails.

Knapp's second argument also falls short. As an initial matter, Knapp does not cite, and I am not aware of, any case where a Delaware court (or any court for that matter) held that "the application of Delaware law over Florida law . . . is not appropriate due to Florida's longstanding public policy regarding agreements based in whole or in part on illegal gambling." D.I. 108 at 5. (Because the case was transferred to this Court pursuant to a forum selection clause, Delaware's choice-of-law rules apply here. *Atl. Marine Const. Co. v. U.S. Dist. Ct. for W. Dist. of Texas*, 571 U.S. 49, 65 (2013).)

6

Knapp argues that Delaware follows section 187(2) of the Restatement (Second) of Conflicts of Laws to determine the enforceability of a choice-of-law provision, D.I. 108 at 6, and that "[b]oth criteria" of section 187(2)(b) "are met in this case since it should be clear from the Amended Complaint that Florida has an overriding interest in prohibiting and deterring illegal gambling operations, like those promoted by VGW," D.I. 108 at 6. Section 187(2) provides:

> The law of the state chosen by the parties to govern their contractual rights and duties will be applied . . . unless either
>
> > (a) the chosen state has no substantial relationship to the parties or the transaction and there is no other reasonable basis for the parties' choice, or
> >
> > (b) application of the law of the chosen state would be contrary to a fundamental policy of a state which has a materially greater interest than the chosen state in the determination of the particular issue and which . . . would be the state of the applicable law in the absence of an effective choice of law by the parties.

Restatement (Second) of Conflict of Laws § 187(2) (A.L.I. 1988). I understand Knapp's assertion that the two "criteria" of section 187(2)(b) are met here to mean that in his view: (1) Florida has a materially greater interest than Delaware in determining whether VGW in engaged in an illegal gambling operation, and (2) application of Delaware law would be contrary to Florida's fundamental policy against illegal gambling. (Knapp assumes, and I am willing to accept for the

7

purposes of deciding the pending motion, that Florida law would apply here "in the absence of an effective choice of law by the parties.")

It is Knapp's burden to prove that these criteria are satisfied. *See Sycamore Partners Mgmt., L.P. v Endurance Am. Ins. Co.*, 2021 WL 761639, at *1 (Del. Super. Ct. Feb. 26, 2021). He has not met that burden. First, although it may be the case that Florida has a greater interest than Delaware does in protecting the rights of Knapp, a Florida citizen, and the rights of the other individuals who fall within the class he proposes to represent, Delaware has a greater interest than Florida does in protecting the rights of VGW Luckyland, a company incorporated in Delaware. Florida, therefore, does not have a "materially greater interest" than Delaware in this matter. *See Johnson v. Ace Cash Express, Inc.*, 2014 WL 3721947, at *5 (D. Del. July 24, 2014) ("Although Delaware has an interest in protecting its consumers, Texas has no lesser interest in protecting businesses located there."). Second, like Florida, *see* Fla. Stat. § 849.46, Delaware prohibits unlicensed gambling, *see* Del. Const. Art. II § 17 (prohibiting gambling in most forms); 11 Del C. §§ 1401–32 (identifying "Offenses Involving Gambling"); §§ 1470–74 (identifying "Offenses Involving Video Lottery Machines"). Thus, application of Delaware law is not contrary to Florida's interest in prohibiting and deterring illegal gambling operations. Accordingly, Knapp is not entitled to relief on his Florida statutory claims.

B.

Moving Defendants argue that the civil conspiracy claim in Count IV of the Amended Complaint should be dismissed for failure to plead the conspiracy with particularity as required Rule 9(b). *See* D.I. 58 ¶¶ 143–155. Knapp does not dispute that Rule 9(b)'s heightened pleading standard applies to his civil conspiracy claim. D.I. 102 at 7–8; *see generally* D.I. 108. And I agree with Moving Defendants that Count IV does not satisfy Rule 9(b).

Knapp's civil conspiracy claim is predicated on Moving Defendants' "knowledge" of VGW's "misleading advertising and acts of fraud." D.I. 58 ¶¶ 148, 151. The Amended Complaint alleges that "VGW and [Moving Defendants] together in concert conspired to cause [Knapp] and the Class to utilize VGW's website to commit illegal or unlawful acts of gambling and bookmaking as part of a scheme to deprive [Knapp]'s and the Class's money," D.I. 58 ¶ 144; that Moving Defendants "had knowledge that VGW was offering for sale and profit services and items . . . to be used on VGW's internet gambling websites," D.I. 58 ¶ 151; that Moving Defendants "knew, or through the exercise of reasonable care or investigation could or might have ascertained, that VGW's advertisements and representations were untrue or misleading," D.I. 58 ¶ 152; and that "[d]espite knowledge of VGW's misleading advertising, fraudulent acts, and violations of Chapter 849 of the Florida statutes, [Moving Defendants] actively worked in

9

concert with VGW to obtain money from [Knapp and] process payments of that money, and distribute money in the way of gambling winnings and losses to VGW," D.I. 58 ¶ 153.

But the Amended Complaint alleges no facts that plausibly imply that an individual employed by Moving Defendants had knowledge that VGW was engaged in illegal gambling or acted wrongfully. Nor does the Amended Complaint allege any facts that plausibly imply when or how anyone associated with Moving Defendants would have or could have known that VGW was engaged in illegal gambling or wrongful acts.

## III.

In sum, Knapp is entitled to relief only for claims under Delaware law, so Moving Defendants are entitled to dismissal of the Florida statutory claims. And because Knapp has not sufficiently pled Moving Defendants' knowledge of VGW's alleged fraud, he is also not entitled to relief on his civil conspiracy claim.[1]

The Court will enter an Order consistent with this Memorandum Opinion.

---

[1] Moving Defendants also argue that the voluntary payment doctrine barred recovery of damages and that in the event Florida law applied, the statutory claims in the Amended Complaint should be dismissed for failure to state a cognizable claim under Florida law. I need not and do not address those arguments.